PENACHIO MALARA, LLP
Counsel for the Debtor
245 Main Street Suite 450
White Plains, NY 10601
(914) 946-2889
Anne J. Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re

     PEGGY NESTOR,                              CHAPTER 11

                     Debtor.                      CASE NO.: 23-10627-mew
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**THE DEBTOR'S APPLICATION PURSUANT TO SECTIONS 105(a), 363(b), (f) AND (m) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006 FOR AN ORDER (I) APPROVING SALE PROCEDURES FOR THE DEBTOR'S SALE OF PROPERTY LOCATED AT 15 EAST 63RD STREET, NEW YORK, NEW YORK 10065 FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (II) SCHEDULING AUCTION AND A SALE HEARING; ( III) GRANTING THE SUCCESSFUL BIDDER GOOD FAITH STATUS; AND (IV) GRANTING SUCH OTHER RELIEF AS IS APPROPRIATE**

TO:    THE HONORABLE MICHAEL E. WILES
         UNITED STATES BANKRUPTCY JUDGE

       **PEGGY NESTOR,** as debtor and debtor in possession (the "Debtor"), through her counsel, **PENACHIO MALARA, LLP,** submits this motion (the "Motion") pursuant to Sections 105, 363(b), (f) and (m) and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9007 for an order (i) approving sale procedures (the "Sales Procedures") in connection with the marketing and sale  (the "Sale") of residential real property located at 15 East 63rd Street, New York, New York 10065  (the "Property") free and clear of all liens, claims, encumbrances and other interests; (ii) scheduling auction and a sale hearing; (iii) granting the successful bidder good faith status; and (iv) granting such other and further relief as is appropriate.

1

The Debtor reserves the right to file additional documents and present such further information or evidence to the Court as may be appropriate in support of the relief requested in the Motion. In further support of this Motion, the Debtor, by and through her undersigned counsel, respectfully states:

**I.    CASE BACKGROUND**

1. On April 25, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2. Since the filing, the Debtor has continued in the management of her property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No official committee of unsecured creditors or other statutory committee and no examiner has been appointed in this case.

3. The last day to file claims for non-government entities was July 11, 2023 (Dkt. No. 25).

4. The Debtor's primary asset is her interest in the Property, a townhouse erected during the Gilded Age. The Property has been described as one of the few remaining private residences of that era. It was designed by John Duncan, a well-known architect. It has features that appeal to upscale buyers such as a premier location which is both private yet accessible to Fifth Avenue. It has high ceilings, limestone finish, and 14 fireplaces. Unlike other residences, its original grandeur has been maintained. It has been appraised at $55 million. The Debtor believes that is worth substantially more.

5. In the context of this Chapter 11 proceeding, the Debtor's goal is to propose a viable Chapter 11 plan predicated on the refinancing of debt or the sale of the Property. In furtherance of the latter goal, the Debtor interviewed auctioneers and brokers. After careful consideration, the Debtor ultimately chose to proceed with a marketing plan through Sotheby's International Realty by Louise Beit, Senior Global Real Estate Advisor and Associate Broker

("Sotheby's"). The Debtor's application to retain Sotheby's is pending. A limited objection was filed by the mortgage holder on the Property, Lynx Asset Services, LLC ("Lynx").

6. Title to the Property is held by the Debtor and her sister, Marianne Nestor, as tenants in common. The Debtor maintains that she owns the entire Property and has commenced an adversary proceeding for a declaration that she owns 100% of the Property.

7. The Property is encumbered by a first mortgage held by Lynx with a balance of approximately $19, 267266.90 due. Lynx filed Proof of Claim numbered 10 in the Debtor's case. It is also encumbered by a mortgage held by Emigrant Bank ("Emigrant") with a balance of approximately $3,559,407.76 due. Emigrant filed Proof of Claim numbered 5 in the Debtor's case. Prime Plus, LLC ("Prime Plus") filed also filed claims 8 and 9 representing two junior liens held on the Property.

