PENACHIO MALARA, LLP
Counsel for the Debtor
245 Main Street Suite 450
White Plains, NY 10601
(914) 946-2889
Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

PEGGY NESTOR,

                                    CASE NO.:  23-10627 (MEW)
                Debtor.
-----------------------------------------------------------------X

**ORDER APPROVING (I) SALE PROCEDURES FOR THE SALE OF THE TOWNHOUSE LOCATED AT 15 EAST 63rd STREET, NEW YORK, NEW YORK FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; WITH SUCH INTERESTS ATTACHING TO THE PROCEEDS OF SALE (II) APPROVING THE MANNER AND EXTENT OF NOTICE AND PROCEDURES FOR SUBMITTING OFFERS; (IV)  SCHEDULING THE AUCTION; (V) SCHEDULING A HEARING CONFIRMING THE RESULTS OF THE SALE PROCESS**

        **UPON** the application dated and filed as Dkt. No. 74  (collectively, the "Motion") of **PEGGY NESTOR.,** as debtor and debtor in possession (the "Debtor"), through her counsel, **PENACHIO MALARA, LLP**, pursuant to Sections 105, 363(b), (f) and (m)  of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9007 for an order (i) approving sales procedures (the "Sale Procedures") for the sale (the "Sale") of the Debtor's townhouse located at 15 East 63rd Street, New York, New York  (the "Property") free and clear of all liens, claims, encumbrances and other interests with such liens, claims and encumbrances attaching to the proceeds, (ii) approving the manner and extent of notice and procedures for submitting offers; (ii) scheduling a hearing to confirm the results of the sale process (the "Sale Hearing"); and it appearing that notice of the hearing on the Sale Procedures (the "Sale Procedures Motion") was duly served on interested parties in accordance with applicable rules; and it further appearing that a limited

1

objection to the relief sought in the Sale Procedures Motion was interposed by Lynx Asset Services, LLC ("Lynx") (Dkt. No. 75); and it further appearing that a hearing on the merits of the Sale Procedures Motion was held before the Court; and it further appearing that Rosalia Baiamonte, Esq., as the Court-Appointed Receiver for Oleg Cassini, Inc. and Cassini Parfums, Ltd., the Public Administrator of Nassau County, as Administrator Cta of the Estate of Oleg Cassini and John J. Barnosky, Esq. and Alexandre Cassini, as Executors of the Estate of Christina Cassini and as Successor Administrators of the Estate Of Daria Cassini as Alleged Creditors of Marianne Nestor (collectively, the "Interested Parties"), by and through their respective counsel, were in attendance at such hearing; and good cause appearing for the entry of this Order; it is hereby

FOUND AND DETERMINED AS FOLLOWS:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(a).

B. This is a core proceeding to 28 U.S.C. § 1334 and § 157(b)(2)(A), (N) and (O).

C. The statutory predicates for relief are sections 105 and 363 of the Bankruptcy Code and bankruptcy Rules 2002, 6004 and 9007.

D. Good and sufficient notice of the relief sought in the Sale Procedures Motion has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Sale Procedures Motion has been afforded to all interested persons and entities including, but not limited to:
(i) the Office of the United States Trustee; (ii) all parties that have filed a notice of appearance and demand for service of papers in this bankruptcy case under Bankruptcy Rule 2002; (iv) all creditors; (v) Marianne Nestor and (vi) the taxing authorities.

E. The Debtor has articulated good and sufficient reasons for approving (i) the Sale Procedures, and (ii) the form and manner of notice of the Motion as it relates to the Sale

and the Sale Hearing (the "Sale Motion").

  F.  The Debtor has articulated good and sufficient reasons for scheduling the Sale Hearing.

  G.  The Sale Procedures were proposed in good faith and are fair and reasonable.

  IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:

  1.  The Sale Procedures Motion is granted to the extent provided for herein.

  2.  The Limited Objection of Lynx has been resolved.

  3.  The Sale Procedures annexed to this Order as Exhibit "A" are hereby approved in their entirety, incorporated by reference as if fully set forth herein, and shall govern the Sale of the Property.

  4.  The Debtor is authorized to conduct an auction for the sale of the Property in accordance with the Sale Procedures.

  5.  The Auction will be conducted openly and will be transcribed.

  6.  The Debtor shall file with the Bankruptcy Court a Report of Auction no later than three (3) business days after the auction which shall include, but not be limited to, the bidders in attendance at the auction and the identity of the successful bidders and amount of bid and the identity of the back-up bidder and amount of bid, if any.

  7.  A hearing shall be held before the Honorable Michael E. Wiles, United States Bankruptcy Judge on **July 9, 2024, at 10:00 a.m**. Eastern Standard Time (the "Sale Hearing") to confirm the results of the Auction sale, authorize the Sale of the Property, as one parcel including the interests of any alleged co-owners and to grant such other related relief as may be deemed necessary or proper by the Court. Counsel for the Debtor shall provide at least 20 days' notice of the Sale Hearing to Lynx, the Interested Parties, Marianne Nestor, all other parties who hold or assert liens on the Property based on a title report obtained by Debtor's counsel, and the Office of

3

the United States Trustee.

8. At the Sale Hearing, the Court will consider the approval of compensation to the Debtor's real estate broker which compensation shall be paid at the closing of the Sale or held in escrow until compensation is approved.

9. No lienholder, other than Lynx, may credit bid under 11 U.S.C. § 363(k).

10. Lynx shall be deemed a qualified bidder in all respects and shall not be required to post a deposit in order to bid at the auction.

11. The Sale Hearing may be adjourned from time to time, upon consent of Lynx and the Interested Parties, without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date except that counsel for the Debtor shall notify the Debtor's real estate broker of any adjournments.

12. Objections to the relief to be considered at the Sale Hearing shall be filed seven (7) days prior to the Sale Hearing with the Bankruptcy Court at the Court's website https://ecf.nyeb.uscourts.gov/cgi-bin/login.pl (password and login required), with a copy delivered directly to Chambers and served upon: (a) counsel to the Debtor; (b) counsel to any Purchaser; (c) counsel to Lynx; (d) counsel to the Interested Parties, (e) the Office of the United States Trustee; and (f) all other parties who have filed a Notice of Appearance.

13. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

14. Notwithstanding Bankruptcy Rules 6004(g) and 6006(d), this Order shall be effective upon entry. The Debtor shall serve this Order on all parties in interest within 10 days of entry.

15.    To the extent that there are any conflicts between the terms of the Sale Procedures and this Order, this Order controls.

Dated:   New York, NY
           December 15, 2023

/s/ **Michael E. Wiles**
Hon Michael E. Wiles
United States Bankruptcy Judge
