TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Martha E. Martir
John C. Gallego

*Attorneys for Albert Togut,
Not Individually But Solely in His Capacity as
the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PEGGY NESTOR, | : | Case No. 23-10627 (MEW) |
| | : | |
| Debtor. | : | |
| | : | |

------------------------------------------------------------------ x

| | | |
|---|---|---|
| ALBERT TOGUT, Not Individually But Solely in His Capacity as Chapter 11 Trustee, | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 24-_____ (MEW) |
| | : | |
| v. | : | |
| | : | |
| PEGGY NESTOR, MARIANNE NESTOR CASSINI and PARTIES THAT RECEIVE SUBPOENAS ISSUED BY TRUSTEE, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------ x

# COMPLAINT

Albert Togut, not individually but solely in his capacity as Chapter 11 trustee ("Plaintiff" or the "Trustee") of the estate (the "Estate") of Peggy Nestor (the "Debtor") in the above-captioned case (the "Chapter 11 Case"), by and through his attorneys, Togut, Segal & Segal LLP, hereby makes this complaint (the "Complaint") against (a) the Debtor, (b) Marianne Nestor Cassini ("Marianne"), and (c) parties that receive subpoenas issued by the Trustee and the *Order (1) Temporarily Restraining the*

*Destruction or Alteration of Records and Property, (2) Specifying the Form and Notice, and (3) Scheduling a Preliminary Injunction Hearing* [Docket No. 122], dated April 22, 2024 (the "TRO") (together with the Debtor and Marianne, the "Defendants") for orders preliminarily and permanently enjoining and restraining Defendants, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") from: concealing, altering, deleting, destroying any Books and Records (defined below) and from removing them from the Debtor's townhouse located at 15 East 63rd Street, New York, New York 10065 (the "Townhouse") or any other place where they may be located absent prior order of the Court or prior written permission by the Trustee and directing that all such persons to preserve all such Books and Records subject only to such persons' obligations to turn them over to the Trustee in response to a subpoena or further order of the Court, and alleges upon information and belief:

**SUMMARY OF ACTION**[1]

1. In authorizing the appointment of a chapter 11 trustee, the Court recognized that one of the Trustee's key objectives would be an investigation of, and management of, the Debtor's assets and the approval of expenditures.

2. Plaintiff is required to investigate the Debtor's assets, liabilities and affairs including, among other things, the inconsistency between the Debtor's assertion in her amended schedules of assets and liabilities and statement of financial affairs and other public filings that her only income is limited to social security benefits and the fact

---

[1] Capitalized terms that are used but not otherwise defined in this Summary of Action shall have the meaning ascribed to such terms where elsewhere defined in this Complaint.

that the Debtor nevertheless has interests in real property that have significant values, and that she has reportedly spent considerable sums making repairs to the Townhouse. The Debtor has for years lived what appears to have been a luxurious lifestyle, including the Debtor's recent purchase and subsequent transfer of a multimillion dollar property in Connecticut to insiders (as defined in section 101 of the Bankruptcy Code) reportedly in exchange for $1.

3. Pleadings filed in the Chapter 11 Case and in the Probate Proceedings during the past decade illustrate that courts, the Trustee and the Debtor's creditors have reason to be suspicious of the conduct of the Debtor and the Debtor's sister, Marianne.

4. In its decision directing the appointment of a Chapter 11 trustee in this case, the Court observed that Marianne may have a better understanding of the Debtor's Books and Records than the Debtor, and that Marianne could be controlling or influencing the Debtor's expenditures [Docket No 106].

5. To date, the Debtor and Marianne have failed to fully comply with Plaintiff's requests for their production of documents.

6. Given the facts and circumstances of this Chapter 11 Case, it would be imprudent to ignore the incentive that persons may have to alter, transfer or destroy documents that are necessary to investigate the Debtor's financial affairs, and which may be needed to assert affirmative claims and/or defenses on behalf of the Estate.

