Penachio Malara LLP
Counsel for the Debtor
245 Main Street, Suite 450
White Plains, NY  10601
(914) 946-2889
By:  Anne Penachio

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>---------------------------------------------------------------X | HEARING DATE and TIME:<br>MAY 14, 2024 AT 10:00 AM |
| In re:<br><br>PEGGY NESTOR,<br><br>                                Debtor.<br>-------------------------------------------------------------------X | Chapter 11<br>Case No.   23-10627-MEW |

**NOTICE OF HEARING ON THE APPLICATION OF PENACHIO MALARA, LLP FOR AN ORDER RELIEVING IT AS COUNSEL FOR THE DEBTOR UNDER LOCAL BANKRUPTCY RULE  2090-1(e) AND GRANTING SUCH OTHER AND FURTHER RELIEF AS IS APPROPRIATE**

      **PLEASE TAKE NOTICE** that a hearing on the motion (the "Motion") of PENACHIO MALARA, LLC, counsel for Peggy Nestor, the debtor in the Chapter 11 case (the "Debtor") in support of its application for an order reliving it as counsel for the Debtor under local Bankruptcy Rule 2090-1(e), will be held before the Hon. Michael E. Wiles in his Courtroom at the United States Bankruptcy Court, One Bowling Green, New York, New York  10014 on May 14, 2024 at 10:00 AM.

      **PLEASE TAKE FURTHER NOTICE** that the hearing will be held telephonically through Court Solutions https://www.court-solutions.com/.   In order to appear, you must register in advance of the hearing with Court Solutions in compliance with the rules for appearance promulgated by the Court on its website www.nysb.uscourts.gov.

      **PLEASE TAKE FURTHER NOTICE** that you should refer to the Bankruptcy Court website regarding the rules governing your appearance at the hearing and/or contact the

undersigned for guidance.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and exhibits thereto as available on the Bankruptcy Court website www.nysb.uscourts.gov or from the undersigned on request.

**PLEASE TAKE FURTHER NOTICE** that opposition, if any, to the relief sought in the Motion, must be made in writing and comply with applicable law and rules and filed and served upon the undersigned no later than 5:00 PM on May 7, 2024.

**PLEASE TAKE FURTHER NOTICE** that unless objections are interposed, the relief requested in the Motion may be granted.

Dated:  White Plains, NY
         April 29, 2024

PENACHIO MALARA, LLP

By: /s/ Anne Penachio
Anne Penachio, Esq.
Counsel for the Debtor
245 Main Street, Suite 450
White Plains, NY 10601
Telephone: (914) 946-2889

PENACHIO MALARA, LLP
Anne Penachio, Esq.
245 Main Street - Suite 450
White Plains, New York 10601
T: (914) 946-2889

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X<br>In re                                                                  :<br><br>PEGGY NESTOR,                                                :<br><br>                                        Debtor.         :<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X | HEARING DATE and TIME:<br>MAY 14, 2024 AT 10:00 AM<br><br><br><br>CHAPTER 11<br><br><br>CASE NO.: 23-10627-mew |

**THE APPLICATION OF PENACHIO MALARA, LLP FOR AN ORDER RELIEVING IT AS COUNSEL FOR THE DEBTOR UNDER LOCAL BANKRUPTCY RULE 2090-1(e) AND GRANTING SUCH OTHER AND FURTHER RELIEF AS IS APPROPRIATE**

TO:    THE HONORABLE MICHAEL E. WILES
       UNITED STATES BANKRUPTCY JUDGE

**PENACHIO MALARA, LLP** (the "Firm') in support of its application for an order relieving it as counsel for **PEGGY NESTOR** the debtor herein (the "Debtor"), pursuant to Local Bankruptcy Rule 2090-1(e) respectfully sets forth as follows:

**I.        BACKGROUND**

1.    On or about April 23, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), with the Clerk of this Court and the case was referred to the Bankruptcy Judge herein.

2.    The Debtor is an individual who spent her career in businesses serving the fashion and entertainment industries. Most recently, the Debtor with her sister, Marianne Nestor ("Marianne") operated Gemeaux Ltd. ("Gemeaux"), an entity engaged primarily in the licensing of the brands affiliated with the late fashion icon, Oleg Cassini. Mr. Cassini was married to Marianne for, upon information and belief, over 40 years.

