TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Martha E. Martir
John C. Gallego

*Attorneys for Albert Togut,*
*Not Individually But Solely in His*
*Capacity as the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                                                            :
In re:                                                      :        Chapter 11
                                                            :
PEGGY NESTOR,                                               :        Case No. 23-10627 (MEW)
                                                            :
                                        Debtor.             :
                                                            :
------------------------------------------------------------------- x
ALBERT TOGUT, Not Individually But Solely in                :
His Capacity as Chapter 11 Trustee,                         :
                                                            :
                                        Plaintiff,          :        Adv. Pro. No. 24-01342 (MEW)
                                                            :
                        v.                                  :
                                                            :
PEGGY NESTOR and                                            :
MARIANNE NESTOR CASSINI,                                    :
                                                            :
                                        Defendants.         :
------------------------------------------------------------------- x

## CHAPTER 11 TRUSTEE'S STATUS REPORT
## AND OBJECTION TO LETTER REQUESTS FOR A STAY

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as the Chapter 11

trustee (the "Trustee") of the estate (the "Estate") of Peggy Nestor (the "Debtor"), the

debtor in the above-captioned case (the "Chapter 11 Case"), and the Plaintiff in the

above-captioned adversary proceeding (the "Adversary Proceeding"), by his attorneys,

Togut, Segal & Segal LLP hereby makes this report concerning the Chapter 11 Case and the Adversary Proceeding and his objection to requests for a stay, and respectfully represents:

## PRELIMINARY STATEMENT[1]

Consistent with the Court's April 10, 2024, Order and with the assistance of United States Marshalls, the Trustee took possession and control of the Townhouse today, April 30, 2024. An attempt to secure the Townhouse was made on Friday, April 26, but was unsuccessful.

The Court previously determined, with the Debtor having had a full opportunity to be heard, that the Townhouse should be sold. The Court has already entered the Sale Procedures Order, and the March 13 Order, which directed the sale of the Townhouse pursuant to Bankruptcy Code section 363(h).

The Trustee has made the Townhouse's sale his priority. The marketing of the Townhouse now needs to proceed uninterrupted.

The Court has made clear that the time for resolution of disputes is after the sale proceeds of the Townhouse are received by the Trustee. It is premature to deal with such issues now, before the Townhouse is sold.

## BACKGROUND

### I.    The Chapter 11 Case

1.    On April 25, 2023 (the "Petition Date"), the Debtor commenced this Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

---

[1]    Capitalized terms used but not defined in this section shall have the meaning ascribed to them in the subsequent sections of this Report.

2.      On May 12, 2023, the Debtor filed her Schedules of Assets and
Liabilities and Statement of Financial Affairs [Docket No. 21] (the "Schedules"), which
the Debtor amended on June 27, 2023 [Docket No. 38].

3.      On May 16, 2023, the Court entered the *Order Establishing Deadline
for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No.
25], which established July 11, 2023, as the general bar date, and October 23, 2023, as the
governmental bar date.

4.      On August 23, 2023, the Debtor filed her *Chapter 11 Plan of
Reorganization of the Debtor* (the "Plan") [Docket No. 62] and *Disclosure Statement for
Chapter 11 Plan of Reorganization Proposed by the Debtor* (the "Disclosure Statement")
[Docket No. 63].  The Plan provides for, among other things, the sale of the Townhouse.
Plan § 5.1.  The Disclosure Statement was never approved by the Court and the Plan
was neither solicited nor confirmed.

5.      On February 21, 2024, Lynx Asset Services, LLC filed its *Motion for
the Appointment of a Chapter 11 Trustee*, which was joined by other parties (together,
the "Motion to Appoint Trustee") [Docket Nos. 95, 98, 102].

6.      On March 13, 2024, the Court entered its *Decision Granting Motion
for the Appointment of a Chapter 11 Trustee* (the "Decision") [Docket No. 106].  In the
Decision, the Court found, in pertinent part, that the Trustee would be "in charge" of
the sale of the Townhouse:

> The sale of the Townhouse also has not been proceeding in
> accordance with the schedule that I approved in
> December.  It is in the interest of creditors generally that an
> independent third party be put in charge of this estate and
> take over primary responsibility for the sale of the
> Townhouse, the management of the Debtor's assets, the
> approval of expenditures, the conduct of settlement
> discussions, and the confirmation of a plan.

Decision, at 9-10.

7.      On March 13, 2024, the Court entered the *Order Granting Motion for Appointment of Chapter 11 Trustee* [Docket No. 107].

