UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
PEGGY NESTOR,                                                    :    Case No. 23-10627 (MEW)
                                                                 :
                              Debtor.                            :
                                                                 :
-----------------------------------------------------------------x

**ORDER (I) APPROVING CERTAIN KEY DATES
RELATING TO CONFIRMATION OF THE TRUSTEE'S PLAN,
INCLUDING SCHEDULING A COMBINED HEARING TO CONSIDER
APPROVAL OF TRUSTEE'S DISCLOSURE STATEMENT AND PLAN;
(II) APPROVING THE FORM AND MANNER OF COMBINED HEARING
NOTICE; (III) APPROVING THE TRUSTEE'S DISCLOSURE STATEMENT
ON A PROVISIONAL BASIS; (IV) APPROVING (A) PROCEDURES
FOR SOLICITATION, (B) FORMS OF BALLOTS, (C) PROCEDURES
FOR TABULATION OF VOTES, AND (D) PROCEDURES FOR OBJECTIONS**

Upon the application [Docket No. 842] (the "Application")[1] of Albert Togut, not individually but solely in his capacity as Chapter 11 trustee (the "Trustee") of the estate (the "Estate") of Peggy Nestor (the "Debtor"), the debtor in the above-captioned case (the "Chapter 11 Case") for entry of an order (this "Order"), pursuant to sections 105, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and 9006, Local Rules 3017-1, 3018-1, and 3020-1, and the *Guidelines for Combined Disclosure Statement and Plan, Combined Hearings on Approval of Disclosure Statement and Confirmation of Plan, and Conditional Approval of Disclosure Statement*, General Order M-634 (Glenn, C.J.): (i) approving the Plan Confirmation Schedule (as defined below), including scheduling the Combined Hearing (as defined below) to consider final approval of the *Disclosure Statement for*

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Application, Plan or Disclosure Statement, as applicable.

*the Amended Chapter 11 Trustee's Plan* (as may be amended, modified, and/or supplemented from time to time, the "Disclosure Statement") [Docket No. 872] and confirmation of the *Amended Chapter 11 Trustee's Plan* (as may be amended, modified, and/or supplemented from time to time, the "Plan") [Docket No. 870]; (ii) approving the form and manner of notice of the Combined Hearing; (iii) approving the adequacy of the Disclosure Statement on a provisional basis pending final approval at the Combined Hearing; and (iv) approving (a) the Solicitation Procedures (as defined below), (b) the form of Ballots to be distributed in connection with solicitation, (c) the Tabulation Procedures, and (d) the procedures for obtaining copies of the Plan and Disclosure Statement and for filing objections to final approval of the Disclosure Statement and confirmation of the Plan, all as set forth more fully in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein under 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. § 1408; and due and sufficient notice of the Application and the deadline for objecting thereto having been provided; and it appearing that no other or further notice is necessary; and the Court having reviewed the Application, the Disclosure Statement, and the papers in support thereof and in opposition thereto (if any); and based upon the foregoing and upon the record made at the hearing held on February 3, 2026 and upon all prior proceedings, the Court having determined that the relief sought in the Application is in the best interests of the Estate, the creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

2

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. On an interim basis, the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and no further information is necessary, pending final approval at the Combined Hearing.

2. The distribution procedures and contents of the Solicitation Package (as defined below), including the notice of the Combined Hearing, substantially in the form attached hereto as **Exhibit A** (the "Combined Hearing Notice"), comply with Bankruptcy Rules 2002 and 3017 and Local Rule 3017-1 and constitute good and sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, the Objection Deadline, the Combined Hearing, and all related matters.

3. The form of Ballot, substantially in the form attached hereto as **Exhibit B** is consistent with Official Form No. B314, addresses the particular needs of this Chapter 11 Case, and provides adequate information and instructions for each person or entity entitled to vote to accept or reject the Plan.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

4. The Disclosure Statement is provisionally approved as within the meaning of section 1125(a) of the Bankruptcy Code, pending the Combined Hearing. At the Combined Hearing, the Court will further consider the approval and adequacy of the Disclosure Statement on a final basis and confirmation of the Plan.

