## **EXHIBIT A**

**Combined Hearing Notice**

Objection Deadline:  March 4, 2026 at 4:00 p.m. (prevailing Eastern Time)
Hearing Date:  March 11, 2026 at 2:00 p.m. (prevailing Eastern Time)

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Brian F. Moore
Martha E. Martir

*Attorneys for Albert Togut,*
*Not Individually But Solely in*
*His Capacity as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| PEGGY NESTOR, | : | Case No. 23-10627 (MEW) |
| Debtor. | : | |

**NOTICE OF (I) COMBINED HEARING TO CONSIDER
APPROVAL OF DISCLOSURE STATEMENT ON FINAL BASIS
AND PLAN CONFIRMATION;  (II) DEADLINE FOR OBJECTING
TO DISCLOSURE STATEMENT AND PLAN;  AND (III) VOTING STATUS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

   I.   **CHAPTER 11 CASE**

   On April 25, 2023 (the "Petition Date"), Peggy Nestor (the "Debtor") commenced the above captioned Chapter 11 Case (the "Chapter 11 Case") by filing a voluntary petition in this Court (the "Court") for relief under Chapter 11 of the Bankruptcy Code [Docket No. 1].

   On March 22, 2024, the Court entered an order approving the appointment of a Chapter 11 trustee [Docket No. 112], pursuant to which Albert Togut (the "Trustee") was appointed in this Chapter 11 Case.  Togut, Segal & Segal LLP (the "Togut Firm") serves as counsel to the Trustee.  No official committee of creditors was appointed in the Chapter 11 Case.

   II.   **PLAN AND DISCLOSURE STATEMENT**

   On February 4, 2026, the Trustee filed an *Amended Chapter 11 Trustee's Plan* [Docket No. 870] (as may be amended, modified, and/or supplemented from time to time, the "Plan") and the *Disclosure Statement for the Amended Chapter 11 Trustee's Plan*

[Docket No. 872] (as may be amended, modified, and/or supplemented from time to time, the "Disclosure Statement").[1]

On February [__], 2026, the Bankruptcy Court entered an order [Docket No. •] (a) conditionally approving the Disclosure Statement, pending final approval at the Combined Hearing (as defined below) and (b) approving procedures for solicitation of votes on the Plan and key dates and deadlines in connection therewith. The Plan has not yet been approved by the Bankruptcy Court and will be considered for confirmation at the Combined Hearing (defined below) scheduled for **March 11, 2026 at 2:00 p.m. (prevailing Eastern Time)**.

### III. ENTITLEMENT TO VOTE ON THE PLAN

**ENTITLED TO VOTE:** Holders of Claims in Class 3 (Allowed Lynx Secured Claim), Class 4 (Prime Plus Mortgages Claims), Class 5 (Attachment Lien Claims),[2] Class 6 (Wenig Saltiel Claim), and Class 8 (General Unsecured Claims) **are entitled to vote** on the Plan (collectively, the "Voting Classes").

**NOT ENTITLED TO VOTE:** Holders of Claims or Interests in Class 1 (Priority Non-Tax Claims), Class 2 (Emigrant Mortgage Claim), Class 7 (Other Secured Claims), and Class 9 (Equity Interests) **are not entitled to vote** on the Plan (collectively, the "Non-Voting Classes") because such Classes are either unimpaired and deemed to accept the Plan or impaired and deemed to reject the Plan.

**VOTING DEADLINE**: Only creditors who hold Claims in the Voting Classes as of **January 21, 2026** (the "Voting Record Date") are entitled to vote on the Plan. All votes to accept or reject the Plan must be actually received by the Togut Firm by no later than **March 4, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline"). Any failure to follow the voting instructions included with your ballot may disqualify your ballot and your vote. Only creditors in the Voting Classes are receiving voting Ballots. Any failure to submit a Ballot by the Voting Deadline may disqualify your vote on the Plan.

IF YOU ARE A CREDITOR IN A NON-VOTING CLASS (AS SET FORTH ABOVE), YOU ARE RECEIVING THIS NOTICE SOLELY FOR INFORMATIONAL PURPOSES AND TO PROVIDE INSTRUCTIONS ON HOW TO OBTAIN COPIES OF THE DISCLOSURE STATEMENT, PLAN AND RELATED MATERIALS, AND OBJECT TO THE PLAN OR DISCLOSURE STATEMENT, AS DESCRIBED BELOW.

### IV. COMBINED HEARING

A hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan (the "Combined Hearing") will be held before the Honorable

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan or Disclosure Statement, as applicable.

[2] For the avoidance of doubt, Holders of Attachment Liens (as defined in the Plan) shall not be entitled to vote in favor of or against the Plan.

