**EXHIBIT B**

**Form of Ballot**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
    :
In re:    :    Chapter 11
    :
PEGGY NESTOR,    :    Case No. 23-10627 (MEW)
    :
            Debtor.    :
    :
------------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING THE
CHAPTER 11 PLAN FOR PEGGY NESTOR**

**Class [#] – [_____] Claim(s)**

PLEASE READ AND FOLLOW
THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED PRIOR TO
5:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 4, 2026 (THE "<u>VOTING DEADLINE</u>").**

On April 25, 2023 (the "<u>Petition Date</u>"), Peggy Nestor (the "<u>Debtor</u>") in the above-captioned Chapter 11 case (the "<u>Chapter 11 Case</u>") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") with the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>").

Albert Togut, not individually but solely in his capacity as Chapter 11 trustee (the "<u>Trustee</u>") of the estate (the "<u>Estate</u>") of the Debtor is soliciting votes regarding the solicitation version of the *Amended Chapter 11 Trustee's Plan* [Docket No. 870] (as may be amended, modified, or supplemented from time to time and including all exhibits and supplements thereto, the "<u>Plan</u>")[1], as set forth in the solicitation version of the *Disclosure Statement for the Amended Chapter 11 Trustee's Plan* [Docket No. 872] (as may be amended, modified, or supplemented from time to time and including all exhibits and supplements thereto, the "<u>Disclosure Statement</u>"). Pursuant to the *Order (I) Approving Certain Key Dates Relating to Confirmation of the Trustee's Plan, Including Scheduling a Combined Hearing to Consider Approval of Trustee's Disclosure Statement and Plan; (II) Approving the Form and Manner of Combined Hearing Notice; (III) Approving the Trustee's Disclosure Statement on a Provisional Basis; (IV) Approving (A) Procedures for Solicitation, (B) Forms of Ballots, (C) Procedures for Tabulation of Votes, And (D) Procedures for Objections* [Docket No. ___] (the "<u>Solicitation Procedures Order</u>"), the Bankruptcy Court conditionally approved the Disclosure Statement for use in soliciting acceptances and rejections of the Plan and scheduled a hearing to be held on **March 11, 2026 at 2:00 p.m. (prevailing Eastern Time)** (the "<u>Combined Hearing</u>") to consider (a) whether the Disclosure Statement contains "adequate information" as set forth in section 1125 of the Bankruptcy Code, (b) approval of certain other materials related to the solicitation of acceptances of the Plan, and (c) confirmation of the Plan.

You are receiving this Ballot because the Trustee's records indicate that, as of January 21, 2025 (the "<u>Voting Record Date</u>"), you are a Holder of a Class [#] [_____] Claim under the Plan. Accordingly, you are entitled to vote to accept or reject the Plan.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

Your rights are described in the Plan and accompanying Disclosure Statement included with this Ballot. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim(s). The Disclosure Statement and the Plan can be accessed via PACER, http://www.nysb.uscourts.gov. (where you can also access copies of certain other materials related to the Chapter 11 Case). If you would like to receive electronic or paper copies, or if you need to obtain additional solicitation materials, you may contact the Trustee's counsel Togut Segal & Segal LLP (the "Togut Firm"), by writing at the address below, calling (212) 594-5000 or, via email at mmartir@teamtogut.com or cribeiro@teamtogut.com.

This Ballot may not be used for any purpose other than (i) for casting votes to accept or reject the Plan and (ii) making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Togut Firm immediately at the email addresses or telephone number set forth above.

To ensure that your vote is counted, you must (a) complete your Ballot; (b) clearly indicate your decision either to accept or reject the Plan in the appropriate box; and (c) sign and deliver your Ballot **so that it is actually received by 5:00 p.m. (prevailing Eastern Time) on March 4, 2026** by delivering a paper copy by first class mail, overnight courier or hand delivery to the Togut Firm at the following address:

> Togut, Segal & Segal LLP
> One Penn Plaza, Suite 3335
> New York, New York 10119
> Attn: Martha E. Martir and Christian Ribeiro

Facsimile or ballots sent via email **will not** be accepted. If the Bankruptcy Court confirms the Plan, you will be bound by the Plan regardless of whether you vote.

**Item 1. Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a [_____] Claim against the Debtor in the following aggregate unpaid principal amount (insert amount in box below):

> Class: [#] – [_____] Claim
> Aggregate Claim Amount: $_____

**Item 2. Vote on Plan.**

The Holder of the Claim against the Debtor set forth in Item 1 votes to (please check one):

☐   **ACCEPT** (vote FOR) the Plan       ☐   **REJECT** (vote AGAINST) the Plan

Any Ballot that is executed by the Holder of a [_____] Claim but is not marked to accept or reject the Plan or is marked both to accept and reject the Plan will not be counted.

