UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                                    :
In re:                                                              :    Chapter 11
                                                                    :
PEGGY NESTOR,                                                       :    Case No. 23-10627 (MEW)
                                                                    :
                        Debtor.                                     :
                                                                    :
------------------------------------------------------------------- x
                                                                    :
ALBERT TOGUT, Not Individually But Solely in His                    :
Capacity as Chapter 11 Trustee,                                     :
                                                                    :    Adv. Pro. No. 25-01037 (MEW)
                        Plaintiff,                                  :
                                                                    :
            v.                                                      :
                                                                    :
PEGGY NESTOR,                                                       :
MARIANNE NESTOR CASSINI,                                            :
BRENDA NESTOR and GEMEAUX LTD,                                      :
                                                                    :
                        Defendants.                                 :
------------------------------------------------------------------- x

**FURTHER ORDER MODIFYING ABANDONMENT OF CERTAIN
PERSONAL PROPERTY LOCATED AT 15 EAST 63RD STREET, NEW YORK CITY**

**WHEREAS**, on May 13, 2025, the Court entered the *Order Authorizing Abandonment of Personal Property in New York City Townhouse* [Docket No. 41] (the "Abandonment Order") providing for the abandonment of certain personal property (the "Abandoned Personal Property") located in 15 East 63rd Street, New York, NY 10065 (the "Property") by Albert Togut, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate of Peggy Nestor (the "Debtor"), to the above-captioned defendants (the "Defendants");

**WHEREAS**, the Trustee has filed and served the *Notice of Abandonment of Certain Personal Property Located at 15 East 63rd Street, New York City* [Docket No. 53] (the

"First Notice"), the *Second Notice of Abandonment of Certain Personal Property Located at 15 East 63rd Street, New York City* [Docket No. 59] (the "Second Notice"), the *Third Notice of Abandonment of Certain Personal Property Located at 15 East 63rd Street, New York City to be Retrieved by the Defendants by October 28, 2025* [Docket No. 85] (the "Third Notice" and, together with the First Notice and Second Notice, the "Notices") establishing the applicable deadline for the Defendants to retrieve certain Abandoned Personal Property (such deadline, the "Retreival Deadline");

**WHEREAS**, on August 19, 2025, the Court entered the *Further Order Extending Retreival Deadline Regarding Notice of Abandonment of Certain Personal Property Located at 15 East 63rd Street, New York City* [Docket No. 70] (the "Abandonment Exemption Order"), which provided, in part, that the Retrieval Deadline for "any furniture or artwork that the Debtor and/or Marianne Nestor Cassini believe may have been damaged in connection with an August 2, 2025 water leak at the Property is extended until further order of the Court (such property, collectively, the 'Exempt Property')", to accommodate review of the affected furniture or artwork, if any, by the applicable insurance adjuster, if any [Hr'g Tr. 23:14-18 (Aug. 15, 2025) (Court stating, "if there is particular personal property that you think may have been damaged and that you need to leave in place while an insurer looks at it, I'm going to let you leave that in place, but I want everything removed on the agreed schedule.")];

**WHEREAS**, the primary insurance policy insuring the Property (Policy No. BAN1015892-00, the "Primary Policy"), issued by Argonaut Insurance Company ("Argonaut"), does not provide coverage for any personal property located in the Property (including the Exempt Property), which was confirmed by Argonaut's counsel at a hearing held on September 9, 2025 [Hr'g Tr. 7:11-21 (Sept. 9, 2025) (Argonaut's counsel stating, "[t]here's no coverage under the property coverage part for loss of . . . personal property or contents")];

2

**WHEREAS**, the Defendants have not disclosed, and the Trustee is not aware of, any insurance policy covering the Exempt Property; and

**WHEREAS**, Defendant Marianne Nestor Cassini ("Ms. Nestor") desires that a restoration professional (the "Restoration Professional") inspect the Exempt Property (an "Inspection").

**NOW THEREOFRE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Abandonment Exemption Order is modified to clarify that (a) the Exempt Property is subject to any future Retrieval Deadline(s) to be noticed by the Trustee for retrieval by the Defendants of the Abandoned Personal Property pursuant to the procedures in the Abandonment Order and (b) Ms. Nestor and her Restoration Professional are authorized to inspect the Exempt Property at the Townhouse on the afternoon of February 25, 2026 (the "Inspection") at a time to be arranged with the Trustee's counsel, Togut, Segal & Segal LLP (the "Togut Firm"); *provided*, that the Trustee and/or the Togut Firm shall supervise the Inspection; *provided*, *further*, that the Inspection shall not delay, extend, or hinder any applicable Retrieval Deadline to be noticed by the Trustee.

2. For the avoidance of doubt, this Order is intended solely to establish that any Retrieval Deadline(s) shall apply to the Exempt Property, as provided in the applicable notice of abandonment, and to provide an opportunity for Inspection of the Exempt Property by the Restoration Professional; all other terms in the Notices, Abandonment Order and Abandonment Exemption Order remain in full force and effect and unchanged by this Order.

3. The Trustee and his retained professionals are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

4. To the extent applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) is waived regarding any abandonment conducted in accordance with this Order.

5. This Order is immediately effective and enforceable upon its entry.

6. The Court retains jurisdiction for all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated:  February 19, 2026
        New York, New York

                                        **s/Michael E. Wiles**
                                        THE HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE