**United States Bankruptcy Court**

**Southern District of New York**

x - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:   Peggy Nestor

Case No.
23-10627
(MEW)

x - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Please take notice of my answer regarding extending a listing agreement with Brown Harris Stevens ("BHS") and proposal presented to the court as per 363(h) by Mr. Sami Houssami, broker of BHS

---

**Honorable Judge Michael Wiles**

**United States Bankruptcy Court**

**One Bowling Green**

**New York, New York 10004**

Your Honor Judge Wiles:

Regarding Order Approving Extension of Brown Harris Stevens ("BHS") Listing Agreement Dated July 23, 2025. I object and have objected to appointment of BHS. I did not sign any document re BHS with the exception of the non representation to Hall Wilkie, President Emeritus, and Sami Houssami, broker & independent contractor BHS.

A listing agreement with Sotheby's for $65 million, as the Court is aware, was signed by Peggy Nestor and Marianne Nestor

The price was slashed, as per Albert Togut in his own opinion without any consultation with the owners, Marianne Nestor and Peggy Nestor. His interview with Law 360 is part of the case he filed.

It is indisputable that I have the right to depose him as well as Anne Penachio regarding their interviews with Law 360, and sue or counter sue him.

1

New York Law states that only a filed deed clarifies ownership, as all are aware.

The appraisal of Trust **Exhibit One & Two** clarifies the line of ownership and is attached herewith. It shows and states that with the exception of 690 days when the name of Jeffrey DeLuca, former Nassau County Public Administrator ("PA") who retired December 2018, (after an audit), is the only filed deed, since 1984. The relevant pages are attached showing the line of succession of ownership, and the entire document is **Exhibit One & Two,**

**Exhibit One & Two**
Pages showing chain of ownership

Supreme Court Judge Verna Saunders returned the original deed of 2/23/1984, and it is/was filed September 2020 returning the only filed deed, showing Joint Ownership as tenants in common of Marianne Nestor and Peggy Nestor.

The line of succession is in the appraisal report of Trust, and is/was the original from 1984, This is **Exhibit One & Two**

Trust Appraisals was the appraiser for Emigrant Bank, and the First Mortgage taken out September 2010, for $4million dollars as a personal loan.

Accordingly, I wish to exercise my rights, as per the 363 (h) law and purchase my sister Peggy Nestor's 50% ownership. According to the proposal submitted to the Court, by the candidate of Sami Houssami of our 7 unit rent stabilized building, the highest bid of his clients including the stalking horse is $34.5 million. Fifty percent (50%) would be $17,250,000., I hereby offer to purchase my sisters ownership of 50%, and put the misfiled case of the PMFirm and Anne Penachio to bed.

Mr. Houssami, testified at length regarding his proposal being the highest price for our real property purchased jointly in 1984, and the personalty purchased by the undersigned October 20, 1983, after appraisal done by expert, Anton Rudert, October 1983.

Mr. Houssami stated how it would cost $25 million or so to fix our property and four years to complete renovations in Peggy's home of over 42 years in a rent stabilized building and where according to the rent stabilization law a person over 62 years of age may not be evicted. Additionally, as per the aforementioned, any eviction

requires a minimum of 90 days notice. He also stated the building was not kept in the best condition, and which has been poorly maintained by the Togut Firm. The building is filthy and there have been 2 major water leaks one on August 2, 2025 & another February 5, 2026.

We were removed from our building, without notice on Passover April 30, 2024, by the Togut firm without warning by 7 armed guards and Neil Berger massaging their guns and screaming, breaking antique doors and walls - as previously advised - 'a day in hell'.

We had a rent stabilized tenant in apt. 2B for over 30 years, and were in the process of restoring it, when the Togut Firm broke all the locks April 30, 2024. The 'break in' by the Togut Firm is subject to RPAPL 853 treble damages, which are considerable.

Your Honor advised me to speak with Albert Togut, which I attempted to do in the courtroom, after Your Honor had left the bench. Mr. Togut said that he did not wish to speak with me, which is his right. Accordingly, as this is a legal matter, I am addressing my legal request to Your Honor, as there is absolutely no communication with Albert Togut.

Mr. Togut does not take calls, but makes negative orders, against me, when I am neither under his jurisdiction nor that of his partner, yet members of his firm have broken into my apartments removing personal papers and property, without notice, creating a case against the Togut firm with my name, without permission etc.

I spoke with the President of BHS after sending him a letter and copy of filed deed. He was polite and we spoke two times. He said that he would like to help, however he was told not to speak with me, by the broker Sami.

As previously stated, I am the registered building manager for 15 East 63rd Street for decades, which is a 7 unit rent stabilized apartment building.

I have signed nothing with BHS, I have objected to the price drop by Mr. Togut costing me $16 million dollars, and his defamatory and denigrating article in Law 360, filed with his case 23- 01037.

Mr. Togut's partner, Neil Berger has done many incorrect and, in my opinion, illegal actions, including breaching the 4th amendment by breaking into my apartments at

3

15 East 63rd Street and removing property belonging to me, without notice or warrant.

Your Honor stated in an early meeting that I was an "interested party" only and not under the jurisdiction of your court - which is factual. I am not under your jurisdiction or pen. The documents filed that you refer to were done by attorney Anne Penachio ("Anne"), who was disengaged by Peggy April 27, 2024 and by Your Honor, June 12, 2025.

The suit by my sister suing me was created by Anne. Peggy tried to get it thrown out, but Your Honor stated that it belonged to the Trustee.

My sister, Peggy, is not suing me, that is the narrative of Anne. Peggy stated same, in your Court, on a number of occasions.

Regarding 363 (h) the provision that Your Honor stated was introduced by Anne requires the opposing party to submit any and all offers to the co-owner. I had received nothing, accordingly, the contract was invalid. I have advised BHS management, as well. Now that information has been revealed, I may object and state my offer to the Court.

Regarding the personalty that I purchased October 20, 1983, a deposit of $100k was made, the items were appraised by a highly competent expert Anton Rudert, whose clients were Rockefeller, Kennedy, Doubleday etc. The amounts are clearly stated in the closing binder- the original binder was stolen from my apartments by, an Officer of the Court - as Your Honor described Neil Berger. The value in today's dollars is over $20 million.

All items are movable, paneling, mantle pieces etc., as stated by an expert . We spoke about this at the June 5, 2025 walk thru, on the 5th floor, and you stated " You spent money here", which we did.

Your decision is on appeal, and the certified personal checks from 1983 & 1984 are indisputable.

Mr. Berger of the Togut Firm, has committed crimes, of forgery & theft.

4

All residents of this 7 unit rent stabilized apartment building have been locked out without warning, breaching the rules and code of rent stabilization.

Illegal lockout without warning is contrary to the rent stabilization laws and code that govern much of NYC real estate. Mr. Berger's statement on a Friday April 26 - "Do you want it the hard way or the easy way", is straight out of the Goodfellows movie, and is not acceptable. The lock out is over 22 months, and subject to RPAPL 713 & RPAPL 853 treble damages, as advised a number of times.