8. The Debtor and Lynx, through their respective counsel, have conferred with counsel for other interested parties with respect to sales procedures. Ultimately, the parties agreed to same. The Sales Procedures are the product of negotiations.

9. It should be noted that the Debtor filed a plan of reorganization with this Court. The plan is to be funded with the proceeds of either a refinancing of debt or a sale of the Property. Although the Debtor's preference is to re-finance, she is pursuing a sale of the Property as refinancing has presented challenges that are difficult to overcome. The Debtor intends to incorporate the sale into the plan which would enable her estate to be exempt from transfer.

II. **PROPOSED SALES PROCEDURES/TERMS OF SALE**

10. In order to ensure that the highest and best price is received for the Property, in consultation with her creditors, the Debtor has established the proposed Sales Procedures to govern the sales process. Sotheby's provided the undersigned with standard procedures that have been utilized in other cases. A copy of the proposed Sales Procedures are annexed hereto as Exhibit A.

3

11. It is submitted that the Sales Procedures are fair and reasonable and designed to promote fairness and to maximize the purchase price.

12. The Sales Procedures are fairly standard. They contain the following basic provisions:

    A.    The listing price is $65 million (Sales Procedures at p. 1);

    B.    The Debor shall share monthly marketing reports with interested Parties ( Sales Procedures at p. 1);

    C.    The marketing period shall terminate on June 30, 2024 (Sales Procedures at p. 1);

    D.    In order to be a qualified bidder, bids must be received no later than July 1, 2024 (Sales Procedures at p. 1);

    E.    Prospective bidders must deposit 10% of their bid in immediately available funds. (Sales Procedures at p. 2 Art. I (vii));

    F.    At any time, subject to the consent of interested parties, the Debtor may select a "stalking horse" bidder which may include a break-up fee of 1% (Art. II, p. 5);

    G.    The sale is "as is" and not subject to any conditions Sales Procedures at p. 4 Art. I, b (xi)); and

    H.    The sale is subject to review and confirmation by the Bankruptcy Court (Sales Procedures at p. 7; Art. IV (a).

### III. BASIS FOR RELIEF

**A.   The Proposed Sales Procedures Are Adequate and Should Be Approved**

13. In determining whether sales procedures governing the sale of a debtor's assets are adequate, Court have consistently deferred to the debtor's business judgment for their specific

4

industry. See, *In re Integrated Resources, Inc.*, 147 B.R. 650, 656-57 (Bankr. S.D.N.Y. 1992) (Court held that where overbid procedures are negotiated by the chapter 11 debtor, the business judgment rule applies and said procedures are "presumptively valid.").

14. Furthermore, the purpose of sales procedures is to solicit the highest and best bid, which would in turn best benefit the creditors. *In re Financial News Network Inc.*, 980 F.2d 165 (2nd. Cir., 1992)( Bankruptcy court's principal responsibility relating to bidding procedures that govern sale is to secure best possible bid for benefit of creditors.)

15. Thus, courts deem appropriate those sales procedures intended to maximize the value of the debtor's estate. See, e.g., *Financial News*, 980 F.2d at 170-71 (Bankruptcy Court allowed bidder to supplement one of two bids for Chapter 11 debtor's assets after bidding was closed since the revision was consistent with both rules by which particular auction was being conducted and reasonable expectations of bidders.); *Integrated Resources*, 147B.R. at 656-57.

16. The Debtor believes that the Sales Procedures proposed will procure serious parties interested in acquiring the Property and will result in realizing the full value of the Property. The Sales Procedures are designed to facilitate a competitive bidding process in an expeditious manner. The Sales Procedures will allow the Debtor to conduct the Auction in an open fashion that will encourage participation from those bidders that demonstrate they are financially capable to consummate the transaction. The Court will maintain supervision over the sale process.