7. Plaintiff and the Estate would suffer irreparable harm if the Debtor's Books and Records are not preserved so that they can be turned over to the Trustee.

8. Conversely, there is no harm in preventing persons from altering or destroying evidence.

9. Consequently, Plaintiff requests preliminary and permanent injunctive relief enjoining and restraining the removal, destruction, transfer or alteration of the Debtor's Books and Records and other property of the Estate.

## THE PARTIES

10. Plaintiff is the Chapter 11 Trustee of the Debtor.

11. Peggy Nestor is the Debtor and is a natural person.

12. Marianne Nestor Cassini is the Debtor's sister. Marianne resides in New York, and has advised that her mailing address is P.O. Box 2278, Radio City Station, New York 10019.

13. The Trustee intends to serve Bankruptcy Rule 2004 subpoenas and the TRO to persons that are believed to be in possession, custody or control of documents and information concerning the Debtor, her affairs and the Estate.

## JURISDICTION AND VENUE

14. The Court has jurisdiction over this adversary proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. §§ 157 and 1334 and the United States District Court for the Southern District of New York's *Amended Standing Order of Reference, M-431* dated January 31, 2012, which refers such proceedings to this Court.

15. The Adversary Proceeding is commenced pursuant to section 105(a) of the Bankruptcy Code, and Bankruptcy Rules 7001(7) and 7065.

16. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (M), and (O) and this Court has jurisdiction to hear and determine this Adversary Proceeding, and to enter final orders and judgments granting the relief sought herein. In the event that this Court or any other court finds any part of this Adversary Proceeding to be "non-core," this Court has non-core concurrent jurisdiction over this proceeding under 28 U.S.C. § 1334 because the relief sought herein

4

relates to the Chapter 11 Case and will have a material impact on the administration of the Debtor's Estate.

17. Plaintiff consents to the entry of final orders and judgments by this Court in the Adversary Proceeding pursuant to Bankruptcy Rule 7008. Plaintiff also consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders on judgments consistent with Article III of the United States Constitution.

18. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Adversary Proceeding arises in, and is related to, the Chapter 11 Case.

## **FACTUAL ALLEGATIONS**[2]

### I. **The Chapter 11 Case**

19. On April 25, 2023 (the "Petition Date"), the Debtor commenced this Chapter 11 Case by filing a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

20. On May 12, 2023, the Debtor filed her Schedules of Assets and Liabilities (the "Initial Schedules") and Statement of Financial Affairs (the "Initial SOFAs") [Docket No. 21].

21. On June 27, 2023, the Debtor amended certain of her Initial Schedules (the "Amended Schedules") and Initial SOFAs (the "Amended SOFAs") [Docket No. 38].

---

[2] The Trustee is still in the very early stages of his investigation and therefore, aside from the facts obtained from the Chapter 11 Case docket and publicly filed pleadings in the New York Surrogate Court's in Nassau County (the "Surrogate's Court") in connection with the administration of the estate (the "Cassini Estate") of Marianne's late-husband, Oleg Cassini (the "Probate Proceedings"), the facts described herein are set forth upon information and belief based upon documents the Trustee and his professionals have reviewed, and may be supplemented or modified based upon the Trustee's ongoing investigation.

22. On August 23, 2023, the Debtor filed her Chapter 11 Plan of Reorganization of the Debtor (the "Plan") [Docket No. 62] and Disclosure Statement for Chapter 11 Plan of Reorganization Proposed by the Debtor (the "Disclosure Statement") [Docket No. 63]. The Disclosure Statement was never approved by the Court and the Plan was neither solicited nor confirmed.

23. On February 21, 2024, Lynx Asset Services, LLC filed its *Motion for the Appointment of a Chapter 11 Trustee*, which was joined by other parties (together, the "Motion to Appoint Trustee") [Docket Nos. 95, 98, 102].