1

3. The Debtor's primary asset is her home, a Gilded Age townhouse at 15 East 63rd St., New York, NY (the "Townhouse"). The Debtor filed for bankruptcy relief to avoid imminent seizure of the Townhouse at a foreclosure which was scheduled for April 26, 2023.

4. Mid- March 2024, the Debtor remained in control and management of her financial affairs, as a Debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

5. By decision dated March 13, 2024, the Court granted the motion of Lynx Asset Services, LLC ("Lynx") for the appointment of a Chapter 11 Trustee. Albert Togut was thereafter appointed to serve in that capacity.

**THE DEBTOR'S FAILURE TO COMMUNCIATE WITH COUNSEL**

6. Although the Debtor was initially responsive and cooperative, she is no longer directly responding to counsel's communications and is not cooperating with the Trustee. Upon information and belief, the Debtor, who is in her early 80's, became ill in or about the Fall of 2023. Her condition apparently worsened. It is unclear whether she is in receipt of written communications forwarded to her.

7. Until or about October 2023, the Debtor would regularly visit Counsel's office and review and sign documents. She was responsive to telephone calls and emails. Thereafter, her communications and visits waned.

8. At this juncture, the Debtor is no longer responsive. Rather, her sister, Marianne, is communicating with counsel. It is unclear whether the Debtor is being isolated by Marianne who may be intercepting communications and acting as the Debtor's proxy.

9. It appears that Marianne may be providing legal advice to the Debtor. Unfortunately, this is nothing new. Marianne had been admonished by the State Court for acting as counsel to Peggy and a corporate entity. See Exhibit A.

2

10. The Debtor, either directly or through Marianne, indicated in pleadings sent to the Court that she wishes to terminate the Firm. While this is contrary to the Debtor's oral communications with counsel in late March 2024, the Debtor's failure to communicate has rendered it such that counsel simply cannot continue to effectively represent her.[1]

11. On or about April 25, 2024, Marianne advised the undersigned for the first time that a letter terminating the Firm's services was "hand delivered" to my office on or about April 14, 2024. No such correspondence was ever received. All deliveries are monitored daily both in person and *via* RING camera.

12. On or about April 27, Counsel received correspondence by electronic mail ostensibly signed by the Debtor indicating that she wishes to terminate the Firm. See Exhibit B. The Firm also received a letter ostensibly signed by the Debtor on behalf of Gemeaux that the Debtor wishes to retain counsel for that entity. See Exhibit C.

13. The Firm disagrees with many of the factual allegations set forth by Marianne and the Debtor in their communications with the Firm and the Court particularly those regarding the Chapter 11 filing which was undertaken on the "eve" of a foreclosure sale of the Debtor's townhouse and the allegations regarding the Firm's financial incentives and communications regarding Court dates. Many of the assertions made by the Debtor and/or Marianne are contrary to the record of the case, positions taken by the Debtor in the past, and simply do not make sense. The Debtor's current positions, as relayed by Marianne, are especially concerning in that the Debtor had been reasonably cooperative in the case until she became ill.

---

[1] It appears from correspondence to the Court that Marianne (and perhaps the Debtor) believe that by terminating counsel, proceedings will be stayed for 30 days.

3

14. In addition to the foregoing, counsel is concerned that absent an express agreement between the Debtor and the undersigned, it is unlikely that counsel can be compensated. See eg. *In re Johnson*, 234 B.R. 671 (Bankr. S.D. Tex. 1999).[2]

15. Counsel is also seeking to withdraw as counsel in all matters including each of the Adversary Proceedings in which the Firm has appeared. A separate application, which mirrors the instant application, will be filed in each of the cases.

16. To the best of counsel's knowledge, the only time sensitive matters pending are (i) compliance with the Order granting the Trustee's motion for a preliminary injunction restraining the Debtor from destroying or altering records (Dkt. No. 128); and (ii) gain access and control of the Townhouse. It is submitted that the Debtor, who has not been able to refinance the obligations encumbering the Townhouse or pay the debt service associated with the Townhouse, appears to have no viable defenses to the foregoing and the Trustee's efforts to administer the case.