8.      On March 22, 2024, the Court entered the *Order Approving the Appointment of Chapter 11 Trustee* [Docket No. 112], pursuant to which The Trustee was appointed as the Trustee in the Chapter 11 Case.  The Trustee has since duly qualified and is acting as the Chapter 11 Trustee of the Debtor's Estate [Docket No. 114].

**II.    The Townhouse**

9.      In or around 1984, the Debtor and Marianne, the Debtor's sister, jointly purchased the Townhouse.  Adv. Pro. 23-01195 (MEW), Docket No. 1 at ¶ 14.

10.     On January 31, 2024, Marianne filed an *Admission of Service* in this Court and, under the penalties of perjury, stated:  "I acknowledge that I have no ownership interest in the premises located at 15 East 63th [sic] Street, New York . [sic] NY. 10065.  Peggy Nestor is the sole owner of 15 East 63rd."  Adv. Pro. No. 23-01195 (MEW), Docket No. 10.

11.     The Townhouse has been listed for sale by Sotheby's International Realty ("Sotheby's") for $65 million.[2]

12.     The Debtor's monthly operating reports reflect that she does not have sufficient cash on hand or income to maintain all of the costs and expenses associated with the Townhouse. *See* Docket Nos. 84, 93.  She also represented that she intended to market and sell the Townhouse during this Chapter 11 Case, but failed to allow that to happen.  *See* Docket Nos. 62, 106.

---

[2]      *See* Sotheby's listing of Townhouse, https://www.sothebysrealty.com/eng/sales/detail/180-l-1182-dyfedy/15-east-63rd-street-lenox-hill-new-york-ny-10065 (last accessed April 6, 2024).

13.    The Schedules indicate that valuable works of art and other personal property of value are in the Townhouse. *See* Am. Schedules, Schedule A/B.[3]

### III.    The Sale Process and Possession of the Townhouse

14.    On December 12, 2023, the Court entered an order [Docket No. 77] approving the Debtor's retention of Sotheby's as the exclusive real estate broker to market and sell the Townhouse.[4]

15.    On December 15, 2023, the Court entered an order [Docket No. 78] (the "Sale Procedures Order") that granted the Debtor's motion [Docket No. 74] for approval of sale procedures in connection with the marketing and sale of the Townhouse. Pursuant to the Sale Procedures Order, a sale hearing to approve the sale of the Townhouse was scheduled for July 9, 2024. Sale Procedures Order ¶ 7.

16.    On November 1, 2023, the Debtor commenced Adversary Proceeding No. 23-01195 (MEW) in this Court against Marianne and others (the "Declaratory Judgment Action") seeking: (i) a declaration that the Debtor is the sole owner of the Townhouse; and (ii) authority to sell the Townhouse pursuant to section 363(h) of the Bankruptcy Code. Marianne confirmed in writing to this Court that she has no ownership interest in the Townhouse [Adv. Pro. No. 23-01195, Docket No. 10].

---

[3]    In the Schedules, the Debtor identified only two works of art. The Trustee has discovered numerous works of art in the Townhouse.

[4]    Both the Debtor and Marianne Nestor Cassini, the Debtor's sister ("Marianne," together with the Debtor, "Defendants"), signed the exclusive listing agreement with Sotheby's and in doing so, Marianne handwrote: "all rights reserved nothing herein in an admission of any ownership interest. Peggy Nestor is the owner of 15 East 63rd Street." *See*, Docket No. 80, at 7.

17.     On March 13, 2024, the Court entered an order in the Declaratory

Judgment Action [Adv. Pro. No. 23-01195, Docket No. 18] (the "March 13 Order"), and

ordered:

> **ORDERED**, pursuant to section 363(h), that the Townhouse
> be sold pursuant to the sale procedures previously approved
> by this Court;  and it is further
>
> **ORDERED**, that the proceeds of such sale shall be
> distributed to secured creditors or to other parties in
> accordance with their respective rights and interests, as such
> rights and interest are determined by the Court in the course
> of further proceedings in this adversary proceeding and in
> the underlying chapter 11 case;  and it is further
>
> **ORDERED**, that the proceeds of sale of the Townhouse shall
> be segregated and not paid to any persons except as ordered
> by the Court.

March 13 Order, at 3.

18.     Subsequent to his appointment, Defendants failed and refused to

comply with the Trustee's requests for access to and assistance regarding the sale of the

Townhouse pursuant to the March 13 Order.

19.     On April 10, 2024, the Trustee filed his complaint and commenced

the Adversary Proceeding for an order directing Defendants, jointly and severally, to

provide the Trustee and his representatives with immediate access to and possession of

the Townhouse [Adv. Pro. Dkt. No. 1].

20.     On April 10, 2024, the Clerk of this Court issued its *Summons and

Notice of Pre-Trial Conference in an Adversary Proceeding* (the "Summons") [Adv. Pro. No.