I. **Plan Confirmation Schedule and Combined Hearing**

5. The following schedule in connection with final approval of the Disclosure Statement and confirmation of the Plan (the "Plan Confirmation Schedule") is hereby approved:

3

| Event | Date |
|---|---|
| Voting Record Date (as defined below) | Wednesday, January 21, 2026 |
| Commencement of Solicitation (the "Solicitation Commencement Deadline") | Wednesday, February 4, 2026 |
| Deadline to File Rule 3018(a) Motion for Temporary Allowance of Claim for Voting Purposes | Monday, February 23, 2026[2] |
| Plan Supplement Filing Date (as defined below) | Wednesday, February 25, 2026 |
| Deadline to Vote to Accept or Reject the Plan (the "Voting Deadline") | Wednesday, March 4, 2026 at 5:00 p.m. (prevailing Eastern Time) |
| Deadline for Objections to Disclosure Statement/ Plan Confirmation (the "Objection Deadline") | Wednesday, March 4, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Voting Certification Deadline | Friday, March 6, 2026 |
| Deadline for Replies to Objections to Disclosure Statement/Plan Confirmation (the "Reply Deadline") | Monday, March 9, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Combined Disclosure Statement/ Confirmation Hearing (the "Combined Hearing") | Wednesday, March 11, 2026 at 2:00 p.m. (prevailing Eastern Time) |

6.      The Combined Hearing may be adjourned or continued from time to time by the Court or the Trustee without further notice other than an announcement in open court or as indicated in any notice or hearing agenda that is filed with the Court. The Combined Hearing Notice, substantially in the form attached hereto as **Exhibit A** is hereby approved.

---

[2] If any Rule 3018(a) motion is filed by this date, the Trustee shall file a reply on February 24, 2026, and the Court will hear the motion at the hearing scheduled for February 25, 2026 at 11:00 a.m. (prevailing Eastern Time). In addition, if the Trustee files an objection to a claim on or after February 16, 2026, and if as a result thereof the claim would be disallowed for voting purposes, the deadline for the filing of a motion for temporary allowance shall be extended to the date that is 7 days after the filing of the Trustee's objection.

4

7. The Ballot, substantially in the form attached hereto as **Exhibit B** is hereby approved; *provided* that the Trustee shall revise the form of Ballot to ensure Holders of Claims in separate Classes receive a distinct Ballot.

8. As promptly as practicable following entry of this Order, and in any event no later than the Solicitation Commencement Deadline, the Trustee shall, through his counsel, Togut, Segal & Segal LLP (the "Togut Firm"), mail solicitation packages (each, a "Solicitation Package") to the Holders of Claims in Class 3 (Allowed Lynx Secured Claim), Class 4 (Prime Plus Mortgages Claims), Class 5 (Attachment Lien Claims),[3] Class 6 (Wenig Saltiel Claim), and Class 8 (General Unsecured Claims) (collectively, the "Voting Classes"), which are entitled to vote on the Plan, as well as the U.S. Trustee. Each Solicitation Package shall contain the following:

(i) the Combined Hearing Notice;

(ii) a copy of this Order;

(iii) a copy of the Disclosure Statement

(iv) a copy of the Plan; and

(v) a personalized Ballot to cast a vote on the Plan.

9. Where the Trustee has an email address on file for a Holder of Claims in the Voting Classes, the Trustee may transmit an electronic version of the Disclosure Statement and Plan in lieu of paper copies. The Trustee shall use reasonable efforts to identify a replacement address and re-distribute any Solicitation Package that is returned without a forwarding address.

---

[3] For the avoidance of doubt, Holders of Attachment Liens (as defined in the Plan) shall not be entitled to vote in favor of or against the Plan.

5

10. As promptly as practicable following entry of this Order, and in any event no later than the Solicitation Commencement Deadline, the Trustee shall utilize the services of the Togut Firm to mail the Combined Hearing Notice to Holders of Claims or Interests in Class 1 (Priority Non-Tax Claims), Class 2 (Emigrant Mortgage Claim), Class 7 (Other Secured Claims), and Class 9 (Equity Interests) (collectively, the "Non-Voting Classes"), which Holders are not entitled to vote on the Plan.

11. Where the Trustee has an email address on file for a Holder of Claims in the Non-Voting Classes, the Trustee may transmit an electronic version of the Disclosure Statement and Plan in lieu of paper copies. The Trustee shall use reasonable efforts to identify a replacement address and re-distribute any Combined Hearing Notice that is returned without a forwarding address.

12. Holders of Claims and Interests in the Voting Classes or Non-Voting Classes may request copies of the Disclosure Statement and Plan by contacting the Togut Firm (a) in writing at the Togut Firm, One Penn Plaza, Suite 3335, New York, NY 10119 (Attn: Martha E. Martir and Christian Ribeiro), (b) by calling (212) 594-5000 or (c) via email at mmartir@teamtogut.com or cribeiro@teamtogut.com.