2

Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court, One Bowling Green, Room 617, New York, New York 10004, on **March 11, 2026 at 2:00 p.m. (prevailing Eastern Time)**. The Combined Hearing will be a hybrid hearing and will be held "in person" and via "Zoom for Government." Parties wishing to participate in the Combined Hearing must make an electronic appearance utilizing the Electronic Appearance portal located at the Court's website at: https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl. Appearances must be entered no later than **March 10, 2026 at 4:00 p.m. (prevailing Eastern Time)** (the "Appearance Deadline"). After the Appearance Deadline has passed, parties who have made their electronic appearance through the Court's website to appear via Zoom for Government will receive an invitation from the Court with a Zoom link that will allow them to attend the Hearing. Requests to receive a Zoom link should not be emailed to the Court, and the Court will not respond to late requests that are submitted after the Appearance Deadline. Further information on the use of Zoom for Government can be found at the Court's website at https://www.nysb.uscourts.gov/zoom-videohearing-guide.

The Combined Hearing may be adjourned from time to time by the Court or the Trustee without further notice other than an announcement in open court or as indicated in any notice or hearing agenda that is filed with the Court. The Plan may be further modified, if necessary, prior to, during, or as a result of the Combined Hearing.

V.  **PLAN INJUNCTION, RELEASE AND EXCULPATION PROVISIONS**

THE PLAN PROVIDES FOR AN INJUNCTION AGAINST CERTAIN PARTIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS AGAINST THE DEBTOR, FOR A RELEASE OF CERTAIN PARTIES IN CONNECTION WITH THE PLAN, AND FOR THE EXCULPATION OF CERTAIN PARTIES INVOLVED IN THE CHAPTER 11 CASE.  PARTIES SHOULD THEREFORE BE AWARE THAT IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OF THE PLAN OCCURS, CERTAIN PARTIES WILL BE GETTING THE BENEFITS OF THE INJUNCTION, THE RELEASE AND EXCULPATION PROVISIONS AND CERTAIN PARTIES WILL BE BOUND BY THE INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS AS SET FORTH IN ARTICLES 9.2, 9.3, AND 9.4 OF THE PLAN AND SECTIONS X.B, X.C, AND X.D OF THE DISCLOSURE STATEMENT.

The Plan contains the following provisions with respect thereto:

(a) *Defined Terms.* As used in the Plan, capitalized terms have the meanings set forth below.

    (i) "*Assets*" mean all property of the Debtor, including, but not limited to, non-exempt property pursuant to section 522(b) of the Bankruptcy Code and property included in the Estate pursuant to section 1115 of the Bankruptcy Code, of any nature whatsoever, including, without limitation, the Townhouse, Causes of Action, any Transaction Proceeds, accounts receivable, tax refunds, claims of rights, interests and property, real and personal, tangible and

3

|       |       |
|-------|-------|
| | intangible, and proceeds of all of the foregoing, as they exist as of the Effective Date and any Disposable Income. |
| (ii) | *"Case Professionals"* means all Persons or entities retained pursuant to a Final Order of the Court who are to be compensated pursuant to sections 326, 327, 328, 330, and 1103 of the Bankruptcy Code. |
| (iii) | *"Confirmation Order"* means the order of the Court pursuant to section 1129 of the Bankruptcy Code confirming the Plan. |
| (iv) | *"Exculpated Party"* means, the (i) Trustee; (ii) the Trustee Professionals, including: (a) Togut, Segal & Segal LLP; (b) Vinay Agarwal, CPA, LLC; (c) Phillips Nizer LLP; (d) Sotheby's International Realty; (e) Brown Harris Stevens Residential Sales, LLC; (f) Preferred Construction Management Co. Inc.; (g) Fairview Adjuster Company, Inc.; and (h) Roland Antiques Gallery, Inc.; (iii) Lynx; and (iv) with respect to each of the forgoing in clauses (i)–(iii), each of their Related Parties. |
| (v) | *"Plan Administrator"* means Albert Togut, not individually but solely in his capacity as plan administer pursuant to the provisions of the Plan and as designated by the Confirmation Order, who shall have all powers and authorities set forth in Section 5.5 of the Plan. |
| (vi) | *"Post-Petition Financing Facility"* means the facility provided for under the Post-Petition Financing Documents and Post-Petition Financing Order. |
| (vii) | *"Post-Petition Financing Order"* means, collectively, the *Final Order (A) Authorizing The Trustee To Obtain Post-Petition Financing, (B) Granting A First Priority Senior Mortgage Lien To Dip Lender, And (C) Granting Other Related Relief In Aid Of Sale Pursuant To 11 U.S.C. § 364*, dated July 26, 2024 [Docket No. 264], as modified or amended from time to time [Docket Nos. 579, 617, 681, 784] and the Post-Petition Financing Stipulation. |
| (viii) | *"Post-Petition Financing Stipulation"* means the *Stipulation and Order Modifying and Amending the Post-Petition Financing Order and Post-Petition Loan* [Docket No. 850] between the Trustee and Lynx |
| (ix) | *"Purchase Agreement"* means the purchase agreement by and between the Trustee and the Purchaser for the sale of the Townhouse, a copy of which is included in the Plan Supplement, together with all exhibits, appendices, supplements, documents, and agreements ancillary thereto, in each case as amended, supplemented, or modified from time to time. |

4

(x) *"Purchaser"* means the Person or Entity who acquires ownership of the Townhouse pursuant to the Transaction, as disclosed in the Purchase Agreement.