**Item 3. Plan Injunction, Release and Exculpation.**

THE PLAN PROVIDES FOR AN INJUNCTION AGAINST CERTAIN PARTIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS AGAINST THE DEBTOR, FOR A RELEASE OF CERTAIN PARTIES IN CONNECTION WITH THE PLAN, AND FOR THE EXCULPATION OF CERTAIN PARTIES INVOLVED IN THE CHAPTER 11 CASE. PARTIES SHOULD THEREFORE BE AWARE THAT IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OF THE PLAN OCCURS, CERTAIN PARTIES WILL BE GETTING THE BENEFITS OF THE INJUNCTION, THE

**RELEASE AND EXCULPATION PROVISIONS AND CERTAIN PARTIES WILL BE BOUND BY THE INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS AS SET FORTH IN ARTICLES 9.2, 9.3, AND 9.4 OF THE PLAN AND SECTIONS X.B, X.C, AND X.D OF THE DISCLOSURE STATEMENT.**

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a) *Defined Terms.* As used in the Plan, capitalized terms have the meanings set forth below.

(i) *"Assets"* mean all property of the Debtor, including, but not limited to, non-exempt property pursuant to section 522(b) of the Bankruptcy Code and property included in the Estate pursuant to section 1115 of the Bankruptcy Code, of any nature whatsoever, including, without limitation, the Townhouse, Causes of Action, any Transaction Proceeds, accounts receivable, tax refunds, claims of rights, interests and property, real and personal, tangible and intangible, and proceeds of all of the foregoing, as they exist as of the Effective Date and any Disposable Income.

(ii) *"Case Professionals"* means all Persons or entities retained pursuant to a Final Order of the Court who are to be compensated pursuant to sections 326, 327, 328, 330, and 1103 of the Bankruptcy Code.

(iii) *"Confirmation Order"* means the order of the Court pursuant to section 1129 of the Bankruptcy Code confirming the Plan.

(iv) *"Exculpated Party"* means, the (i) Trustee; (ii) the Trustee Professionals, including: (a) Togut, Segal & Segal LLP; (b) Vinay Agarwal, CPA, LLC; (c) Phillips Nizer LLP; (d) Sotheby's International Realty; (e) Brown Harris Stevens Residential Sales, LLC; (f) Preferred Construction Management Co. Inc.; (g) Fairview Adjuster Company, Inc.; and (h) Roland Antiques Gallery, Inc.; (iii) Lynx; and (iv) with respect to each of the forgoing in clauses (i)–(iii), each of their Related Parties.

(v) *"Plan Administrator"* means Albert Togut, not individually but solely in his capacity as plan administer pursuant to the provisions of the Plan and as designated by the Confirmation Order, who shall have all powers and authorities set forth in Section 5.5 of the Plan.

(vi) *"Post-Petition Financing Facility"* means the facility provided for under the Post-Petition Financing Documents and Post-Petition Financing Order.

(vii) *"Post-Petition Financing Order"* means, collectively, the *Final Order (A) Authorizing The Trustee To Obtain Post-Petition Financing, (B) Granting A First Priority Senior Mortgage Lien To Dip Lender, And (C) Granting Other Related Relief In Aid Of Sale Pursuant To 11 U.S.C. § 364*, dated July 26, 2024 [Docket No. 264], as modified or amended from time to time [Docket Nos. 579, 617, 681, 784] and the Post-Petition Financing Stipulation.

(viii) *"Post-Petition Financing Stipulation"* means the *Stipulation and Order Modifying and Amending the Post-Petition Financing Order and Post-Petition Loan* [Docket No. 850] between the Trustee and Lynx

(ix) *"Purchase Agreement"* means the purchase agreement by and between the Trustee and the Purchaser for the sale of the Townhouse, a copy of which is included in the Plan Supplement, together with all exhibits, appendices, supplements, documents, and agreements ancillary thereto, in each case as amended, supplemented, or modified from time to time.

(x) *"Purchaser"* means the Person or Entity who acquires ownership of the Townhouse pursuant to the Transaction, as disclosed in the Purchase Agreement.

(xi) *"Related Party"* means, collectively, with respect to any Entity or Person, in each case solely in its capacity as such with respect to such Entity or Person (and not independently thereof), such Entity's or Person's former and current officers, directors, employees managers, equity holders (regardless of whether such interests are held directly or indirectly), successors, assigns, affiliates, partners, principals, members, agents, financial advisors, attorneys, accountants, and representatives.

(xii) *"Released Party"* means (i) Lynx; and (ii) Lynx's Related Parties

(xiii) *"Townhouse"* means the real property and building located at 15 East 63rd Street, New York, New York 10065.