In the 22 months, we had, even as recent as last week - an offer to rent for an event, $40k for 2 days. The building is dirty, and is kept in poor condition, including the two deluges of water, on August 2, 2025, and February 5, 2026, Which I believe, are a set up, by a junior paralegal.

Peggy needs out of this incorrectly filed mess, created by Anne. She did not author the letter of Docket no. 2 - they are not Peggy's words, and the signature is a drop in, and the dates are wrong. The incorrect statements (Perjury) made by Anne in the first person, as Peggy, are punishable by a large fine, $500k.

The $25 million for refinance was there on April 23, 2023 or we would not have met Anne Penachio on Sunday April 23, 2023. The only time Peggy was in Anne's office until May, 2023.

To quote Anne, only a filed deed counts, the filed deed is from 2/23/1984. For 690 days, the PA name was on the property in 2018 but it was removed after the AD2 orders of 2/13/2020, by Supreme Court Judge Verna Saunders. It is all in the appraisal of 2022 for $55 million dollars .
Exhibit One

By the way, as advised, I am informed that Lynx was not licensed in NY to loan to a natural person and resident of the property, accordingly the loan had to be made to Gemeaux Ltd. , a New York  corporation formed in 1973.

Accordingly, I request an answer regarding my purchase of Peggy's interest, and to stop the legal bleeding with the Togut Firm. Please kindly confirm.

Peggy also wishes to exit this case and has addressed and will address again any issues or claims real, or make believe.  In reviewing documentation, Peggy has one claimant, Emigrant Bank. The Prime Plus and Lynx are corporate.

Thank you, Your Honor, for your consideration and patience in this mixed up mess created by Anne.

Respectfully Submitted,

Marianne Nestor
Registered Building Manager
Co-Owner
15 East 63rd Street
New York, New York
10065

# Exhibit One and Two

Appraisal,
Deed Chain of Ownership,
and Certified Personal Checks



Print Request ID 2026021800000588 - 0001

# CERTIFIED COPY

**CITY OF NEW YORK**

**DEPARTMENT OF FINANCE**

**OFFICE OF THE CITY REGISTER, MANHATTAN / NEW YORK COUNTY**

The document attached hereto,

CRFN 2020000297552, CORRECT  INDEX/DEED-OFFICE USE, recorded on
10-26-2020 12:07, page(s) 1 - 5

is a true and correct copy of the original document recorded in the Office of
the City Register of New York on as attested by the City Register on
02-18-2026 15:04

*Colette McCain-Jacques*

Colette McCain-Jacques
City Register



| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | 2020010230081800100IED6AD |

## RECORDING AND ENDORSEMENT COVER PAGE — PAGE 1 OF 5

| Document ID: 2020010230081800I | Document Date: 02-23-1984 | Preparation Date: 10-23-2020 |
|---|---|---|
| Document Type: CORRECT INDEX/DEED-OFFICE USE | | |
| Document Page Count: 3 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| NEW YORK CITY DEPARTMENT OF FINANCE<br>66 JOHN STREET<br>NEW YORK, NY 10038 | NEW YORK CITY DEPARTMENT OF FINANCE<br>66 JOHN STREET<br>NEW YORK, NY 10038 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1378 | 12 | Entire Lot | 15 EAST 63RD STREET |

Property Type: APARTMENT BUILDING

### CROSS REFERENCE DATA

MANHATTAN    Year: 1984    Reel: 767    Page: 1840

### PARTIES

| GRANTOR: | GRANTEE: |
|---|---|
| KATHERINE BROWNE<br>8643 HOLLOWAY PLAZA<br>LOS ANGELES, CA 90069 | MARIANNE NESTOR<br>257 PARK AVENUE SOUTH<br>NEW YORK, NY 10010 |

☒ Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage : | | Filing Fee: | |
|---|---|---|---|
| Mortgage Amount: | $ 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ 0.00 |
| TAXES: County (Basic): | $ 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ 0.00 | | $ 0.00 |
| Spec (Additional): | $ 0.00 | | |
| TASF: | $ 0.00 | | |
| MTA: | $ 0.00 | | |
| NYCTA: | $ 0.00 | | |
| Additional MRT: | $ 0.00 | | |
| TOTAL: | $ 0.00 | | |
| Recording Fee: | $ 0.00 | | |
| Affidavit Fee: | $ 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed    10-26-2020 12:07
City Register File No.(CRFN):
2020000297552

*Annette M Hill*

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2020102300818001001CD42D

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 5 |
|---|---|---|
| Document ID: 2020102300818001 | Document Date: 02-23-1984 | Preparation Date: 10-23-2020 |
| Document Type: CORRECT INDEX/DEED-OFFICE USE | | |

**PARTIES**
**GRANTEE:**
PEGGY NESTOR
257 PARK AVENUE SOUTH
NEW YORK, NY 10010

Attested 2/18/2026 3:04:53 PM



**Department of Finance**

To Whom It May Concern:

This document is placed in the index to reflect the name(s) of the owner(s) pursuant to a court order filed with this parcel.

Questions regarding this memorandum should be addressed to the City Register.

NYC Department of Finance

Division of Land Records

Office of the City Register



Standard N Y B T U Form 8002* 11 80 TGM    Bargain and Sale Deed, with Covenant against Grantor's Acts - Individual or Corporation (single sheet

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

LIB 767 PAGE 1840

SST C#
$5080

**THIS INDENTURE**, made the 23ʳᵈ day of FEBRUARY, nineteen hundred and eighty-four

**BETWEEN** KATHERINE BROWNE, residing at 8643 Holloway Plaza, Los Angeles, California 90069

party of the first part, and MARIANNE NESTOR and PEGGY NESTOR, having an address at 257 Park Avenue South, New York, New York 10010,

party of the second part,

**WITNESSETH**, that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of 63rd Street distant 124 feet 6 inches Westerly from the corner formed by the inter- section of the Northerly side of 63rd Street and the Westerly side of Madison Avenue;

RUNNING THENCE Northerly parallel with THE WESTERLY SIDE OF Madison Avenue AND part of the distance through a party wall 100 feet 5 inches to the center line of the block; BETWEEN 63rd AND 64TH STREET

THENCE Westerly parallel with the Northerly side of 63rd Street 25 feet;

THENCE Southerly AND AGAIN parallel with Madison Avenue part of the distance through ANOTHER party wall 100 feet 5 inches to the Northerly side of 63rd Street;

THENCE Easterly along the Northerly side of 63rd Street 25 feet to the point or place of BEGINNING.

TAX MAP DESIGNATION
Dist.
Sec.
Bl. 1378
Lot(s). 12

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consid- eration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.
**IN WITNESS WHEREOF**, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

Attested 2/18/2026 3:04:52 PM



STATE OF NEW YORK, COUNTY OF N.Y.