17. The Debtor believes, in her business judgment, that the Sales Procedures are adequate and will result in maximizing the value of the Property and are therefore appropriate under the relevant standards governing auction proceedings.

B.    **The Proposed Form and Manner of Notice of Sale is Adequate**

18. The Debtor will serve notice of the instant Motion upon all creditors, the US Trustee, and all other interested parties.

19. Bankruptcy Rule 2002(a) and (c) further requires the Debtor to notify creditors of the

5

proposed sale of the Property, including the date, time and place of the Auction, terms of the Sale, and the deadline for filing any objections.

20. The Debtor proposes to comply with these requirements by serving via first class mail within three (3) business days of entry of the Sale Procedures Order copies of: (i) Sale Procedures Order, and (ii) Sales Procedures, upon (i) the Office of the U.S. Trustee, (ii) all taxing authorities, (iii) mortgage holders and their respective officers and counsel, (iv) Parties filing Notices of Appearance, (v) Marianne Nestor and (vi) all creditors who have filed claims or which the Debtor has listed as unliquidated, non-contingent and undisputed.

21. In addition, within seven (7) days of the entry of the Sale Procedures Order, the Debtor will circulate notices to known area real estate brokers and developers and those who have already expressed an interest in the Property. The Debtor believes will further promote the marketing and sale.

22. Sotheby's will extensively advertise and promote the Property including posting signs, sending out e-mail blasts to known real estate investors and listing it on its website.

23. The Debtor submits that the foregoing notice fully complies with the Requirements set forth in Bankruptcy Rule 2002. Based upon the foregoing, the Debtor respectfully requests that the Court approve the form and manner of the notice proposed above.

C. **Approval of the Sale of the Property at Auction is Appropriate And in the Best Interests of the Debtor's Estate and Creditors**

24. Bankruptcy Code section 363(b) governs transactions outside the ordinary course of business involving property of the debtor's estate. Specifically, that section provides, in relevant part, that, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate...." 11 U.S.C. § 363(b).

25. The Debtor's sale or use of property of the estate outside the ordinary course of business should be approved by the Court if the Debtor can demonstrate a sound business

6

justification for the proposed transaction. See *In re Chrysler LLC*, 576 F.3d 108, 117-18 (2d Cir. 2009), citing *In re Iridium Operating LLC,* 478 F.3d 452,466 (2d Cir. 2007) ("In this Circuit, the sale of an asset of the estate under§ 363(b) is permissible if the Judge determining [the] § 363(b) application expressly find[s] from the evidence presented before [him or her] at the hearing [that there is] a good business reason to grant such an application."' (citing *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 772 F.2d 1063, 1071 (2d Cir. 1983); *In re Gen. Motors Corp.*, 407 B.R. 463,491 (Ban1cr. S.D.N.Y. 2009).

26. In addition, Bankruptcy Code section 105(a) grants the Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). This provision is "the basis for a broad exercise of power [by the Court] in the administration of a bankruptcy case." In re Flores, 291 B.R. 44, 54 (Bankr. S.D.N.Y. 2003) (quoting 2 COLLIER ON BANKRUPTCY, §105 at 105-5, 15th ed. rev. rel. 2000)).

27. The Debtor submits that, given the strong market for residential property, an auction sale will generate the highest and best sale price. An auction offers the greatest benefit to the Debtor and her creditors and is an exercise of her sound business judgment.

**D.  The Property Should be Sold Free and Clear of Liens,
     Claims, Encumbrances and Other Interests**

28. Pursuant to Section 363(f) of the Bankruptcy Code, a trustee or debtor in possession may sell property under Section 363(b) of the Bankruptcy Code free and clear of liens, claims and encumbrances if one of the following conditions is satisfied:

(i) applicable non-bankruptcy law permits the sale of the property free and clear of such interest;

(ii) the entity holding the lien, claim or encumbrance consents to the sale;

(iii) the interest is a lien and the price at which such property is to be sold is greater

7

than the aggregate value of all liens on the property;

    (iv)    the interest is in bona fide dispute; or

    (v)    the entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest. 11 U.S.C. § 363(f). See *In re Smart World Tech., LLC*, 423 F.3d 166, 169 n. 3 (2d Cir. 2005) (Section 363 permits sales of assets free and clear of claims and interests. It thus allows purchasers ... to acquire assets [from a debtor] without any accompanying liabilities."); *In re Dundee Equity Corp.*, No. 89-B-10233, 1992 WL 53743, at *3 (Banlr. S.D.N.Y. Mar. 6, 1992) ("Section 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met").