24. On March 13, 2024, the Court ordered the appointment of a chapter 11 trustee (the "Trustee Appointment Order") [Docket No. 106] to, among other things, "take over primary responsibility for . . . the management of the Debtor's assets, the approval of expenditures . . . ." Tr. Appointment Order at 9.

25. On March 22, 2024, the Court entered the *Order Approving the Appointment of Chapter 11 Trustee* [Docket No. 112], pursuant to which Plaintiff was appointed as the Trustee in this Chapter 11 Case. The Trustee has since duly qualified and is acting as the Chapter 11 Trustee of the Debtor's estate [Docket No. 114].

## II. The Townhouse

26. The primary asset of the Debtor is believed to be the Townhouse. Am. Schs., Sch. A/B, at 1.1.

27. Pursuant to an order entered by the Court on December 15, 2023 [Docket No. 78] the Court approved procedures for the sale of the Townhouse, and it has been listed by Sotheby's International Realty ("Sotheby's"), the Debtor's Court-appointed real estate broker, for $65 million.

28. Pursuant to an order dated March 13, 2024, the Court directed the Townhouse to be sold pursuant to Bankruptcy Code section 363(h) [Adv. Pro. No. 23-01195 (MEW), Docket No. 18].

29. Since his appointment, the Debtor and Marianne have failed and refused to comply with the Trustee's request for access to the Townhouse and to the Books and Records located therein, and with assistance regarding the sale of the Townhouse.

30. On April 10, 2024, the Trustee commenced an adversary proceeding against the Debtor and Marianne for turnover of the Townhouse to the Trustee. Adv. Pro. No. 24-01342 (MEW), Docket No. 1.

31. On April 23, 2024, the Court entered the *Order Compelling the Defendants to Turn Over Possession of Townhouse to Trustee* [Adv. Pro. No. 24-01342 (MEW), Docket No. 8] (the "Turnover Order"), which, among other things, directed Defendants jointly and severally to provide access to, and enable possession of, the Townhouse to the Trustee, to enable Sotheby's and such other persons as may be designated and authorized by the Trustee to enter the Townhouse for any purpose needed by the Trustee including, but not limited to, permitting Sotheby's to stage and photograph the Townhouse, within forty-eight (48) hours after Defendants are served with a copy of the Turnover Order.

32. Any sale of the Townhouse will implicate tax considerations, and the Trustee needs access to relevant Books and Records to try to achieve the most tax-efficient means to account for sale proceeds.

IV. **The Debtor's Income and Expenditures**

33. In the Amended Schedules, the Debtor disclosed that her monthly income totals $3,300 on account of social security benefits. Am. Schs., Sch. J, Part 2. On

7

February 2, 2024, the Debtor later disclosed that she receives $3,425 per monthly on account of her social security benefits. Docket No. 90, ¶ 4.

34. In the Trustee Appointment Order, the Court found that the Debtor's untimely monthly operating reports reflect that the Debtor has "spent considerable sums on repairs to the Townhouse but had paid for most of these repairs in cash." Tr. Appointment Order at 4; *see also id.* at 3 (the monthly operating reports for August and September 2023 state "the Debtor had spent tens of thousands of dollars for various cleaning, repairs and furniture restorations").

35. In the Trustee Appointment Order, the Court also found that the Debtor and Marianne provided inconsistent and conflicting explanations regarding certain of the Debtor's large postpetition transfers, which suggested "the possibility that Marianne may be controlling (or at least influencing) those expenditures." Tr. Appointment Order at 8, 9.

V. **The Connecticut Property**

36. In 2021, the Debtor purchased a residence and real estate located at 21 Point Road, Norwalk, Connecticut 06854 (the "Connecticut Property") for $3,495,000. Hr'g Tr., 341 Meeting of Creditors, Aug. 14, 2023, at 21:18-22:12.

37. "[I]n or about 2021" the Debtor transferred the Connecticut Property, including her interest in the Connecticut Property, to Butterfly Beach House, LLC, a "LLC with family" (the "Nestor LLC"), for $1.00. *Id.* at 22:13-25; Am. SOFAs, Part 7, Question 18.