17. Prior to making the instant motion, the undersigned considered a number of alternatives and extensively researched whether there was any precedent for the Court appointing counsel for the Debtor or fashioning relief under Section 105 of the Bankruptcy Code.

**THE APPLICATION, JURISDICTION AND**
**STATUTORY PREDICATES FOR RELIEF**

18. By this application, the Firm seeks an order from this Court permitting it

---

[2] While in at least one other case, a debtor, post-appointment of a Chapter 11 trustee, assigned counsel the right to recovery from any surplus subject to a fee application, it is apparent that the Debtor in this case does not wish to do so. As such, counsel is placed in the untenable situation of potentially not being compensated.

4

to withdraw as attorney and granting such other and further relief as the Court deems just and proper.

19. This Court has jurisdiction over the application pursuant to 28 U.S.C. 157 and 1334 and the "Standing Order of Referral Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). Venue in this district is proper pursuant to 28 U.S.C. §1408. The statutory predicates for the relief sought herein are Sections 105 and 327 of the Bankruptcy Code and Local Bankruptcy Rule 2090-1.

**II.**            **THE RELIEF REQUESTED SHOULD BE GRANTED**

20. Local Rule 2090-1 governs the withdrawal of an Attorney of Record and provides in pertinent part as follows: "An attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." Local Rule 2090-1 (e).

21. The decision to permit counsel to withdraw is within the discretion of the Court. *In re Wiener*, No. 18-13042, 2019 WL 2575012, at *3 (Bankr. S.D.N.Y. June 21, 2019) (JLG).

22. In determining whether to grant a motion to withdraw, Courts have allowed withdrawal based on "a client's lack of cooperation-including lack of communication-with counsel, and the existence of an irreconcilable conflict between attorney and client." *Ruiz v. Keratin Bar Inc.*, No. 17-CV-2216, 2020 WL 7079904, at *2 (S.D.N.Y. Dec. 3, 2020) (quotation marks and citation omitted). Additionally, "a lawyer may seek to withdraw when the client 'renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." Id. (quotation marks and citation omitted). "[M]ere [n]onpayment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." *Stair v. Calhoun,* 722 F.Supp.2d 258, 264 (E.D.N.Y. 2010) (quotation marks and citations omitted). Ultimately, "[w]hether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." Id. (quotation marks and citations omitted). *Flannigan v. Vulcan Power Grp.,* 09 Civ. 8473 (LAP) (S.D.N.Y. Apr. 18, 2023)

5

23. It is submitted that the requisite "cause" has been shown based upon the Debtor's failure to communicate and her apparent wish to terminate attorney-client relationship with the Firm. In addition, "cause" is also shown in the failure of the Debtor and Marianne to cooperate with the Trustee.

24. The Firm will cooperate with any incoming counsel or the debtor *pro se*. The Firm will cooperate with the Trustee, his counsel and the Office of the U.S. Trustee.

25. It should be noted that due to the unusual nature of the case, counsel has extensively researched as to whether there are any alternatives to withdrawal under applicable case law and provisions of the Bankruptcy Code and Rules.

### III.    NOTICE AND WAIVER OF MEMORANDUM OF LAW

26. Notice of this application was served on the Debtor, all creditors, Marianne, the Office of the United States Trustee and all parties that have filed a "Notice of Appearance." No previous application for the relief sought herein was sought from this, or any other Court.

27. Because the facts and circumstances set forth herein do not present novel issues of fact or law, it is respectfully requested that the Court waive the requirement of filing a memorandum of law imposed by the Local Bankruptcy Rules.

**WHEREFORE,** it is respectfully requested that the Court grant the relief requested herein in the form of an order annexed hereto as <u>Exhibit</u> <u>D</u> and such other and further relief as may be appropriate.

Dated: White Plains, New York
      April 29, 2024

                                          PENACHIO MALARA, LLP

                                          <u>/s/ Anne Penachio</u>
                                          Anne Penachio, Esq.
                                          245 Main Street - Suite 450
                                          White Plains, New York 10601
                                          T: (914) 946-2889

7