Dkt. No. 4].

21.     On April 10, 2024, this Court entered an order to show cause

pursuant to which, among other things, defendants were required to show cause before

this Court at a hearing scheduled for April 23, 2024 why an order should not be entered

directing each of them to surrender and turn over possession of the townhouse to the trustee (the "Order to Show Cause") [Adv. Pro. Dkt. No. 3].

22.    The Trustee timely served the Summons and Complaint in accordance with the notice provisions contained in the Order to Show Cause [Adv. Pro. Dkt. No. 5].

23.    The Trustee, by his attorneys, appeared before the court on April 23, 2024, and Defendants failed to appear.  On that date, the Court entered the *Order Compelling the Defendants to Turn Over Possession of Townhouse to Trustee* (the "Turnover Order") [Adv. Pro. Dkt. No. 8].  The Trustee timely served the Turnover Order in compliance with the notice provisions contained therein.

24.    On April 26, 2024, members of the Togut Firm visited the Townhouse and requested a voluntary surrender of possession consistent with the Turnover Order, but the unnamed occupant of the Townhouse who answered the intercom system there refused to turn over possession.

25.    At approximately 8:30 a.m. on April 30, 2024, the Trustee's attorneys, with the assistance of U.S. Marshals Service, took possession of the Townhouse on behalf of the Trustee.  To carry out the Court's order, the U.S. Marshals Service removed persons from the Townhouse:  Peggy Nestor;  Marianne Nestor;  and Conner Alexandra Nestor Castellano.[5]

26.    The Trustee is now in possession and control of the Townhouse. Consistent with the Turnover Order, Sotheby's has been provided with keys to the Townhouse to take the necessary steps for a sale.  Until today, Sotheby's was completely frustrated and prevented from doing its work.

---

[5]    Ms. Nestor Castellano is believed to be Defendants' niece.

27.     Photographs were taken as part of the April 30 securing of the
Townhouse.  It was in disarray and must be cleaned and otherwise made presentable
for Sotheby's to prepare proper marketing materials and to be able to show the
Townhouse to prospective purchasers.  None of that could be done between Sotheby's
retention and now.

## IV.    Letters Requesting A Stay

28.     On April 29, 2024, a letter purporting to be authored by the Debtor
was filed in the Chapter 11 Case at Docket No. 130 requesting "a stay of 30-45 days to
enable me to complete the hire of new counsel to represent me in the proceeding 23-
10627 MEW 2024.  This is already being done."  *See* Exhibit 1.

29.     On April 29, 2024, a letter dated April 27, 2024 signed by Marianne
Nestor Cassini was filed in the Chapter 11 Case at Docket No. 131, requesting "a stay of
30-60 days to enable me to hire competent counsel to represent me in the proceeding 23-
10627MEW 2024."  *See* Exhibit 2.

30.     On April 29, 2024, a letter was filed in the Chapter 11 Case at
Docket No. 132 with a Gemeaux, Ltd. letterhead providing, among other things:
"Gemeaux Ltd. hereby requests a stay of 30-60 days to enable it to hire counsel to
represent it in the proceeding 23-10627MEW 2024."  *See* Exhibit 3.

31.     In her Schedules, the Debtor represents that she is a "50%
Shareholder" of Gemeaux, Ltd.  Gemeaux, Ltd. is not an owner of the Townhouse nor
does it have any interest in the Townhouse.

32.     The Court has scheduled a hearing to consider the aforementioned
letter requests for a stay on May 1, 2024.

33.     The Trustee respectfully submits that the record of the Chapter 11
Case and the Adversary Proceeding do not support the imposition of any stay.  To the

contrary, the record in the Chapter 11 Case and the Adversary Proceeding demonstrate that a stay would cause harm to the Estate and its stakeholders.

34.    The March 13 Order directing the Sale of the Townhouse is final; both the Debtor and Marianne expressly agreed to have the Townhouse sold; and no cause has been established to delay the marketing and sale of the Townhouse, especially while the carrying costs of it increase and go unpaid. The Debtor, in particular, was well represented by an experienced bankruptcy practitioner, Anne Penachio. Regarding the Trustee's sale, the Debtor's rights have been protected.

35.    The Debtor's sister, Marianne, has been anything but helpful in respecting the Trustee's rights and duties. And in any event, in prior proceedings before this Court in which she participated fully, she consented to the sale.