13. As promptly as practicable following entry of this Order, and in any event no later than the Solicitation Commencement Deadline, the Trustee shall utilize the services of the Togut Firm to mail the Combined Hearing Notice to all known creditors and parties in interest; and any other party which has filed a request for notice in this Chapter 11 Case.

14. By no later than the Solicitation Commencement Deadline, the Trustee shall cause the Combined Hearing Notice and this Order to be published on the Debtor's docket.

6

15. Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the Debtor's or Trustee's rights, as applicable, in any other context, the following procedures shall be utilized for determining the amount of each Claim within a Class of Claims that is entitled to vote to accept or reject the Plan:

(a) If a Claim is deemed Allowed under the Plan or a stipulated agreement between the parties, such Claim will be temporarily Allowed for voting purposes in the deemed Allowed amount set forth therein;

(b) If a Claim for which a proof of claim was timely filed or was listed in the Schedules in an amount that is liquidated, non-contingent, and undisputed, such Claim is Allowed for voting in the amount set forth on the proof of claim or the Schedules;

(c) If a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Trustee's counsel) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(d) If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily Allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(e) If a Claim has been estimated or otherwise Allowed for voting purposes by order of the Court, such Claim is temporarily Allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f) If a Claim is listed in the Debtor's Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be Allowed for voting;

(g) Proofs of claim filed for $0.00, and not filed as contingent or unliquidated, are not entitled to vote;

(h) If the Trustee has served an objection or request for estimation as to a Claim at least fourteen (14) days before the Voting Deadline, such Claim

7

    is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i) Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Trustee has objected to such duplicate Claims;  and

(j) If a proof of claim has been amended by a later filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the Trustee has objected to such earlier filed Claim.

16. The following Tabulation Procedures shall be utilized in tabulating the Ballots:

(a) Ballots received after the Voting Deadline will not be counted by the Togut Firm, except as expressly provided herein or in the event that the Voting Deadline is extended by the Trustee and subject to any contrary order of the Court;

(b) Holders of Claims must vote all of their Claims in a class either to accept or reject the Plan and may not split their votes with respect to Claims in the same class;

(c) any Ballot (or group of Ballots with respect to the Claims in a class received from a single creditor) that partially rejects and partially accepts the Plan will not be counted;

(d) the method of delivery of Ballots to be sent from each Holder of a Claim in a Voting Classes to the Togut Firm (in accordance with the instructions provided on the Ballots) is at the election and risk of each Holder of a Claim, and will be deemed made only when the original executed Ballot is actually received by the Togut Firm;

(e) a Ballot received by email or facsimile will not be counted;

(f) no Ballot sent to the Debtor will be counted;

(g) if multiple Ballots are received from, or on behalf of, an individual Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest valid Ballot timely received will be deemed to reflect the intent of such Holder and to supersede and revoke any prior Ballot with respect to such Claim;

8

(h) if a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing. The Trustee may request proper evidence prior to accepting such Ballot;

(i) any Holder of a Clam entitled to vote that has delivered a valid Ballot may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(j) subject to any contrary order of the Court, the Trustee reserves the right to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Trustee or their counsel, not be in accordance with the provisions of the Procedures Order or the Bankruptcy Code; *provided*, *however*, that the Trustee shall use reasonable efforts to notify any Holder submitting a Ballot not in proper form of any such defects and its intent to reject such Ballot if the alleged defects are not remedied. Any disputes regarding the form of any Ballot shall be determined by the Court;

(k) to the extent there are multiple Claims within the Voting Classes held by a particular Holder, the Trustee may, in their discretion, aggregate the Claims of such particular Holder within the Voting Class for the purposes of counting votes;

(l) unless waived by the Trustee, or as ordered by the Court, any defects or irregularities in connection with the deliveries of the Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived; and

(m) notwithstanding anything to the contrary herein, the Trustee, in his sole discretion, subject to any contrary order of the Court, may waive any defect in any Ballot at any time, whether before or after the Voting Deadline and without notice.

17. The Trustee is authorized to accept duly completed and executed Ballots delivered by regular mail, courier, or delivery services and actually received by the Voting Deadline (*i.e.*, March 4, 2026 at 5:00 p.m. (prevailing Eastern Time)) by the Togut Firm at the following address: Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119 (Attn: Martha E. Martir and Christian Ribeiro).

9

18. In addition, to accepting Ballots by regular mail, courier, or delivery services, the Trustee is authorized to accept Ballots via physical delivery at Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119 (Attn: Martha E. Martir and Christian Ribeiro). Ballots submitted by facsimile, or any other means of electronic submission not specifically authorized by this Order shall not be counted.