(xi) *"Related Party"* means, collectively, with respect to any Entity or Person, in each case solely in its capacity as such with respect to such Entity or Person (and not independently thereof), such Entity's or Person's former and current officers, directors, employees managers, equity holders (regardless of whether such interests are held directly or indirectly), successors, assigns, affiliates, partners, principals, members, agents, financial advisors, attorneys, accountants, and representatives.

(xii) *"Released Party"* means (i) Lynx; and (ii) Lynx's Related Parties

(xiii) *"Townhouse"* means the real property and building located at 15 East 63rd Street, New York, New York 10065.

(xiv) *"Transaction"* means the sale of the Townhouse in accordance with the terms of the Sale Procedures Order and the Post-Petition Financing Order, the proceeds of which sale, if any, will be used to implement the Plan as provided for herein.

(xv) *"Trustee Professionals"* means those Case Professionals retained in the Chapter 11 Case after the Trustee's appointment, including, but not limited to: (i) Togut, Segal & Segal LLP; (ii) Vinay Agarwal, CPA, LLC; (iii) Phillips Nizer LLP; (iv) Sotheby's International Realty; (v) Brown Harris Stevens Residential Sales, LLC; (vi) Preferred Construction Management Co. Inc.; (vii) Fairview Adjuster Company, Inc.; and (viii) Roland Antiques Gallery, Inc., as well as professionals, if any, providing post-Effective Date services to the Plan Administrator.

**Note:  the below provision describes the injunction the Trustee will seek under the Plan.  This language has not been considered or approved by the Court and remains subject to consideration at the Combined Hearing.**

(b) *Confirmation Date Injunction.*  **Effective upon the Confirmation Date, all Persons who have held, hold or may hold Claims or interests are enjoined from taking any of the following actions against or affecting the Debtor's, the Trustee's or the Plan Administrator's administration of the Plan on account of or in connection with any Claims or interests, except as otherwise set forth in the Plan and the Confirmation Order (other than actions brought to enforce any rights or obligations under the Plan or appeals, if any):**

  i. **Commencing, conducting or continuing in any manner, directly or indirectly, any suit, action, arbitration, or other proceeding of any kind against the Debtor, the Trustee, the Trustee Professionals, the**

5

>
> **Plan Administrator, or the Townhouse, the Assets, on account of or in connection with any Claims or interests;**
>
>     *ii.* **Enforcing, levying, attaching, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor, the Townhouse, the Assets, the Trustee, or the Plan Administrator;**
>
>     *iii.* **Creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, the Townhouse, the Assets, the Trustee, the Plan Administrator, or the Purchaser;**
>
>     *iv.* **Asserting any setoff, right of subrogation, or recoupment of any kind, directly or indirectly, against the Debtor, the Trustee, or the Plan Administrator;**
>
>     *v.* **Commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or interests released, settled or discharged pursuant to the Plan;**
>
>     *vi.* **Proceeding or acting in any manner and any place whatsoever that does not conform to or comply with the provisions of the Plan, the Confirmation Order or any other Order of the Bankruptcy Code; and**
>
>     *vii.* **Challenging Purchaser's ownership (in accordance with the Approval Order) of the Townhouse, or in any manner whatsoever interfering with Purchaser's quiet enjoyment of the Townhouse.**

<u>Note</u>:  the below provision describes the release the Trustee will seek under the Plan. This language has not been considered or approved by the Court and remains subject to consideration at the Combined Hearing.

> **(c)**     *Releases by the Trustee and the Estate.*  **Except for the right to enforce this Plan, or as otherwise provided herein, the Estate, and the Trustee shall, effective upon occurrence of the Effective Date, be deemed to forever release, waive and discharge each Released Party of and from any and all Claims, demands, Causes of Action and the like, existing as of the Effective Date or thereafter arising from any act, omission, event, or other occurrence that occurred on or prior to the Effective Date, whether direct or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, known or unknown, foreseen or unforeseen, at law, in equity or otherwise; provided, however, such release, waiver and discharge shall not operate as a release, waiver or discharge of any Released Party in respect of any express contractual obligation of any such party effective from and after the Effective Date;  <u>provided</u>, <u>further</u>, that notwithstanding the**

6

**foregoing or any other provision of the Plan, nothing in the Plan, any Plan Supplement, or any order confirming the Plan shall affect any Causes of Action, Claims, or counter-Claims that may be asserted by the Trustee in connection with an objection to a Claim that has not been Allowed, in each case as determined by the Bankruptcy Court; <u>provided</u>, <u>further</u>, that nothing herein shall prohibit the Trustee and the Trustee Professionals from enforcing their rights under the Plan; <u>provided</u>, <u>further</u>, that such release shall not operate as a release of Claims or obligations determined by a final order to have arisen from bad faith, willful misconduct, gross negligence, breach of fiduciary duty, malpractice, fraud, criminal conduct, unauthorized use of confidential information that causes damages, and/or ultra vires acts.**

**Note:** the below provision describes the exculpation the Trustee will seek under the Plan. This language has not been considered or approved by the Court and remains subject to consideration at the Combined Hearing.

(d) *Exculpation and Limitation of Liability*. **Effective as of the Effective Date, to the extent permitted under section 1125(e) of the Bankruptcy Code, no Exculpated Party shall have or incur liability for, and each Exculpated Party is exculpated from any Cause of Action related to any act or omission taking place between the Petition Date and the Effective Date, in connection with, relating to, or arising out of, the Chapter 11 Case and the proceedings therein, the formulation, preparation, dissemination, negotiation, or filing of the Plan, the Disclosure Statement, any Plan Supplement, or Transaction approved by the Bankruptcy Court in these Chapter 11 Case, the Post-Petition Financing Facility, except for (a) any Cause of Action related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted fraud, willful misconduct, or gross negligence of such Person, and (b) any Cause of Action related to any liability of professionals to their clients pursuant to N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.8 Rule 1.8(h)(1); <u>provided</u>, <u>however</u>, <u>that</u>, for the avoidance of doubt, any such exculpation shall not act or be construed to exculpate, channel, release, enjoin, or otherwise affect any civil or criminal enforcement action by a Governmental Unit.**

## VI.    OBJECTIONS TO THE PLAN OR DISCLOSURE STATEMENT

Any responses or objections to approval of the Disclosure Statement or confirmation of the Plan must (a) be in writing; (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the Bankruptcy Court, Chambers' procedures and orders of the Bankruptcy Court; (c) state the name and address of the responding or objecting party and the nature and amount of the Claim against or Interest in the Debtor's estate or property of the Debtor; (d) state with particularity the legal and factual basis for such response or objection; (e) be filed with the Clerk of the Bankruptcy Court, together with proof of service thereon; and (f) be served by mail, email or hand delivery, so as to be ACTUALLY RECEIVED no later than **March 4, 2026 at 4:00 p.m. (prevailing Eastern Time)** by:

7

(i) counsel for the Trustee, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Brian F. Moore, Esq. (bmoore@teamtogut.com) and Martha E. Martir (mmartir@teamtogut.com);

(ii) the U.S. Trustee, Office of the United States Trustee, One Bowling Green, Suite 511, New York, New York 10004, Attn.: Daniel Rudewicz, Esq. (daniel.rudewicz@usdoj.gov);

(iii) counsel to Lynx, McGrail & Bensinger LLP, 999-C 8th Avenue #107, New York, New York 10019, Attn: Ilana Volkov, Esq. (ivolkov@mcgrailbensinger.com); and

(v) any other party that has filed a request for notice in this Chapter 11 Case.

**ONLY THOSE RESPONSES OR OBJECTIONS THAT ARE TIMELY FILED AND RECEIVED WILL BE CONSIDERED BY THE BANKRUPTCY COURT. OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH ABOVE WILL NOT BE CONSIDERED AND WILL BE DEEMED OVERRULED.**

[*Remainder of page intentionally left blank*]

VII. **ACCESS TO THE DISCLOSURE STATEMENT AND THE PLAN AND ADDITIONAL INFORMATION**

Copies of the Disclosure Statement and the Plan, as well as the exhibits thereto, may be obtained from the Togut Firm (a) in writing at Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119 (Attn: Martha E. Martir and Christian Ribeiro) (b) by calling (212) 594-5000 or (c) via email at mmartir@teamtogut.com or cribeiro@teamtogut.com. In addition, copies of the Disclosure Statement and Plan are on file with the Office of the Clerk of the Court (One Bowling Green, New York, New York 10004) for review during normal business hours. Parties may also obtain copies of any pleadings filed in this Chapter 11 Case for a fee via PACER at: http://www.nysb.uscourts.gov.

**PLEASE NOTE: Neither the staff of the Clerk's Office nor the Trustee's counsel can give you legal advice.**

Dated: New York, New York
February 4, 2026

ALBERT TOGUT, not individually but solely in his capacity as Chapter 11 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ DRAFT
BRIAN F. MOORE
MARTHA E. MARTIR
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000