(xiv) *"Transaction"* means the sale of the Townhouse in accordance with the terms of the Sale Procedures Order and the Post-Petition Financing Order, the proceeds of which sale, if any, will be used to implement the Plan as provided for herein.

(xv) *"Trustee Professionals"* means those Case Professionals retained in the Chapter 11 Case after the Trustee's appointment, including, but not limited to: (i) Togut, Segal & Segal LLP; (ii) Vinay Agarwal, CPA, LLC; (iii) Phillips Nizer LLP; (iv) Sotheby's International Realty; (v) Brown Harris Stevens Residential Sales, LLC; (vi) Preferred Construction Management Co. Inc.; (vii) Fairview Adjuster Company, Inc.; and (viii) Roland Antiques Gallery, Inc., as well as professionals, if any, providing post-Effective Date services to the Plan Administrator.

**<u>Note</u>: the below provision describes the injunction the Trustee will seek under the Plan. This language has not been considered or approved by the Court and remains subject to consideration at the Combined Hearing.**

(b) *Confirmation Date Injunction.* **Effective upon the Confirmation Date, all Persons who have held, hold or may hold Claims or interests are enjoined from taking any of the following actions against or affecting the Debtor's, the Trustee's or the Plan Administrator's administration of the Plan on account of or in connection with any Claims or interests, except as otherwise set forth in the Plan and the Confirmation Order (other than actions brought to enforce any rights or obligations under the Plan or appeals, if any):**

*i.* **Commencing, conducting or continuing in any manner, directly or indirectly, any suit, action, arbitration, or other proceeding of any kind against the Debtor, the Trustee, the Trustee Professionals, the Plan Administrator, or the Townhouse, the Assets, on account of or in connection with any Claims or interests;**

*ii.* **Enforcing, levying, attaching, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor, the Townhouse, the Assets, the Trustee, or the Plan Administrator;**

*iii.* **Creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, the Townhouse, the Assets, the Trustee, the Plan Administrator, or the Purchaser;**

*iv.* **Asserting any setoff, right of subrogation, or recoupment of any kind, directly or indirectly, against the Debtor, the Trustee, or the Plan Administrator;**

   *v.*  **Commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or interests released, settled or discharged pursuant to the Plan;**

   *vi.*  **Proceeding or acting in any manner and any place whatsoever that does not conform to or comply with the provisions of the Plan, the Confirmation Order or any other Order of the Bankruptcy Code; and**

   *vii.*  **Challenging Purchaser's ownership (in accordance with the Approval Order) of the Townhouse, or in any manner whatsoever interfering with Purchaser's quiet enjoyment of the Townhouse.**

<u>**Note**</u>:  **the below provision describes the release the Trustee will seek under the Plan. This language has not been considered or approved by the Court and remains subject to consideration at the Combined Hearing.**

 (c) *Releases by the Trustee and the Estate.*  Except for the right to enforce this Plan, or as otherwise provided herein, the Estate, and the Trustee shall, effective upon occurrence of the Effective Date, be deemed to forever release, waive and discharge each Released Party of and from any and all Claims, demands, Causes of Action and the like, existing as of the Effective Date or thereafter arising from any act, omission, event, or other occurrence that occurred on or prior to the Effective Date, whether direct or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, known or unknown, foreseen or unforeseen, at law, in equity or otherwise; provided, however, such release, waiver and discharge shall not operate as a release, waiver or discharge of any Released Party in respect of any express contractual obligation of any such party effective from and after the Effective Date; <u>provided</u>, <u>further</u>, that notwithstanding the foregoing or any other provision of the Plan, nothing in the Plan, any Plan Supplement, or any order confirming the Plan shall affect any Causes of Action, Claims, or counter-Claims that may be asserted by the Trustee in connection with an objection to a Claim that has not been Allowed, in each case as determined by the Bankruptcy Court; <u>provided</u>, <u>further</u>, that nothing herein shall prohibit the Trustee and the Trustee Professionals from enforcing their rights under the Plan; <u>provided</u>, <u>further</u>, that such release shall not operate as a release of Claims or obligations determined by a final order to have arisen from bad faith, willful misconduct, gross negligence, breach of fiduciary duty, malpractice, fraud, criminal conduct, unauthorized use of confidential information that causes damages, and/or ultra vires acts.

<u>**Note**</u>:  **the below provision describes the exculpation the Trustee will seek under the Plan. This language has not been considered or approved by the Court and remains subject to consideration at the Combined Hearing.**

 (d) *Exculpation and Limitation of Liability*.  Effective as of the Effective Date, to the extent permitted under section 1125(e) of the Bankruptcy Code, no Exculpated Party shall have or incur liability for, and each Exculpated Party is exculpated from any Cause of Action related to any act or omission taking place between the Petition Date and the Effective Date, in connection with, relating to, or arising out of, the Chapter 11 Case and the proceedings therein, the formulation, preparation, dissemination, negotiation, or filing of the Plan, the Disclosure Statement, any Plan Supplement, or Transaction approved by the Bankruptcy Court in these Chapter 11 Case, the Post-Petition Financing Stipulation, except for (a) any Cause of Action related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted fraud, willful misconduct, or gross negligence of such Person, and (b) any Cause of Action related to any liability of professionals to their clients pursuant to N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.8 Rule 1.8(h)(1); <u>provided</u>, <u>however</u>, <u>that</u>, for the avoidance of doubt, any such exculpation shall not act or be construed to exculpate,

**channel, release, enjoin, or otherwise affect any civil or criminal enforcement action by a Governmental Unit.**

**Item 4. Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Trustee that:

(a) either: (i) the Person or Entity is the Holder of the [_____] Claim being voted, or (ii) the Person or Entity is an authorized signatory for a Person or Entity that is a Holder of the [_____] Claim being voted;

(b) the Person or Entity has received a copy of the Disclosure Statement or accessed the Disclosure Statement through PACER and has received a copy of the Solicitation Package, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein; and

(c) no other Ballots with respect to the amount of the [_____] Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

---

Name of Holder: _____
(Print or Type)

Social Security (Last 4 Digits)
or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____
(If Other Than Holder)

Title: _____

Address: _____
_____
_____

Date Completed: _____

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED (OR OTHERWISE IN ACCORDANCE WITH THE SOLICITATION PROCEDURES). PLEASE ALLOW SUFFICIENT TIME FOR THE TOGUT FIRM TO RECEIVE THIS BALLOT PRIOR TO 5:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 4, 2026 (THE "VOTING DEADLINE").**

*[Continues on Following Page]*

| Class [_] – [_____] |
|---|

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Trustee is soliciting the votes of Holders of [_____] Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or the Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the Togut Firm via the delivery methods set forth above, so that it is <u>actually received</u> by the Togut Firm prior to **5:00 p.m. (prevailing Eastern Time) on March 4, 2026** (the "<u>**Voting Deadline**</u>").

3. If a Ballot is received after the Voting Deadline, and if the Voting Deadline is not extended, it will not be counted <u>unless</u> otherwise determined by the Trustee in accordance with the Tabulation Procedures and Solicitation Procedures and approved by the Bankruptcy Court. Additionally, the following **Ballots will NOT be counted:**

    - any Ballot that partially rejects and partially accepts the Plan;

    - Ballots sent to the Debtor or the Debtor's agents;

    - Ballots sent by facsimile or email;

    - any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

    - any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

    - any Ballot cast for a Claim scheduled as contingent, unliquidated, or disputed for which the applicable Bar Date has passed, and no Proof of Claim was timely filed;

    - any unsigned Ballot or Ballot lacking an original signature;

    - any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and

    - any Ballot submitted by any Person or Entity not entitled to vote pursuant to the Solicitation Procedures, or is otherwise not in compliance with the Solicitation Procedures or the Tabulation Procedures approved by the Bankruptcy Court.

4. If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last valid executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot, provided that, if a Holder timely submits both a paper Ballot and Ballot via email on account of the same Claim, the Ballot submitted via email shall supersede the paper Ballot.

5. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.

6. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender

      certificates or instruments representing or evidencing their Claims, and neither the Trustee nor the Trustee's counsel will accept delivery of any such certificates or instruments surrendered together with a Ballot.

7. This Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

8. <u>Please be sure to sign and date your Ballot.</u> If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Trustee's counsel, the Trustee, or the Bankruptcy Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

10. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Trustee and approval of the Bankruptcy Court.

**PLEASE RETURN YOUR BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE
(A) CALL THE TOGUT FIRM (ATTN: MARTHA E. MARTIR OR CHRISTIAN RIBEIRO)
AT: (212) 594-5000 OR (B) VIA EMAIL AT <u>MMARTIR@TEAMTOGUT.COM</u> AND
<u>CRIBEIRO@TEAMTOGUT.COM</u>.**

**PLEASE NOTE THAT THE TOGUT FIRM IS NOT AUTHORIZED TO PROVIDE YOU WITH, AND WILL NOT PROVIDE YOU WITH, LEGAL OR FINANCIAL ADVICE**

---

**IF YOUR VOTE IS NOT <u>ACTUALLY RECEIVED</u> PRIOR TO THE VOTING DEADLINE, WHICH IS 5:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 4, 2026, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT BE COUNTED.**