On the 23 day of FEBRUARY 1984 , before me personally came

KATHERINE BROWNE

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

JOSEPH ROSENBERG
Notary Public

STATE OF NEW YORK, COUNTY OF

On the    day of         19  , before me personally came

to me known, who, being by me duly sworn, did depose and say that   he resides at No.

that   he is the

of                            , the corporation described in and which executed the foregoing instrument; that   he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that   he signed h   name thereto by like order.

STATE OF NEW YORK, COUNTY OF
REEL 767 PAGE 1841

On the    day of         19  , before me personally came

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that   he executed the same.

STATE OF NEW YORK, COUNTY OF

On the    day of         19  , before me personally came

the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that   he resides at No.

that   he knows

to be the individual described in and who executed the foregoing instrument; that   he, said subscribing witness, was present and saw execute the same; and that   h  , said witness, at the same time subscribed h   name as witness thereto.

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS

Title No. M 21033

KATHERINE BROWNE

TO

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS

Distributed by

TITLE GUARANTEE-
NEW YORK

A TICOR COMPANY

RECORDED BY
LTIC ASSOC., INC.
41 East 42 Street
New York, N.Y. 10017
599-2170

SECTION
BLOCK    1378
LOT    12
COUNTY OR TOWN  NEW YORK
TAX BILLING ADDRESS  15 EAST 63 RD STREET

Recorded At Request of The Title Guarantee Company

RETURN BY MAIL TO:

BOOTH, LIPTON & LIPTON
405 Park Avenue
New York, New York
ATT WILL SANSLER ESQ.    Zip No. 10022

OFFICE OF CITY REGISTER
New York County

FEB 27
REAL ESTATE
TRANSFER TAX
NEW YORK
COUNTY

Attested 2/18/2026 3:04:53 PM

## Appraisal Of Real Property



### LOCATED AT

15 E 63rd St
New York, NY 10065
Section: 508   Block: 1378   Lot: 12

### FOR

Nestor Peggy

### OPINION OF VALUE

55,000,000

### AS OF

09/23/2022

### BY

Arieh Goren
Trust Appraisals Inc
1345 Ave of the Americas, 2nd Floor
New York, NY 10105
(866) 918-7878
Eric@Trust-Appraisals.Com
Trust-Appraisals.com



**TRUST APPRAISALS**

Trust Appraisals Inc
1345 Ave of the Americas, 2nd Floor
New York, NY 10105
(866) 918-7878
Trust-Appraisals.com

09/30/2022

Nestor Peggy

Re: Property:      15 E 63rd St
                   New York, NY 10065
    Borrower:      Marianne And Peggy Nestor
    File No.:      00T8246

Opinion Of Value: $ 55,000,000
Effective Date:    09/23/2022

In Accordance With Your Request, We Have Appraised The Above Referenced Property.  The Report Of That Appraisal Is Attached.

The Purpose Of The Appraisal Is To Develop An Opinion Of Market Value For The Property Described In This Appraisal Report, As Improved, In Unencumbered Fee Simple Title Of Ownership.

This Report Is Based On A Physical Analysis Of The Site And Improvements, A Locational Analysis Of The Neighborhood And City, And An Economic Analysis Of The Market For Properties Such As The Subject.  The Appraisal Was Developed And The Report Was Prepared In Accordance With The Uniform Standards Of Professional Appraisal Practice.

The Opinion Of Value Reported Above Is As Of The Stated Effective Date And Is Contingent Upon The Certification And Limiting Conditions Attached.

It Has Been A Pleasure To Assist You.  Please Do Not Hesitate To Contact Me Or Any Of My Staff If We Can Be Of Additional Service To You.

Sincerely,

Arieh Goren
License or Certification #: 45000041109
State: NY     Expires: 09/15/2024
Eric@Trust-Appraisals.Com

## Uniform Residential Appraisal Report

File # 00T8246

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

| | | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 15 E 83rd St | City | New York | State | NY | Zip Code 10085 |
| Borrower | Marianne And Peggy Nestor | Owner of Public Record | Marianne And Peggy Nestor | County | New York | |

Legal Description  Section: 508  Block: 1378  Lot: 12

| | | | | | |
|---|---|---|---|---|---|
| Assessor's Parcel # | 1013780012 | Tax Year 2022 | | R.E. Taxes $ | 183,074 |
| Neighborhood Name | The Upper East Side | Map Reference 35614 | | Census Tract | 0122.00 |

| Occupant | ☒ Owner | ☐ Tenant | ☐ Vacant | Special Assessments $ | 0 | ☐ PUD | HOA $ | 0 | ☐ per year | ☐ per month |
|---|---|---|---|---|---|---|---|---|---|---|
| Property Rights Appraised | ☒ Fee Simple | ☐ Leasehold | ☐ Other (describe) | | | | | | | |
| Assignment Type | ☐ Purchase Transaction | ☐ Refinance Transaction | ☒ Other (describe) | Fair Market Value. | | | | | | |

Lender/Client  Peggy Nestor   Address  N/A

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal?  ☐ Yes  ☒ No

Report data source(s) used, offering price(s), and date(s)  Our Investigation Revealed No Listing Agreement, Option Or Contract Of Sale On The Subject Unit. Data Sources: Owner, Property Shark, O.L.R. And Street Easy.

I ☐ did  ☒ did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.

| | | | | | | |
|---|---|---|---|---|---|---|
| Contract Price $ | Date of Contract | Is the property seller the owner of public record? | ☐ Yes | ☐ No | Data Source(s) | |

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower?  ☐ Yes  ☐ No

If Yes, report the total dollar amount and describe the items to be paid

---

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|
| Location | ☒ Urban ☐ Suburban ☐ Rural | Property Values | ☐ Increasing ☒ Stable ☐ Declining | | PRICE | AGE | One-Unit | 3 % |
| Built-Up | ☒ Over 75% ☐ 25-75% ☐ Under 25% | Demand/Supply | ☐ Shortage ☒ In Balance ☐ Over Supply | | $ (000) | (yrs) | 2-4 Unit | 3 % |
| Growth | ☐ Rapid ☒ Stable ☐ Slow | Marketing Time | ☐ Under 3 mths ☒ 3-6 mths ☐ Over 6 mths | 1,535 | Low | 20 | Multi-Family | 46 % |
| | | | | 77,100 | High | 200 | Commercial | 4 % |
| | | | | 10,000 | Pred. | 90 | Other | 44 % |

Neighborhood Boundaries  North;South;East;West. See Attached Addenda.

Neighborhood Description  See Attached Addenda.    *Present Land Value: Other-50%, Coop-Condo, Community Centers, Parks, Schools, Houses Of Worship.

Market Conditions (including support for the above conclusions)  See Attached Addenda.

| | | | | | |
|---|---|---|---|---|---|
| Dimensions | 25' X 100.42' Subject To Survey | Area 2510 sf | Shape Rectangular | View | N;Outdr Prt Cp View; |
| Specific Zoning Classification | Residential R8B | Zoning Description | High Density Residential | | |

Zoning Compliance  ☒ Legal  ☐ Legal Nonconforming (Grandfathered Use)  ☐ No Zoning  ☐ Illegal (describe)  Structure Can Be Rebuilt If Its Burned Down.

Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use?  ☒ Yes  ☐ No, describe  The Highest And Best Use Of The Subject Property Is A Single Family Residential Property.

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements - Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | ☐ Con Edison | Water | ☒ | ☐ D.E.P | Street Macadam | ☒ | ☐ |
| Gas | ☒ | ☐ Key S. | Sanitary Sewer | ☒ | ☐ N.Y.C | Alley None | | |

FEMA Special Flood Hazard Area  ☐ Yes  ☒ No  FEMA Flood Zone  X  FEMA Map # 3604970088F   FEMA Map Date 09/05/2007

Are the utilities and off-site improvements typical for the market area?  ☒ Yes  ☐ No  If No, describe  N/A.

Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)?  ☐ Yes  ☒ No  If Yes, describe  There Were No Unfavorable Easements Or Encroachments Noted At The Time Of Inspection. The Subject Is Adjacent To A House Of Worship, And Mixed-Use Commercial Properties Exist On The Subject Block. However, No External Influence Was Noted For The Subject Due To Exposure To Noise Or Excessive Volume Of Vehicular/Pedestrian Traffic. This Will Have No Adverse Effect On The Marketability Of The Subject At Our Appraised Value. Proximity To Non-Residential Properties Is Common And Typical For City Urban Areas. The Comparables Feature Similar Competitive Exposures.

| General Description | | Foundation | | Exterior Description | materials/condition | Interior | materials/condition |
|---|---|---|---|---|---|---|---|
| Units | ☒ One ☐ One with Accessory Unit | ☐ Concrete Slab | ☐ Crawl Space | Foundation Walls | Brick/Good | Floors | Hrdwd/Tile-M/Gd |
| # of Stories | 6 | ☒ Full Basement | ☐ Partial Basement | Exterior Walls | Limestone-Brik/Gd | Walls | Dry Wall/Good |
| Type | ☐ Det. ☒ Att. ☐ S-Det./End Unit | Basement Area | 4,670 sq.ft. | Roof Surface | Composition/Good | Trim/Finish | Wood/Good |
| ☐ Existing ☒ Proposed ☐ Under Const. | | Basement Finish | 100 % | Gutters & Downspouts | Aluminum/Good | Bath Floor | Ct-Marble/Good |
| Design (Style) | Elevator | ☐ Outside Entry/Exit | ☒ Sump Pump | Window Type | Dbl-Hung-Case/Gd | Bath Wainscot | Ct-Marble/Good |
| Year Built | 1901 | Evidence of | ☐ Infestation | Storm Sash/Insulated | None Noted | Car Storage | ☒ None |
| Effective Age (Yrs) | 15 | | ☐ Dampness ☐ Settlement | Screens | No/No | ☐ Driveway | # of Cars 0 |
| Attic | ☒ None | Heating ☒ FWA ☐ HWBB ☐ Radiant | | Amenities | | Driveway Surface | |
| ☐ Drop Stair ☐ Stairs | | ☐ Other | Fuel Gas | ☒ Fireplace(s) # 14 ☒ Fence Wall | | ☐ Garage | # of Cars 0 |
| ☐ Floor ☐ Scuttle | | Cooling ☒ Central Air Conditioning | | ☒ Patio/Deck Terx3 ☒ Porch Jb X2 | | ☐ Carport | # of Cars 0 |
| ☐ Finished ☐ Heated | | ☐ Individual | ☐ Other | ☐ Pool ☐ None ☒ Other Elevator | | ☒ Att. ☐ Det. ☐ Built-In | |
| Appliances | ☒ Refrigerator ☒ Range/Oven ☒ Dishwasher ☒ Disposal ☒ Microwave ☒ Washer/Dryer ☐ Other (describe) | | | | Woodstove(s) # 0 | | | |
| Finished area above grade contains: | 22 Rooms | 9 Bedrooms | 10.1 Bath(s) | 12,476 Square Feet of Gross Living Area Above Grade | | | |

Additional features (special energy efficient items, etc.)  Non-Realty(Removable) Items Noted In This Report Are For Descriptive Purposes Only And Were Not Considered In Final Value Estimate.

Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.)  C3;Kitchen-remodeled-eleven to fifteen years ago;Bathrooms-remodeled-eleven to fifteen years ago;See Attached Addenda.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property?  ☐ Yes  ☒ No  If Yes, describe  Physical Deficiencies Or Adverse Conditions That Affect The Livability, Or Structural Integrity Of The Subject Property Were Not Noted At Time Of Inspection.

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)?  ☒ Yes  ☐ No  If No, describe  The Functional Utility, Condition, Use, Design, Appeal, Quality Of Contraction, And Size Of The Subject Property Are Similar And Conforming To Others In The "Immediate" Area.

Freddie Mac Form 70 March 2005          UAD Version 9/2011          Page 1 of 6          Fannie Mae Form 1004 March 2005

## Uniform Residential Appraisal Report

File # 00T8246

There are ___ N/A comparable properties currently offered for sale in the subject neighborhood ranging in price from $ ___ N/A to $ ___ N/A
There are ___ N/A comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ ___ N/A to $ ___ N/A

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 15 E 63rd St, New York, NY 10065 | 12 E 63rd St, New York, NY 10065 | | 8 E 62nd St, New York, NY 10065 | | 12 E 69th St, New York, NY 10021 | |
| Proximity to Subject | | 0.03 miles SW | | 0.08 miles SW | | 0.27 miles NE | |
| Sale Price | $ | | $ 56,000,000 | | $ 48,000,000 | | $ 59,600,000 |
| Sale Price/Gross Liv. Area | $ sq.ft. | $ 4501.25 sq.ft. | | $ 3887.58 sq.ft. | | $ 3645.35 sq.ft. | |
| Data Source(s) | | Acris/Olr/Steasy;DOM 137 | | Acris/Olr/Steasy;DOM 695 | | Acris/Olr/Steasy;DOM 372 | |
| Verification Source(s) | | Corcoran/Douglas Elliman | | Modlin Group | | Brown Harris Stevens | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing | | ArmLth | | ArmLth | | ArmLth | |
| Concessions | | Conv;0 | | Conv;0 | | Conv;0 | |
| Date of Sale/Time | | s01/22;c12/21 | 0 | s09/22;05/22 | 0 | s03/21;c01/21 | 0 |
| Location | B;AdjPrk; | B;AdjPrk; | | B;AdjPrk; | | B;AdjPrk; | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | 0 | Fee Simple | | Fee Simple | |
| Site | 2510 sf | 2510 sf | 0 | 2510 sf | | 4017 sf | -5,250,000 |
| View | N;Outdr Prt Cp | N;Outdr Prt Cp | | N;Outdr Prt Cp | | N;Outdr Prt Cp | |
| Design (Style) | AT6;Elevator | AT6;Elevator | | AT6;Elevator | | AT6;Elevator | |
| Quality of Construction | Q3 | Q3 | | Q3 | | Q3 | |
| Actual Age | 121 | 149 | 0 | 114 | 0 | 138 | 0 |
| Condition | C3 | C2 | -6,480,000 | C3 | | C3 | +2,360,000 |
| Above Grade | Total 22  Bdrms 9  Baths 10.1 | Total 14  Bdrms 7  Baths 7.3 | +100,000 | Total 17  Bdrms 6  Baths 6.6 | +75,000 | Total 16  Bdrms 4  Baths 3.3 | +300,000 |
| Room Count | | | | | | | |
| Gross Living Area | 12,476 sq.ft. | 12,441 sq.ft. | +54,300 | 12,347 sq.ft. | +200,000 | 16,185 sq.ft. | -5,749,000 |
| Basement & Finished | 4670sf/4670sfwu | 2400sf2400sfin | +1,702,500 | 2875sf2875sfin | +1,391,125 | 3400sf3400sfin | +984,250 |
| Rooms Below Grade | 3rr0br2.1ba2o | 3rr0br1.0ba3o | +75,000 | 3rr0br1.1ba5o | +50,000 | 4rr0br1.0ba2o | +75,000 |
| Functional Utility | 1 Family | 1 Family | | 1 Family | | 1 Family | |
| Heating/Cooling | Adequate | Pool/Spa | -350,000 | Jacuzzi,Sauna | -50,000 | Pool/Spa | -350,000 |
| Energy Efficient Items | Thermal Windo | Thermal Windo | | Thermal Windo | | Thermal Windo | |
| Garage/Carport | None | None | | None | | None | |
| Porch/Patio/Deck | Outdr.877 Sf | Outdr.2100 Sf | -568,695 | Outdrs.2200 Sf | -615,195 | Outdrs.2800 Sf | -894,195 |
| Additional | Jb X 2 | None | +50,000 | Jb X 3 | -25,000 | Jb X 5 | +50,000 |
| Additional | Fpl X14 | Fpl X 2 | +300,000 | Fpl X 9 | +125,000 | Fpl X5 | -75,000 |
| Additional | 1110199 | 1068031/4.1% | +2,296,000 | 1093070/1.5% | +720,000 | 1026362/8% | +4,720,000 |
| Net Adjustment (Total) | | ☐ + ☒ - | $ -820,895 | ☐ + ☒ - | $ 1,870,930 | ☐ + ☒ - | $ -3,828,945 |
| Adjusted Sale Price | | Net Adj. 1.5 % | | Net Adj. 3.9 % | | Net Adj. 6.5 % | |
| of Comparables | | Gross Adj. 17.8 % | $ 55,179,105 | Gross Adj. 6.8 % | $ 49,870,930 | Gross Adj. 35.3 % | $ 55,171,055 |

☐ I ☒ did ___ did not research the sale or transfer history of the subject property and comparable sales. If not, explain   N/A

My research ☐ did ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data Source(s)   Geo Data Plus, Llc - Tax Records

My research ☐ did ☒ did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data Source(s)   Geo Data Plus, Llc - Tax Records

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | 10/21/2020 | | | |
| Price of Prior Sale/Transfer | $0 | | | |
| Data Source(s) | Geo Data Plus Llc | Geo Data Plus Llc | Geo Data Plus Llc/Acris | Geo Data Plus Llc/Acris |
| Effective Date of Data Source(s) | 09/23/2022 | 09/23/2022 | 09/23/2022 | 09/23/2022 |

Analysis of prior sale or transfer history of the subject property and comparable sales   Deed Recording Was Recorded For The Subject On 11/13/2018 For Consideration Of $0. This Was A Sheriff's Deed - Sale Under Execution And Not An Arm Leangth Transaction And As Such Was Given No Consideration. As Per Sheriff's Deed The Subject Was Auctioned For The Sum Of $6,000,000 Being The Highest Bidder. 10/21/2020 As Per Acris: Deed Cancelled And Set Aside Pursuant To Court Order  Crtn# 202000027789. 10/21/2020. See Attached Copy Of The Court Order.

Summary of Sales Comparison Approach   See Attached Addenda.

Indicated Value by Sales Comparison Approach $   55,000,000

Indicated Value by: Sales Comparison Approach $   55,000,000   Cost Approach (if developed) $   55,000,000   Income Approach (if developed) $   ___
The Sales Compares Approach Is Given All Consideration As It Best Reflects Typical Buyer And Seller Activity In The Marketplace.

This appraisal is made ☐ "as is", ☒ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, ☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or ☐ subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair:   See Attached Addendum.

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is $   55,000,000 , as of   09/23/2022 , which is the date of inspection and the effective date of this appraisal.

Uniform Residential Appraisal Report

File # 00t8246

**Disclosure:**
I Have Performed No Services, As An Appraiser, Regarding The Property That Is The Subject Of This Report Within The Three-Year Period Immediately Preceding Acceptance Of This Assignment

**Comment On Exposure Time Vs. Market Time:**
Exposure Time As Defined By Uspap 2022-2023: Estimated Length Of Time That A Property Interest Being Appraised Would Have Been Offered On The Market Prior To The Hypothetical Consummation Of A Sale At Market Value On The Effective Date Of The Appraisal. Exposure Time Is A Retrospective Opinion Based On An Analysis Of Past Events Assuming A Competitive And Open Market. The Reasonable Exposure Time For The Subject Residence Is Similar To The Estimated Marketing Time Of The Subject, Or 6-12 Months. This Estimate Of Marketing/Exposure Time Is An Estimate. Appraiser Is Not A Real Estate Broker And Is Not Engaged In The Marketing Of Properties. Any Estimate Of Marketing Time Is Subjective And Is A Factor Of Listing Price, Broker/Realtor Choice, Current Market, Subject Condition, Mortgage Availability And Rates Etc.

**F.I.R.R.E.A Certification Statement:**
The Appraiser Certifies And Agrees That This Appraisal Was Prepared In Accordance With The Requirements Of Title Xi Of The Financial Institutions, Reform, Recovery, And Enforcement Act (F.I.R.R.E.A) Of 1989, As Amended (12 U.S.C. 3331 Et Seq.), And Any Applicable Implementing Regulations In Effect At The Time The Appraiser Signs The Appraisal Certification.

**Purpose Of Appraisal**
The Purpose Of This Appraisal Is To Estimate The Market Value Of The Fee Simple Interest As Defined By The Financial Institutions Reform, Recovery And Enforcement Act Of 1989 (F.I.R.R.E.A).

**Scope Of Appraisal**
Extensive Research Of The Market.
Collection And Confirmation Of Indicated Data.
Analysis Of All Data In Order To Arrive At An Appropriate Estimate Of Value.
Reporting Our Conclusions To The Reader Of This Report In Logical Method.

**Intended Use:** The Intended Use Of This Appraisal Report Is For The Client To Evaluate The Property That Is The Subject Of This Appraisal.

**Intended User:** The Intended User Of This Appraisal Report Is The Client.

### COST APPROACH TO VALUE (not required by Fannie Mae)

Provide adequate information for the lender/client to replicate the below cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)

The Extraction Method Is Utilized To Formulate The Estimate Of Site Value. Land Value Exceeds 30% Of Total Value Due To The Condition Of The Improvements And The Desirability Of The Area And Scarcity Of Available Building Plots. This Will Not Affect Marketability Of The Subject At Our Appraised Value.

| | | | |
|---|---|---|---|
| ESTIMATED ☐ ☒ REPRODUCTION OR ☐ REPLACEMENT COST NEW | OPINION OF SITE VALUE | =$ | 33,000,000 |
| Source of cost data  Local Contractors And Architects. | DWELLING  12,476  Sq.Ft. @ $ 1,650.00 | =$ | 20,585,400 |
| Quality rating from cost service  Avg  Effective date of cost data  09/23/2022 | 4,670  Sq.Ft. @ $ 1,650.00 | =$ | 7,705,500 |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | Mech.$800k Outdoors: $200k | | |
| | Garage/Carport  Sq.Ft. @ $ | =$ | |
| External Inadequacies: None. Functional Obsolescence: None. | Total Estimate of Cost-New | =$ | 29,290,900 |
| Physical Depreciation:15/60=25%.  As Is Value Of Site | Less  Physical  Functional  External | | |
| Improvements Reflecting The  Existing Structure Value. | Depreciation  7,322,725 | =$ | 7,322,725 |
| | Depreciated Cost of Improvements | =$ | 21,968,175 |
| | "As-is" Value of Site Improvements | | 31,825 |
| Estimated Remaining Economic Life (HUD and VA only)  45  Years | INDICATED VALUE BY COST APPROACH | =$ | 55,000,000 |

### INCOME APPROACH TO VALUE (not required by Fannie Mae)

| | | | |
|---|---|---|---|
| Estimated Monthly Market Rent $ | X Gross Rent Multiplier | = $ | Indicated Value by Income Approach |

Summary of Income Approach (including support for market rent and GRM)

### PROJECT INFORMATION FOR PUDs (if applicable)

| | | | |
|---|---|---|---|
| Is the developer/builder in control of the Homeowners' Association (HOA)?  ☐ Yes  ☒ No  Unit type(s)  ☐ Detached  ☐ Attached | | | |

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

| | | | |
|---|---|---|---|
| Legal Name of Project | | | |
| Total number of phases | Total number of units  N/A | Total number of units sold | |
| Total number of units rented | Total number of units for sale  N/A | Data source(s) | |
| Was the project created by the conversion of existing building(s) into a PUD?  ☐ Yes  ☐ No  If Yes, date of conversion. | | | |
| Does the project contain any multi-dwelling units?  ☐ Yes  ☐ No  Data Source | | | |
| Are the units, common elements, and recreation facilities complete?  ☐ Yes  ☐ No  If No, describe the status of completion. | | | |
| Are the common elements leased to or by the Homeowners' Association?  ☐ Yes  ☐ No  If Yes, describe the rental terms and options. | | | |
| Describe common elements and recreational facilities.  N/A | | | |



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2020102300818001001ED6AD

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 5 |
|---|---|

Document ID: 2020102300818001    Document Date: 02-23-1984    Preparation Date: 10-23-2020
Document Type: CORRECT INDEX/DEED-OFFICE USE
Document Page Count: 3

**PRESENTER:**
NEW YORK CITY DEPARTMENT OF FINANCE
66 JOHN STREET
NEW YORK, NY 10038

**RETURN TO:**
NEW YORK CITY DEPARTMENT OF FINANCE
66 JOHN STREET
NEW YORK, NY 10038

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1378 | 12 | Entire Lot | 15 EAST 63RD STREET |

Property Type: APARTMENT BUILDING

**CROSS REFERENCE DATA**

MANHATTAN    Year: 1984    Reel: 767    Page: 1840

**PARTIES**

**GRANTOR:**
KATHERINE BROWNE
8643 HOLLOWAY PLAZA
LOS ANGELES, CA 90069

**GRANTEE:**
MARIANNE NESTOR
257 PARK AVENUE SOUTH
NEW YORK, NY 10010

☒ Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 0.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed    10-26-2020 12:07
City Register File No.(CRFN):
2020000297552

*City Register Official Signature*

Ownership – Ioulding  – Page 2



NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER

2020102300818001001CD42D

RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)          PAGE 2 OF 5

Document ID: 2020102300818001          Document Date: 02-23-1984          Preparation Date: 10-23-2020
Document Type: CORRECT INDEX/DEED-OFFICE USE

PARTIES
GRANTEE:
PEGGY NESTOR
257 PARK AVENUE SOUTH
NEW YORK, NY 10010

Form SCMLGL - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

Ownership recording  - Page 4



Standard N Y B T U Form 8002* 11 72-10M  Bargain and Sale Deed, with Covenant against Grantor's Acts - Individual or Corporation (single sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

LIBER 767 PAGE 1840

THIS INDENTURE, made the 23ᵗʰ day of FEBRUARY, nineteen hundred and eighty-four

BETWEEN KATHERINE BROWNE, residing at 9643 Holloway Plaza, Los
Angeles, California 90069

party of the first part, and  MARIANNE NESTOR and PEGGY NESTOR, having an
address at 257 Park Avenue South, New York, New York 10010,

party of the second part,

WITNESSETH, that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of 63rd Street distant
124 feet 6 inches Westerly from the corner formed by the inter-
section of the Northerly side of 63rd Street and the Westerly side
of Madison Avenue;

RUNNING THENCE Northerly parallel with Madison Avenue part of the
distance through a party wall 100 feet 5 inches to the center line
of the block;

THENCE Westerly parallel with the Northerly side of 63rd Street
25 feet;

THENCE Southerly parallel with Madison Avenue part of the distance
through a party wall 100 feet 5 inches to the Northerly side of
63rd Street;

THENCE Easterly along the Northerly side of 63rd Street 25 feet to
the point or place of BEGINNING.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.
IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

In presence of:



STATE OF NEW YORK, COUNTY OF N.Y. ss:

On the 23 day of FEBRUARY 1984, before me personally came

KATHERINE BROWNE

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

JOSEPH NUSSINBERG
Notary Public, State of New York
Commission Expires March 30 1985

STATE OF NEW YORK, COUNTY OF ss:

On the day of 19 , before me personally came

REEL 767 PAGE 1841

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that executed the same.

STATE OF NEW YORK, COUNTY OF ss:

On the day of 19 , before me personally came to me known, who, being by me duly sworn, did depose and say that he resides at No. ;

that he is the of , the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that he signed h name thereto by like order.

STATE OF NEW YORK, COUNTY OF ss:

On the day of 19 , before me personally came the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he resides at No. ;

that he knows to be the individual described in and who executed the foregoing instrument; that he, said subscribing witness, was present and saw execute the same; and that he, said witness, at the same time subscribed h name as witness thereto.

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS

TITLE NO. M 21033

KATHERINE BROWNE

TO

SECTION
BLOCK 1378
LOT 12
COUNTY OR TOWN NEW YORK
TAX BILLING ADDRESS 15 EAST 63 rd STREET

Recorded At Request of The Title Guarantee Company
RETURN BY MAIL TO:

BOOTH, LIPTON & LIPTON
405 Park Avenue
New York, New York
ATT WILL SANDLER ESQ. Zip No. 10022

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
TITLE GUARANTEE-NEW YORK
A TICOR COMPANY

RECORDED BY
LTIC ASSOC., INC.
41 East 42 Street
NEW YORK, N.Y. 10017
599-2170

84 FEB 27 P2:17

OFFICE OF CITY REGISTER
New York County
RECORDED

ACTING CITY REGISTER

REC. FEE A 12
SST $ 5080

$ 5,080 REAL ESTATE FEB 27 1984 TRANSFER TAX NEW YORK COUNTY

## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

|||
2020093000776001002EAE3A

### RECORDING AND ENDORSEMENT COVER PAGE

| Document ID: **2020093000776001** | Document Date: 09-29-2020 | Preparation Date: 10-07-2020 |
|---|---|---|
| Document Type: **COURT ORDER** | | |
| Document Page Count: 5 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| PEGGY NESTOR<br>15 EAST 63RD STREET<br>NEW YORK, NY 10065<br>917-558-1382<br>PEGGYNESTOR@AOL.COM | PEGGY NESTOR<br>15 EAST 63RD STREET<br>NEW YORK, NY 10065<br>917-558-1382<br>PEGGYNESTOR@AOL.COM |

### PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| MANHATTAN | 1378 | 12 | Entire Lot | | 15 EAST 63RD STREET |

Property Type: APARTMENT BUILDING

### CROSS REFERENCE DATA

CRFN_____ or DocumentID_____ or _____ Year____ Reel____ Page____ or File Number_____

### PARTIES

| PARTY 1/GRANTOR: | PARTY 2/GRANTEE: |
|---|---|
| BRIAN CURRAN<br>15 EAST 63RD ST<br>NEW YORK, NY 10065 | PEGGY NESTOR |

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 62.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed    10-09-2020 13:47
City Register File No.(CRFN):
2020000277989

*City Register Official Signature*

No. 1140321

Certification

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

I, Milton Adair Tingling, County Clerk and Clerk of Supreme Court New York County,

do hereby certify that on September 30, 2020 I have compared

the document attached hereto,

DECISION AND ORDER page(s) 5

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

*Milton Adair Tingling*

MILTON ADAIR TINGLING
NEW YORK COUNTY CLERK

FILED: NEW YORK COUNTY CLERK 09/30/2020 09:22 AM
NYSCEF DOC. NO. 58

INDEX NO. 151042/2019
RECEIVED NYSCEF: 09/29/2020

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT:    HON. VERNA L SAUNDERS                     PART        IAS MOTION 36
                                    Justice
-----------------------------------------------------------------X    INDEX NO.        151042/2019

BRIAN CURRAN                                          MOTION SEQ. NO.        002

                            Plaintiff,

            - against -
                                                      DECISION + ORDER ON
PEGGY NESTOR,                                         MOTION

                            Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38,
39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 57

were read on this motion to/for                        DISMISSAL

    Motion Sequence 002, a motion to dismiss plaintiff' complaint and cancel the notice
pendency recorded on January 30, 2019, is resolved pursuant to the So Ordered Stipulation
annexed hereto.

    This constitutes the Decision and Order of the Court.

September 29, 2020                                  HON. VERNA L SAUNDERS, J.S.C.

CHECK ONE:              [ ] CASE DISPOSED       [X] NON-FINAL DISPOSITION
                        [ ] GRANTED   [ ] DENIED [ ] GRANTED IN PART    [X] OTHER
APPLICATION:            [ ] SETTLE ORDER         [ ] SUBMIT ORDER
CHECK IF APPROPRIATE:   [ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT   [ ] REFERENCE

151042/2019  CURRAN, BRIAN vs. NESTOR, PEGGY                        Page 1 of 1
Motion No. 002

1 of 5

Ownership recording  – Page 4

FILED: NEW YORK COUNTY CLERK 09/30/2020 09:22 AM

NYSCEF DOC. NO. 58

INDEX NO. 151042/2019

RECEIVED NYSCEF: 09/29/2020

At the IAS Part 36 of the Supreme Court of the State of New York, held in and for the County of New York at the Courthouse thereof, 111 Centre St, New York, New York on the 24 day of September, 2020

PRESENT: HONORABLE VERNA L. SAUNDERS, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X    Index No. 151042/2019

BRIAN CURRAN, PUBLIC ADMINISTRATOR OF
NASSAU COUNTY, AS ADMINISTRATOR CTA OF THE
ESTATE OF OLEG CASSINI, DECEASED

                                        Plaintiff,                      **SO ORDERED STIPULATION**

                - against -

PEGGY NESTOR,

                                        Defendant.
----------------------------------------------------------------X
MARIANNE NESTOR CASSINI and PEGGY NESTOR,                  Index No. 155755/2020

                                        Plaintiffs,

                - against -

BRIAN CURRAN, A PUBLIC ADMINISTRATOR
OF NASSAU COUNTY, AS ADMINSTRATOR
CTA OF THE ESTATE OF OLEG CASSINI,
DECEASED,

                                        Defendant.

----------------------------------------------------------------X

    IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by and between the

parties, each appearing through counsel, that these actions which involve real property known as

and located at 15 East 63rd Street, New York, New York 10065 (Block 1378, Lot 12) ("Subject

Premises") be settled and resolved upon following recitals:

1

2 of 5

Form SCNLGL - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

FILED: NEW YORK COUNTY CLERK 09/30/2020 09:22 AM
NYSCEF DOC. NO. 58

INDEX NO. 151042/2019
RECEIVED NYSCEF: 09/29/2020

1.   The Subject Premises were acquired by Defendant PEGGY NESTOR and Marianne Nestor by Deed dated February 23, 1984 and recorded with the City Register on February 27, 1984 ("1984 Deed");

2.   A Judgment against Marianne Nestor (also known as Marianne Nestor Cassini) in the amount of $50,939,988.48 was issued by the Surrogate's Court of Nassau County on or about January 3, 2018 ("Judgment"));

     a.   A Transcript of Judgment was recorded and filed in the Office of the County Clerk, County of New York on or about January 5, 2018 which was subsequently amended;

3.   Upon an auction by the Sheriff of the Subject Premises held on September 12, 2018, JEFFREY DeLUCA, PUBLIC ADMINISTRATOR OF NASSAU COUNTY, AS ADMINSTRATOR CTA OF THE ESTATE OF OLEG CASSINI,, was the successful bidder and purchased Marianne Nestor Cassini's undivided 50% interest in the Subject Premises.

4.   A Sheriff's Deed dated November 13, 2018 conveying Marianne Nestor Cassini's undivided 50% interest in the Subject Premises to Jeffrey DeLuca, as Public Administrator of Nassau County, as Administrator C.T.A. of the estate of Oleg Cassini, Deceased was recorded with the City Register of the City of New York on November 29, 2018 (CRFN 201800039488);

5.   The Judgment thereafter was rendered voidable by Opinion and Order of the Supreme Court of the State of New York, Appellate Division, Second Department, dated February 13, 2020 (Matter of Cassini, Deceased) (D62044), which found the lower court should have granted an adjournment of the accounting trial in the interim accounting proceeding, which trial gave rise to the $50,939,988.48 monetary

2

Form SCNLGL - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

Ownership recording  – Page 6

FILED: NEW YORK COUNTY CLERK 09/30/2020 09:22 AM

NYSCEF DOC. NO. 58

INDEX NO. 151042/2019

RECEIVED NYSCEF: 09/29/2020

judgment as against Marianne Nestor Castan; and remitted the matter to the

Surrogate's Court, Nassau County, for a new trial to be conducted expeditiously; and

WHEREFORE, in light of the Appellate Division, Second Department's Opinion and

Order (¶5, supra), the Sheriff's Deed (¶4, supra) was rendered voidable;

WHEREFORE, rather than engage in protracted litigation regarding the claims and

counterclaims in the above-referenced actions, the parties hereto have decided to request the

Court order the following.

ORDERED, that the pending motion to dismiss (Motion Seq 2) by defendant Peggy

Nestor in the case with index number 151042/2019, is hereby withdrawn, and it is further

ORDERED, that the Sheriff's Deed dated November 13, 2018 and recorded with the

City Register of the City of New York on November 29, 2018 (CRFN 201800039488) be

vacated as of the date of this Order, and it is further

ORDERED, that title to the Subject Premises be restored as held by and through the

1984 Deed (¶1, supra); and it is further

ORDERED, that no party hereto is required to pay any monies to any other party herein

as monetary damages in either action, including but not limited to attorney's fees, costs and

disbursements, and the attorneys for the parties shall sign Stipulations of discontinuance, with

prejudice, of the above actions simultaneously with the instant stipulation; and it is further

ORDERED that the City Register of the City of New York is directed to cancel and set

aside the Sheriff's Deed dated November 13, 2018 and recorded with the City Register of the

City of New York on November 29, 2018 (CRFN 201800039488) for the Subject Premises

known as and located at 15 East 63rd Street, New York, New York, 10065 (Block 1378, Lot 12);

and it is further

3

Form SCNLGL - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

Ownership recording    – Page 7

FILED: NEW YORK COUNTY CLERK 09/30/2020 09:22 AM
NYSCEF DOC. NO. 58

INDEX NO. 151042/2019
RECEIVED NYSCEF: 09/29/2020

ORDERED that the City Register of the City of New York is to record this "So Ordered

Stipulation" against the foregoing property FORTHWITH.

Mahon, Mahon, Kerins & O'Brien, LLC
Attorneys for Brian Curran, Public
Administrator of Nassau County, as
Administrator, CTA of the Estate of Oleg
Cassini, Deceased
254 Nassau Boulevard S
Garden City South, NY 11530
(516) 538-1111
mbrien@mahonlaw.com

Jason J.
Rebhun, Esq.
Law Offices of Jason J. Rebhun, P.C.
Attorneys for
Marianne Nestor Cassini and
Peggy Nestor
225 Broadway, 38th Floor
New York, NY 10007
(646)201-9392
Jason@jasonrebhun.com

This constitutes the Order of the Court.

ENTER:
SO ORDERED

HON. VERNA L. SAUNDERS, J.S.C.

4

5 of 5

# Exhibit Three

Copies of Personal Certified Checks

CERTIFIED
MARIANNE NESTOR

C32 (escrow agent)          10/20  19 83          NUMBER 849          1-103/210

PAY TO THE ORDER OF  Leya Troujansky Preiss & Naxnberg  $ 100,000.
One Hundred Thousand & no/xx                                    DOLLARS

Bankers Trust Company
280 Park Avenue, New York, New York 10022

DO NOT DESTROY                          CERTIFIED CHECK

Marianne Nestor

⑈02⑈00⑈0591⑈04    ⑈20945028    0849  006435

---

CERTIFIED
MARIANNE NESTOR
622 FEB 23 1984 622

PAY TO THE ORDER OF  The Estate of Jerry Tullman Esq. Escrow Acct  $ 64,500.00
ONLY IF COUNTERSIGNED AT ISSUANCE AND IF PROPERLY ENDORSED
Sixty Four Thousand Five Hundred                          DOLLARS

BANKERS TRUST COMPANY

Bankers Trust Company
280 Park Avenue, New York, New York 10022

920827                          NUMBER 880

Feb. 23  19 84          1-103/210

Marianne Nestor

920326

NUMBER 879

CERTIFIED

MARIANNE NESTOR

Feb. 23 19 84

1-103/210

622 FEB 23 1984 622

PAY TO THE ORDER OF [illegible] Esq. Escrow Agent $ 30,000.00

PAYABLE ONLY IF UNALTERED SINCE ISSUANCE AND IF PROPERLY ENDORSED

BANKERS TRUST COMPANY thirty thousand DOLLA

Bankers Trust Company

280 Park Avenue, New York, New York 10017

CERTIFIED CHECK

⑈920326⑈ ⑆021001033⑆ 087⑈

KANE, KESSLER, PROUJANSKY, PREISS & NURNBERG, P. C.
680 FIFTH AVENUE
NEW YORK, N. Y, 10019

October 26, 1983

NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE
P.O. Box 5045
Albany, New York  12205

RE:  BROWNE to NESTOR.

Dear Sirs:

　　　　　We enclose herewith Form TP-580 and Form TP-581
executed respectively by the Transferor and Transferee in con-
nection with the above-captioned proposed transaction.

　　　　　We also enclose herewith copy of Contract of Sale
between the above parties, copy of Closing Statement re acqui-
sition by Browne and her then partner Hoffman, and Contract
between Hoffman and Browne with respect to the sale of the 50%
interest of Hoffman in the subject property.

　　　　　We have calculated the cost of the property to
Mrs. Browne by adding:

　　　$ 650,000 - being the amount of the Purchase Money Mortgage;

　　　　175,000 - being her cash investment in the property;

　　　　115,024 - being the amount of the Note assumed by Browne
　　　　　　　　　　　in the purchase from Hoffman; and

　　　　186,621 - the amount paid by Browne to Hoffman.

　　　　　The aforementioned sums aggregate $1,126,645.  We have
deducted from that sum $430,000, being the fair value of certain
paneling and Fine Arts acquired as part and parcel of the real
property when the same was acquired.  This leaves a net cost to
the Transferor of $696,645.

　　　　　We would note further that of the sum paid to Hoffman
by Mrs. Browne, $100,000 is in dispute and is the subject of
currently pending litigation.