29.    Pursuant to the Bid Procedures, the Debtor requests that the Court authorize the Sale of the Property free and clear of all liens, claims, encumbrances, and other interests (collectively, "Liens") with such Liens to attach to the proceeds.

30.    The Sale of the Property will satisfy section 363(f) because, as described below, any entities holding Liens on the Property will have received notice of this Motion. The Debtor believes that the sale price at auction will exceed the mortgage Liens which totals approximately $25 million. The balance, after reasonable costs and fees approved by the Court and payments to holders of valid mortgage Liens (i.e. Lynx and Emigrant and Prime Plus), will be held pending further review.

31.    To the extent there are valid Liens -- the purchase price will exceed the value of all liens against the Property as limited by 11 U.S.C. § 506(a). See e.g., *In re Boston Generating, LLC*, 440 B.R. 330,332 (Bankr. S.D.N.Y. 2010) which holds that the "value" of a lien is to be determined by reference to section 506(a) — that is, it is the amount by which the lienholder's claim is actually secured. See *Beker*, 63 B.R. at 475; see also *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 372 (1988) ("The phrase `value of such creditor's interest' in § 506(a) means `the value of the collateral.'" (citations omitted)).

8

32. Section 363(f)(2) is satisfied as to those parties that consent or do not object to the sale. All parties in interest will be given sufficient opportunity to object to the relief requested by the Debtor in this Motion, and any such entity that does not object to the Sale should be deemed to have waived any such objection. See *Futuresource LLC v. Reuters Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002) ("It is true that the Bankruptcy Code limits the conditions under which an interest can be extinguished by a bankruptcy sale, but one of those conditions is the consent of the interest holder, and lack of objection (provided of course there is notice) counts as consent. It could not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a formal consent before they could be sold.") (internal citations omitted); *Hargrave v. Township of Pemberton (In re Tabone, Inc.),* 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens, claims and encumbrances satisfies section 363(f)(2)); *Citicorp Homeowners Serv., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (same). Courts in this district have applied the same principle. See also *In re GSC, Inc.*, 453 B.R. 132, 183 (Bankr. S.D.N.Y. 2011) (order deeming all parties who did not object to proposed sale to have consented under section 363(f)(2)); *In re Borders Group, Inc.*, 453 B.R. 459,484 (Bankr. S.D.N.Y. 2011) (failure to object to free and clear sale satisfies section 363(f)(2)); *In re Enron Corp.*, 2004 WL 5361245 at *2 (Bankr. S.D.N.Y. 2004); *In re Enron Corp.*, 2003 WL 21755006 at *2 (AJG) (Bankr. S.D.N.Y. 2003) (order deeming all parties who did not object to the proposed sale to have consented under Section 363(f)(2)).

33. Section 363(f)(3) is satisfied. A sale can be made free and clear of any liens pursuant to section 363(f)(3) so long as the purchase price exceeds "the aggregate value of all liens on such property." In this case, Section 363(f)(3) will be satisfied because the Property is to be sold for its value as limited by 11 U.S.C. § 506(c).

34.  Section 363(f)(5) is also satisfied in that (i) any entity holding a Lien on the Property could be compelled to accept a monetary satisfaction of its Lien, and (ii) the Debtor proposes that any Lien on the Property shall attach to the net proceeds of the sale of the Property, subject to any claims and defenses the Debtor may possess with respect thereto, in the priority they had before the Sale (except as otherwise set forth herein). Additionally, as this Court has recognized, Section 363(f)(5) does not require that such lien holders receive full payment of their underlying debt. See e.g., *In re Boston Generating, LLC*, 440 B.R. 330, 332 (Bankr. S.D.N.Y. 2010). As such, the sale of the Property free and clear of all Liens satisfies section 363(f)(5) of the Bankruptcy Code.

E.   **THE BUYER SHOULD BE AFFORDED ALL PROTECTIONS UNDER SECTION 363(M) AS A GOOD FAITH PURCHASER**

35.  The Debtor intends to seek confirmation of the Sale following the auction and to consummate the sale through a plan. Notwithstanding, the Debtor seeks protections set forth in Section 363. Specifically, Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from the debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal. Specifically, Section 363(m) states that: The reversal or modification on appeal of an authorization under [section 363(b)] ... does not affect the validity of a sale ... to an entity that purchased ... such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale...were stayed pending appeal. 11 U.S.C. § 363(m). See *Allstate Ins. Co. v. Hughes*, 174 B.R. 884, 888 (S.D.N.Y. 1994) ("Section 363(m) ... provides that good faith transfers of property will not be affected by the reversal or modification on appeal of an unstayed order, whether or not the transferee knew of the pendency of the appeal[.]"); *In re Stein & Day, Inc.*, 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("[P]ursuant to 11 U.S.C. § 363(m), good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal[.]").

36.     The Second Circuit has indicated that a party would have to show fraud or collusion between a buyer and the debtor in possession or trustee in order to demonstrate a lack of good faith. See *Kabro Assocs. of West Islip, LLC, v. Colony Hill Assocs. (In re Colony Hill Assocs. )*, 111 F.3d 269,276, (2d Cir. 1997) ("Typically, the misconduct that would destroy a [purchaser's] good faith status at a judicial sale involves fraud, collusion between the [buyer] and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders[.]"); see also *In re Angelika Films 57th, Inc.*, Nos. 97 Civ. 2239 (MBM), 97 Civ. 2241 (MBM), 1997 WL 283412, at *7 (S.D.N.Y. 1997); *In re Bakalis*, 220 B.R. 525, 537 (Bankr. E.D.N.Y. 1998).

37.     Here, the Debtor has presumptively satisfied the requirements of Section 363(m). The Bidding Procedures are designed to promote fair bidding. The Debtor submits that the successful bidder at auction will be a "good-faith" purchaser within the meaning of section 363(m) of the Bankruptcy Code and should be entitled to its protection. Accordingly, the Debtor requests that the Court make a finding that the successful bidder is entitled to the protections of section 363(m) of the Bankruptcy Code.

### VIII.  NOTICE

38.     Bankruptcy Rule 6004(c) requires that a motion pursuant to section 363(f) of the Bankruptcy Code for authority to sell property free and clear of liens or other interests "shall be served on the parties who have liens or other interests in the property to be sold." Fed. R. BanK. P. 6004(c).

39.     As noted above, notice of this Motion will be provided by first-class mail to (i) the U.S. Trustee; (ii) counsel and officers of the mortgage holders; (iii) all creditors who have filed claims or are listed on the Debtor's schedules; (iv) any parties having filed a notice of appearance in this Chapter 11 Case; (v) Marianne Nestor; and (vi) any applicable taxing authorities.

40. The Debtor respectfully submits that such notice is sufficient and that no additional or further notice is required.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order[1] granting the relief requested herein, and such other and further relief as may be just and proper.

Dated: White Plains, New York
November 14, 2023

PENACHIO MALARA, LLP

/s/ Anne J. Penachio
Anne J. Penachio, Esq.
Counsel for the Debtor
245 Main Street - Suite 450
White Plains, New York 10601
T: (914) 946-2889

---

[1] Prior to the hearing, the Debtor will circulate a proposed order.