38. The Trustee understands that transfers made, and/or obligations incurred, by the Debtor prior to, and after, the Petition Date, including, but not limited to, the Debtor's transfer of the Connecticut Property to the Nestor LLC, may be

8

avoidable and/or recoverable, and the Trustee is trying to investigate affirmative claims and defenses that may be asserted on behalf of the Estate.

## V. The Probate Proceedings

39. For more than a decade, the Debtor and Marianne have been involved in extensive litigation in the Surrogate's Court, among others, in connection with the probate Cassini Estate. *See* Tr. Appointment Order at 2.

40. In the Probate Proceedings, the Debtor and Marianne have been named as defendants in certain prepetition actions. *See id.*

41. In the Probate Proceedings, in August 2018, the receiver (the "Receiver") appointed by the Public Administrator of Nassau County (the "Public Administrator"), commenced a turnover action alleging, among other things, that the Debtor, Marianne, and Gemeaux, Ltd., a company wholly owned by the Debtor and Marianne, improperly diverted assets belonging to the Cassini Estate (the "Probate Turnover Action"). *See id.*; *see also* Docket No. 34, ¶¶ 1-2, 22-23.

42. In the Probate Turnover Action, the Receiver also alleges that the improper diversion of assets occurred both prior to and after the appointment of the Receiver and that such transactions violated orders of the Surrogate's Court that prohibited such transactions. *See* Docket No. 34, ¶23.

43. In connection with the Probate Proceedings, Marianne has been held in contempt by the Surrogate's Court for, among other things, refusing to turn over books and records for certain assets of the Cassini Estate to the Receiver pursuant to a court order. *See* Docket No. 34, Ex. K at 8 (Decision & Order, File No. 343100/Y (Sur. Ct. Nov. 14, 2017)); *id.*, Ex. L (Order and Warrant, File No. 343100Y (Sur. Ct. Oct. 19, 2016); *id.*, ¶¶ 2, 19-21.

9

44. The Debtor and her Estate may have claims and defenses in the Probate Turnover Action, and Plaintiff needs access to the Books and Records to assess them and to act to protect the Estate.

## V. The Books and Records

45. The Trustee requires the production of books, records and documents to investigate the Debtor's assets, liabilities and affairs and to otherwise discharge his duties, including all books, records, and/or documents, whether physical or electronic (including, without limitation, all emails, text messages, computers and/or laptop computers, hard drives, computer servers, back-up tapes, and documents) related to the Debtor or her property or otherwise evidencing the Debtor's assets and financial affairs (the "Books and Records").

## V. The Trustee Must Obtain Preliminary and Permanent Injunctive Relief

46. On April 22, 2024, Plaintiff submitted to the Court the *Chapter 11 Trustee's Ex Parte Application for an Order (I) Directing the Preservation of Documents and Communications and (II) Authorizing the Issuance of Subpoenas for the Production of Documents, Communications, and Deposition Testimony Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "Rule 2004 Motion"), which was filed at Docket No. 124 following entry of the TRO that same day.

47. On April 22, 2024, the Court entered the *Order (1) Temporarily Restraining the Destruction or Alternation of Records and Property, (2) Specifying the Form of Notice, and (3) Scheduling a Preliminary Injunction Hearing* [Docket No. 122].

48. On April 22, 2024, the Court entered the *Order Authorizing Chapter 11 Trustee to Issue Subpoenas for Records and Testimony* [Docket No. 123] in connection with the Rule 2004 Motion.

49. Many Books and Records are located at the Townhouse and elsewhere.

50. Defendants have yet to cooperate with Plaintiff in turning over the Books and Records.

51. Although the Debtor has provided a small number of documents to Plaintiff since his appointment as Trustee, Debtor's counsel of record has notified the Court that the Debtor has not responded to counsel's efforts to communicate with the Debtor about the Debtor's obligation to turn over the Books and Records to Plaintiff.

52. A substantial risk exists that the Books and Records, and other property of the Estate, that must be turned over to Plaintiff might be lost, removed, destroyed or altered in the absence of permanent injunctive relief.

53. Plaintiff and the Estate face a risk of irreparable harm if the Books and Records are lost, removed, destroyed and/or altered, in that such actions could deprive Plaintiff of access to property and to records that Plaintiff requires to perform his duties as Trustee.

54. Plaintiff is likely to succeed on the merits of his request for the issuance of an injunction requiring the preservation of the Books and Records and other property of the Estate and prohibiting their removal, destruction and/or alteration, given Plaintiff's statutory rights as Trustee to take control of all such Books and Records and Estate property.

55. The relief requested herein is not prejudicial to Defendants or any other party in possession of the Books and Records or other property of the Estate given Plaintiff's statutory rights as Trustee to take control of all such Books and Records and Estate property.

56. The public interest in the fair and efficient conduct of the Chapter 11 Case and in the fair treatment of the Debtor's creditors supports the injunctive relief sought by Plaintiff.

**FIRST CAUSE OF ACTION**
**(Injunctive Relief)**

57. Plaintiff repeats and re-alleges the paragraphs set forth above as though set forth herein.

58. Defendants are in possession, custody and/or control of the Books and Records and other property of the Estate.

59. The Debtor is required to turn over all the Books and Records in their possession, custody and/or control to the Trustee pursuant to Bankruptcy Code sections 521 and 542.

60. Marianne and the other Defendants are required to turn over Books and Records to the Trustee pursuant to Bankruptcy Code sections 542 and 543.

61. There is a substantial risk that the Books and Records, and other property of the Estate, that must be turned over to Plaintiff might be lost, removed, destroyed or altered in the absence of preliminary and permanent injunctive relief.

62. Plaintiff and the Estate face a risk of irreparable harm if the Books and Records are lost, removed, destroyed and/or altered, in that such actions could deprive Plaintiff of access to property and to records that Plaintiff requires to perform his duties as Trustee.

63. Plaintiff is likely to succeed on the merits of his request for the issuance of a permanent injunction requiring the preservation of the Books and Records and other property of the Estate and prohibiting their destruction, removal and/or

alteration, given Plaintiff's statutory rights as Trustee to take control of all such Books and Records and Estate property.

64. Neither Defendants nor any other party in possession of the Books and Records or other property of the Estate are prejudiced by the relief requested herein given Plaintiff's statutory rights as Trustee to take control of all such Books and Records and Estate property.

65. The public has an interest in the fair and efficient conduct of the Chapter 11 Case and in the fair treatment of the Debtor's creditors, which supports preliminary and injunctive relief sought by Plaintiff.

66. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 7007(1) and 7065, Plaintiff is entitled to an order of the Court preliminarily and permanently enjoining and restraining Defendants from: concealing, altering, deleting, destroying, removing from the Townhouse or any other place where they may be located, absent prior order of the Court or prior written permission by the Trustee, any Books and Records and other property of the Estate, and directing that all such persons preserve all such Books and Records and other property of the Estate subject only to such persons' obligations to turn over the same to the Trustee in response to subpoenas or further orders of the Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter a judgment:

> (i) preliminarily and permanently enjoining and restraining Defendants and any recipient of a subpoena issued by the Trustee, the TRO, and the order granting the permanent injunction sought herein as set forth above pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rules 7001(7) and 7065; and

(ii) granting such other relief as the Court deems just and proper.

DATED: April 24, 2024
New York, New York

ALBERT TOGUT, not individually but solely in his capacity as Chapter 11 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/Neil Berger*
NEIL BERGER
BRIAN F. SHAUGHNESSY
MARTHA E. MARTIR
JOHN C. GALLEGO
One Penn Plaza
New York, New York 10119
(212) 594-5000