36.    In deciding a motion for a stay of a bankruptcy court order, "[t]he court must consider: '(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *In re New York Skyline, Inc.*, 520 B.R. 1, 4 (S.D.N.Y. 2014) (internal quotation marks omitted) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

37.    The burden is on the moving party to establish that these factors balance in favor of a stay. *Id*. at 5. Moreover, "[t]he first two factors are the most critical," *id*. at 4 (citing *Nken*, 556 U.S. at 434), and "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the applicant] will suffer absent the stay" – in other words, showing "more of one excuses [showing] less of the other," *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002); *199 E. 7th St. LLC v. Harrington*, No. 16 Civ. 7868 (S.D.N.Y. Oct. 13, 2016), ECF No. 6.

9

38.    Both the Debtor and Marianne signed the listing agreement for the Debtor's retention of Sotheby's as the real estate broker for the sale of Townhouse.  *See* Docket No. 80.

39.    The Debtor sought entry of the Sale Procedures Order.

40.    The Debtor's Plan provided for, among other things, the sale of the Townhouse.

41.    Last, Marianne has filed written statements in the Chapter 11 Case disclaiming any ownership interest in the Townhouse.

42.    The Trustee respectfully submits that neither the Debtor, Marianne nor Gemeaux can make any showing that they could be likely to succeed on the merits in any bid to stay or delay the marketing and sale of the Townhouse pursuant to the March 13 Order.[6]  Nor have they articulated any irreparable harm.

43.    The imposition of a stay will substantially injure other parties in the Chapter 11 Case:  parties that assert claims secured by liens against the Townhouse[7] and all of the other stakeholders of the Estate.  Indeed, unpaid real estate taxes, unpaid utility costs, and sums due to parties asserting mortgage and other liens continue to accrue, some at default interest rates.  For those reasons, the Trustee respectfully submits that imposition of a stay will substantially injure the Estate and its stakeholders.

44.    Finally, the public interest lies in the efficient and uninterrupted administration of the Chapter 11 Case and the implementation of this Court's orders.

---

[6]    Approval of any sale of the Townhouse will be sought by a separate written application on notice to all parties in interest.

[7]    The Trustee has not yet determined the validity of all of the liens against the Townhouse.

Pursuant to Bankruptcy Code section 105(a), and applicable caselaw, this Court has "'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.'" *Louis Vuitton Malletier S.A. v. LY, Inc.*, 676 F.3d 83-96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

**WHEREFORE**, based upon the foregoing, the Trustee respectfully requests that the Court deny the requests for a stay that have been docketed in the Chapter 11 Case during the last days, and that he be permitted to implement this Court's prior orders and otherwise discharge his statutory duties without delay.

Dated:   New York, New York
         April 30, 2024

Respectfully Submitted,

ALBERT TOGUT, not individually but solely
in his capacity as Chapter 11 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
BRIAN F. SHAUGHNESSY
MARTHA E. MARTIR
JOHN C. GALLEGO
One Penn Plaza
New York, New York 10119
(212) 594-5000

**<u>EXHIBIT 1</u>**

**Chapter 11 Case Docket No. 130**

April 27, 2024

Clerk of the Court

United States Bankruptcy Court

Southern District of New York

One Bowling Green Room 614

New York, New York 10004-1408

Regarding Legal representation re: Case no 23-10627MEW/2024

To: Clerk of the Court

I am writing to you as the Clerk of the Court:

I hereby request a Stay of 30-45 days to enable me to complete the hire of new counsel to represent me in the proceeding 23-10627 MEW 2024. This is already being done.

I am a US Citizen and understand that as such, I am entitled to proper legal assistance. It has come to light that certain matters were not disclosed to me.

I am in the process of changing attorneys and have advised Anne Penachio,Esq. of which she is aware and which has already been commenced.

There were Misrepresentations made to the Court, and Ms. Penachio failed to advise me of certain meetings, etc. of which I should have been advised.

The subject of this proceeding was a business matter to Gemeaux Ltd.

Payment needed to complete and pay off a Chapter 11 proceeding with a Corporation, and not a personal Bankruptcy.

I need to protect the interest in my primary residence where I have lived for over 40 years.

Please place my request in the Docket for a Stay for the new attorney to review and replace Ms. Penachio.

I am sending this by Hand for delivery April 29, 2024.

Sincerely and sincerely   *Peggy Nestor*

Peggy Nestor

April 27, 2024


Clerk of the Court

United States Bankruptcy Court

Southern District of New York

One Bowling Green Room 614

New York, New York 10004-1408


Regarding Legal representation re: Case no 23-10627MEW/2024


To: Clerk of the Court

I am writing to you as the Clerk of the Court:

I hereby request a Stay of 30-45 days to enable me to complete the hire of new counsel to represent me in the proceeding 23-10627 MEW 2024. This is already being done.

I am a US Citizen and understand that as such, I am entitled to proper legal assistance. It has come to light that certain matters were not disclosed to me.

I am in the process of changing attorneys and have advised Anne Penachio,Esq. of which she is aware and which has already been commenced.

There were Misrepresentations made to the Court, and Ms. Penachio failed to advise me of certain meetings, etc. of which I should have been advised.

The subject of this proceeding was a business matter to Gemeaux Ltd.

Payment needed to complete and pay off a Chapter 11 proceeding with a Corporation, and not a personal Bankruptcy.

I need to protect the interest in my primary residence where I have lived for over 40 years.

Please place my request in the Docket for a Stay for the new attorney to review and replace Ms. Penachio.

I am sending this by Hand for delivery April 29, 2024.

Sincerely and sincerely

Peggy Nestor

**<u>EXHIBIT 2</u>**

**Chapter 11 Case Docket No. 131**

Marianne Nestor Cassini

April 27, 2024

Clerk of the Court
United States Bankruptcy Court
Southern District of New York
One Bowling Green Room 614
New York, New York 10004-1408

Regarding: Legal representation case no: 23-10627MEW 2024/15/2024

To : Clerk of the Court

As advised by the email of the Chambers of the Honorable J Michael Wiles ,

Exhibit One

I am writing to you as Clerk of the Court .

I hereby request a stay of 30-60 days to enable me to hire competent counsel to represent me in the proceeding 23-10627MEW 2024 . I am a United States Citizen, and understand, as such, I am entitled to legal assistance & an attorney .

I understand as per the email of the Honorable Judge Wiles, a formal request needs to be put on the Docket. It would be requested and appreciated that this be done.

I am not currently represented by Counsel, in this matter and the relief sought is a 30-60 day stay to hire competent legal representation, to protect my interests.

I am sending this by Federal Express - return receipt requested, and e mail, as well.

My e mail address is: mariannenestor1@gmail.com
my phone is: 917 679 2558 .

Mail May be sent to:

15 East 63rd Street
New York, New York 10065

or
PO Box 2278
Radio City Station
New York, New York 10019

I am not in bankruptcy and Anne Penacio Esq. is not my attorney.  Accordingly I am making this request. Kindly place it on the docket, as per the instructions of Judge Wiles . Exhibit  One

Additionally, this was  to be a chapter 11, proceeding  as Gemeaux Ltd.,  has a commercial loan with Lynx Asset and is owned jointly by Peggy Nestor and Marianne Nestor since 1973 . Apparently a mistake was made .

A separate request will be made for Gemeaux Ltd and will be made under separate cover.

Awaiting your advice.  Thank you. This matter is Urgent.

Respectfully and Sincerely,

Marianne Nestor Cassini

Exhibit One

To whom it may concern. Thank you for the information. It will be done. I was so shocked by the abuse to my young niece, this morning, that I reacted immediately and protectively.

I appreciate your advice. I intend to hire a constitutional attorney to assist.

Thank you for your anticipated cooperation.

Respectfully & sincerely,

Marianne Nestor Cassini


On Apr 26, 2024, at 4:07 PM, NYSBml_Wiles_Chambers <wiles.chambers@nysb.uscourts.gov> wrote:


The Chambers email address and the email addresses of Chambers' staff are **NOT** to be used to communicate with the Court about pending cases or to file requests for relief. Nor should telephone messages be left with Chambers' staff concerning requests for relief.

The Judge only reviews items on the docket of the case. Therefore, if you plan to file something seeking any type of relief or if you wish the Court to consider something, it should be sent to the Clerk of the Court at the address below.

Any document filed should have the name and number of the relevant bankruptcy case.

To send the submission by hand or mail, deliver it to:
    Clerk of the Court
    United States Bankruptcy Court
    Southern District of New York
    One Bowling Green, Room 614
    New York, NY 10004-1408

CAUTION - EXTERNAL:


April 26, 2024

Honorable Michael Wiles
United States Bankruptcy Court
One Bowling Green
New York, New York

Re: Case no. 23-10627MEW 2024

Your Honor Judge Wiles

My name is Marianne Nestor Cassini, and am writing this letter to request 30 - 45 Days to hire a constitutional attorney to represent me in the proceeding that you are handling case no. 23 10627MEW 2024. I am not in bankruptcy.

My understanding is that as a US citizen, and the Constitution I am entitled to an attorney of my choice to defend myself, re papers that Mr. Berger wanted to deliver to my niece.

A person named Neil Berger esq showed up today to a building purchased by Peggy Nestor & Marianne Nestor February 23, 1984 - over 40 years ago - 15 East 63rd Street NYC . It is Peggy's primary residence since that time.

Peggy is a  rent stabilized tenant in her own building and it is her only real property.

Mr. Berger was threatening my young niece who lives in the building, she was very frightened, and called me . He said that he was breaking down the door . It is shocking - like Poland in the 1940's. My niece was scared .

Anne Penacio is not my attorney, and does not represent me . She stated that she was a friend of Mr. Berger and  that the legal community in White Plains was small & close knit. Sounds like a conflict .

For your information, all paperwork requested by the team Togut was sent on 4/01, 4/08, 4/22, 4/25 including interested party - sent to your Honor, as well with exhibits A-T - dropped off at the Bowling Green Court.

My sister, Peggy,  has been ill with a bacterial infection, as is her dog.

All was done on time by Peggy & all bank statements sent last year,
confirmed by Anne Penacio Esq . September  2023 - accordingly Anne misspoke at the last conference - March 5, 2024.

I need time to research the  service of an attorney, which is I believe the right of all citizens.

I would appreciate your ordering the 30-45 stay for me to achieve that & not be harassed.

Peggy was misinformed, regarding the nature of the case. As the loan was a commercial loan made with Gemeaux Ltd., and Peggy & I both own 50% each of Gemeaux Ltd. the amount was less than the cap, and should have been handled as a Chapter 11, business of Gemeaux's .    Peggy was misinformed by her attorney.

It was not a personal bankruptcy
but a chapter 11 business loan, all payments were made by Gemeaux Ltd. until the illegal seizure of my person - which was deemed such by the AD2 on 2/13/2020, and all was vacated .

I have called your 2 law clerks with no response. Sorry to bother your Honor, but this is important to me.
My phone number is 917 679 2558.

Thank you in advance .

Respectfully & Sincerely,

Marianne Nestor Cassini



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
201 W RIVERCENTER BLVD
COVINGTON, KY  41011
STOP  824G

Marianne Cassini
135 E 19th Street
New York, NY  10003

PERSON TO CONTACT:
Ms. Webster
TELEPHONE NUMBER:
1-866-699-4083 EXT 443404
FAX NUMBER:
855-386-5128
DATE:
July 24, 2017

RE:    Oleg Cassini Estate

SSN:    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V
FORM: 706

Dear Ms. Cassini:

The amended return dated March 17, 2017,  for the above estate has been accepted as filed.  The figures on the closing letter will remain the same.  Therefore, no new letter will be issued.

If you have any questions regarding this information, please feel free to contact me at the above number.

Sincerely,

Enclosures:
Copy of letter

Paralegal Specialist
Estate & Gift

## EXHIBIT 3

**Chapter 11 Case Docket No. 132**

## Gemeaux Ltd.

April 29, 2024

Clerk of the Court
United States Bankruptcy Court
Southern District of New York
One Bowling Green  Room 614
New York, New York 10004 - 1408

Regarding Legal Representation case no. 23-10627MEW 2024/15/2024

To: Clerk of the Court

Gemeaux Ltd. Is writing to you as Clerk of the Court .

Gemeaux Ltd. hereby requests a stay of 30-60 days to enable it to hire counsel to represent it in the proceeding 23-10627MEW 2024 . Gemeaux Ltd. Is a New York State company in good standing and in business since 1973 .

Please be advised that this is a formal request  to be put on the Docket of  the Honorable Judge Michael Wiles.

Gemeaux Ltd. is involved in a business loan to be paid back to Lynx Asset, a Florida Corporation, and is/was prepared to do so. A corporate chapter 11.

Gemeaux Ltd is owned by Peggy Nestor and Marianne Nestor Cassini, since it's inception in business November 1973.

Gemeaux Ltd. is not currently represented by Counsel, in this matter and the relief sought is a 30-60 day stay to enable it to hire competent legal counsel, to advance & protect its interests .

The e mail address for Gemeaux Ltd. is Gemeauxltd@aol.com, the office & street address being :

15 East 63rd Street -
New York, New York 10065 .

Gemeaux Ltd. thanks  you in advance for your assistance and anticipated  cooperation.

Respectfully,

Peggy Nestor
President
Gemeaux Ltd.
15 East 63rd Street
New York, New York 10065

## Exhibit One

Southern District of New York - Claims Register

Claim No 1
New York State Dept of Taxation &. Finance
Amount Claimed $6,490.89
Priority Claimed $51,551. Nothing due nor aware of - No contact re: Claim

> Letter of inquiry for clarification and details regarding this Claim to:
> New York State Department of Taxation and Finance.
> Bankruptcy Section
> PO Box 0300
> Albany NY 12205-0300
> Pugiliese, David
> Exhibit A

Claim No 2
Internal Revenue Service.
Amount claimed $72,527,99
Priority claimed  $58,117.99 Nothing due - No contact re: this.

> Letter of inquiry for clarification and details regarding this Claim to:
> Internal Revenue Service (8016148) Maria Valerio
> PO Box 7346
> Philadelphia, Pa. 19101-7346
> Exhibit B

Claim No 3
Bank of America
Amount claimed $500.00
Nothing due - Have no information nor communication re B of A..

> Letter of inquiry for clarification and details regarding this Claim to:
> Bank of America NA PO Box 673033
> Dallas Texas 75267-3033
> Attn: Jeffrey Randall
> Exhibit C

Claim No 4
Bank of America $43,935.56
Nothing due - perhaps a mistake;
There has been no communication re: this.

> Letter of  inquiry for clarification and details regarding this Claim to:
> Bank of America NA
> PO Box 673033
> Dallas, Texas
> Attn: David Barbour
> Exhibit D

Claim No 5
Emigrant Bank - Due approximately $3,510,016.21 as of 8/15/2023
A Personal Home Mortgage of Peggy Nestor which is up to date.
(Can continue for term since 2010 - 2050)
See Attached letter dated 7/7/2023
Exhibit E

Claim No 6
Bank of America $15,013,34
        Letter of inquiry for for clarification and details as there has been no communication re:
        this.
Bank of America NA
PO Box 673033
Dallas Texas 75267-3033
Attn: James William Allred
Exhibit F

Claim No 7 & 8
Gemeaux Ltd. (Two Business Loans)
Prime Plus LLC Amount due is $2,300,000. for both loans.
Letter of CFO of Prime Plus re: total payoff of $2,300.000.
Exhibit G

Claim No 9
Nassau County Public Administrator No Monies due.See attached Decision & Order J. Verna
Sanders.
Exhibit H

Peggy Nestor is owed for Loans re: Cassini entities:
Amount due: $61,613,236.00,million dollars
Exhibit I

For monies due for 19 years of Use & Occupancy  office and showroom space due to
Peggy Nestor - Amount due: $34,680,540.8
Exhibit J

37& 1/2 % OC revenue regarding Licensing and Management Contracts from 1982 & 1983.
Due to Gemeaux Ltd. between $10, and $12, Million Dollars.
Exhibit K

See Claims of Marianne Nestor Cassini - Mrs. Oleg Cassini in Cassini Federal Case re:
$350,000,000. RICO acts committed.
Exhibit L

Claim No 10
Lynx Assets Services LLC has a Business Loan with Gemeaux Ltd. of $9,500,000.
The monthly interest on the $9,5MM note is $91,000.  Six months were taken out of the loan
($586,000. for interest at closing).  Additionally, Gemeaux Ltd. paid $1,092,000.00 in interest
through May 15, 2018.  During the Pandemic, certain items were not allowed including late
fees plus interest, these fees were included in the accounting estimates of Lynx Assets.
Additionally, $132,000. annually,or $11,000. monthly for insurance on a $9,5 million dollar loan
is high.

Claim No 11
Claim of Rosalia Baiamonte of $9,681,629.97 is **Absolutely false.**
To note due to Peggy Nestor:
Claims by Peggy Nestor exceed       $100,000.000.
15 years of Use and Occupancy       $ 34,000,000.
Loans to Cassini Entities              $. 60,000,000.
Legal Fees Successor Executor       $.     549,000.

Attorney Jeffrey Miller and his client, Ms. Baiamonte, (whose appointment of 7/1/2016, was
vacated by the AD2, February 13, 2020), failed to pay Gemeaux Ltd. causing the default in
payments to Lynx Assets Services LLC.

Gemeaux Ltd. (a company in business since 1973), initiated and accomplished all the
Licensing, Design, Projects  Public Relations thereby creating all the revenue for OC and
OCI.

Exhibit M Raymond V, Nicotera Letter and Incorporation of Gemeaux Ltd.

The intention is to payoff the Lynx Assets Services loan with Gemeaux Ltd. and to settle
with Michael Alfieri.

A brutal takeover by Ms. Baiamonte, Mr. Miller, and Group (currently a Federal RICO case ),
details the shutting down of the business, closing bank accounts, seizing cash and benefiting
them selves in the millions of dollars, as a group.  This hostile, defamatory, and self serving
treatment of the businesses and bank accounts, caused the current and ongoing problems.
She stated that she was to preserve and protect the entities of my sister's companies, yet
instead she destroyed same.
Exhibit N

The Ex Parte attachment done within six days or February 19, 2020, of the Decisions and
Orders of the four Judges of The Appellate Division 2 AD2 vacating all the actions that had
taken place by Farrell Fritz,Mr. Miller, Ms. Baiamonte, Kenneth Mahon attorney for the PA
Jeffrey DeLuca. This was done by the group in full knowledge and In contempt of the AD2
Decisions and Orders.

Lynx Asset attorney : Ms. Volkov
To Note: re: Claim No 10:
A number of charges are in dispute due to Pandemic, ie: no late charges, etc.
For example: Insurance charges at $132,000. for the $9,5 MM note.
This Is double in price for $25mm @ $51K.

Again, the intention is to complete the payoff to Mr. Mike Alfieri of Lynx Assets Services from
Gemeaux Ltd. for his company's loan of $9,5MM.  Thank you, and to note, Gemeaux Ltd.
has already paid $1,456,000.MM in interest.

Lynx Assets Services, upon payoff by Gemeaux Ltd., will have been well compensated at
nearly double the  investment in interest, and Mr. Alfieri has been personally thanked and
does know that the 'Spanner in the Works' was the ex parte attachment of February 19, 2020
done by Mr. Harper of Farrrell Fritz firm in contempt of the Decisions and Orders of the four
Judges of the Appellate Division 2 dated February 13, 2020, which vacated all the activities
of the so called creditors, actually predators, Miller, Baiamonte, Mahon, Harper, Barnosky, etc.

Attorney Jeffrey Miller and his client Ms. Baiamonte, (whose appointment of 7/1/2016, was vacated by the AD2, February 13, 2020) failed to pay Gemeaux Ltd. causing the default in payments to Lynx Assets Services LLC.

Gemeaux Ltd. is a company in business since 1973, initiated and accomplished all the Licensing, Design, Projects  Public Relations thereby creating all the revenue for OC and OCI.

Exhibit M Raymond V, Nicotera Letter and Incorporation of Gemeaux Ltd.

The intention is to payoff the Lynx Assets Services loan with Gemeaux Ltd. and to settle with Michael Alfieri.

A brutal takeover by Ms. Baiamonte, Mr. Miller, and Group (currently a Federal RICO case ), details the shutting down of the business, closing bank accounts, seizing cash and benefiting them selves in the millions of dollars, as a group. This hostile, defamatory, and self serving treatment of the businesses and bank accounts, caused the current and ongoing problems. Exhibit N

The Ex Parte attachment done within six days or February 19, 2020, of the Decisions and Orders of the four Judges ofThe Appellate Division 2 AD2 vacating all the actions that had taken place by Farrell Fritz,Mr. Miller, Ms. Baiamonte, Kenneth Mahon attorney for the PA Jeffrey DeLuca. This was done by the group in full knowledge and In contempt of the AD2 Decisions and Orders.

Lynx Asset attorney : Ms. Volkov
To Note: re: Claim No 10:
A number of charges are in dispute due to Pandemic, ie: no late charges, etc.
For example: Insurance charges at \$132,000. for the \$9,5 MM note.
This Is double in price for \$25mm @ \$51K.

Again, the intention is to complete the payoff to Mr. Mike Alfieri of Lynx Assets Services from Gemeaux Ltd. for his company's loan of \$9,5MM. Thank you, and to note, Gemeaux Ltd. has already paid \$1,456,000.MM in interest.

Lynx Assets Services, upon payoff by Gemeaux Ltd., will have been well compensated at nearly double the  investment in interest, and Mr. Alfieri has been personally thanked and does know that the 'Spanner in the Works' was the ex parte attachment of February 19, 2020 done by Mr. Harper of Farrrell Fritz firm in contempt of the Decisions and Orders of the four Judges of the Appellate Division 2 dated February 13, 2020, which vacated all the activities of the creditors, Miller, Baiamonte, Mahon, Harper, Barnosky, etc.

I have an excellent reputation in fashion, and hav done many positive programs, books, etc. in my career, and it is important for people and associates to continue to respect me.

The self serving defamatory commentary regarding me by attacking attorneys who are paying themselves whilst calling the victim a thief is very troubling to me after my over a half century in fashion, design, licensing, design and creating positive public relations, visibility and ongoing strong revenue growth.

Solution:
Re: With the lifting of the ex parte attachment in order to pay Lynx Assets from Gemeaux Ltd. The funding is ready and could be applied and their suit is satisfied.
And any. Real or imagined creditors could be dealt with in a Claims Courts or if owed anything could be settled directly, without losing my home.

My home of 39 years could be saved and business could be restored, and I could be out of the Chapter 11. This Bankruptcy notice could come off the internet, as it has been shocking to my family and business associates. I don't know who placed it and it is damaging. I believe it was placed from Farrell Fritz as was most of the negatives narrative done by Robert Harper.