19. The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (a) any Ballot received after the Voting Deadline, even if postmarked before the Voting Deadline (except as expressly provided herein or in the event that the Voting Deadline is extended by the Trustee); (b) any Ballot submitted by facsimile, or any other means not specifically authorized herein; (c) any Ballot that is properly completed, executed, and timely returned to the Trustee's counsel but does not indicate an acceptance or rejection of the Plan; (d) any Ballot that is properly completed, executed, and timely returned to the Trustee's counsel but indicates both an acceptance or rejection of the Plan; (d) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (e) any Ballot not bearing an original signature on the line adjacent to the "Signature:" label in the certification section therein; and (f) any form of Ballot other than the official form sent by the Togut Firm or a copy of the official form. As set forth in the Tabulation Procedures above, the Trustee shall use reasonable efforts to notify any Holder submitting a Ballot not in proper form of any such defects and its intent to reject such Ballot if the alleged defects are not remedied. Any disputes regarding the form of any Ballot shall be determined by the Court.

20. The Togut Firm will process and tabulate Ballots for the Voting Classes and, prior to the Combined Hearing, will file the voting certification (the "<u>Voting Certification</u>")

10

no later than the Voting Certification Deadline (*i.e.*, March 6, 2026). Such Voting Certification must indicate the number of Ballots issued or mailed and received, and all instances in which (a) Ballots were withdrawn, (b) votes were changed by the filing of superseding Ballots, (c) the Voting Deadline was extended, and (d) every irregular Ballot including, without limitation, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or necessary information, damaged, or received via facsimile, or any other means not authorized by this Order. With regard to section (d) of this paragraph, the Voting Certification will indicate the Trustee's intentions with regard to such irregular Ballots.

21. Nothing contained in the Solicitation Procedures or the Tabulation Procedures shall serve as or be deemed a waiver of the Trustee's right to object to any filed proof of claim.

22. Any objections to approval of the Disclosure Statement or confirmation of the Plan shall:

(a) be in writing;

(b) comply with the Bankruptcy Rules, the Local Rules, Chambers' procedures and orders of this Court;

(c) state the name and address of the objecting party and the nature and amount of the claim against or interest in the estate or property of the Debtor;

(d) state with particularity the legal and factual basis for such objection;

(e) be filed with the Clerk of the Court, together with proof of service thereon; and

(f) be served by mail, email or hand delivery, so as to be **actually received** no later than 4:00 p.m. (prevailing Eastern Time) on the Objection Deadline (*i.e.*, March 4, 2026) by: (i) counsel to the Trustee, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Brian F. Moore, Esq. (bmoore@teamtogut.com) and Martha E. Martir (mmartir@teamtogut.com); (ii) the U.S. Trustee, Office of the United States Trustee, One Bowling Green, Suite 511, New York, New York

11

10004, Attn.: Daniel Rudewicz, Esq. (daniel.rudewicz@usdoj.gov); (iii) counsel to Lynx, McGrail & Bensinger LLP, 999-C 8th Avenue #107, New York, New York 10019, Attn: Ilana Volkov, Esq. (ivolkov@mcgrailbensinger.com); and (v) any other party that has filed a request for notice in this Chapter 11 Case.

23. Unless an objection to the Disclosure Statement or Plan is timely filed and served pursuant to the above procedures, such objection may not be considered by the Court.

24. Any replies or an omnibus reply filed by the Trustee to any filed objections to approval of the Disclosure Statement or confirmation of the Plan shall be filed by the Reply Deadline (*i.e.*, March 9, 2026 at 4:00 p.m. (prevailing Eastern Time)).

25. The notice procedures set forth in this Order for objecting to approval of the Disclosure Statement and confirmation of the Plan constitute good and sufficient notice and are hereby approved. No other or further notice shall be necessary or be required.

26. The Trustee is authorized to make non-substantive changes to the Solicitation Packages (including the Plan, Disclosure Statement, and Ballot), the Combined Hearing Notice, the procedures contained herein, and all Plan or Disclosure Statement-related documents, without further order of the Court, including, without limitation, filling in any missing dates or other missing information, changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, any other materials in the Solicitation Package prior to distribution of such materials.

27. The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

28. Nothing contained in this Order shall serve as or be deemed a waiver of the Trustee's right to object to any filed proof of claim on substantive grounds in accordance with the terms of the Plan.

12

29. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
February 4, 2026

/s/ **Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE