TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Brian F. Moore
Martha E. Martir

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                 :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PEGGY NESTOR, | : | Case No. 23-10627 (MEW) |
| | : | |
| Debtor. | : | |
| | : | |

------------------------------------------------------------x

## <u>NOTICE OF FILING OF PROPOSED CONFIRMATION ORDER</u>

**PLEASE TAKE NOTICE** that on February 4, 2026, Albert Togut, not individually but solely in his capacity as Chapter 11 trustee (the "<u>Trustee</u>") of the estate of Peggy Nestor (the "<u>Debtor</u>"), the debtor in the above-captioned case, filed the solicitation version of the *Disclosure Statement for the Amended Chapter 11 Trustee's Plan* [Docket No. 872] (the "<u>Disclosure Statement</u>") with the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>").

**PLEASE TAKE NOTICE** that, on February 4, 2026, the Court entered an order, which among other things, approved the Disclosure Statement on a provisional basis [Docket No. 875].

**PLEASE TAKE NOTICE** that, on March 9, 2026, the Trustee filed the *Amended Chapter 11 Trustee's Plan* [Docket No. 954] (as may be further amended, supplemented, or modified in accordance with its terms, the "<u>Plan</u>").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan is scheduled for **March 11, 2026 at 2:00 p.m. (prevailing Eastern Time)** (the "Confirmation Hearing").

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a proposed form of order approving the Disclosure Statement on a final basis and confirming the Plan (the "Proposed Confirmation Order").

**PLEASE TAKE FURTHER NOTICE** that the Trustee intends to present the Proposed Confirmation Order, substantially in the form attached hereto, to the Court at the Confirmation Hearing.  To the extent the Trustee makes revisions to the Proposed Confirmation Order, the Trustee intends to submit a revised form of order to the Court prior to the Confirmation Hearing.

Dated:  New York, New York
         March **9**, 2026

ALBERT TOGUT, not individually but
solely in his capacity as Chapter 11 Trustee
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP,
By:

*/s/ Brian F. Moore*
BRIAN F. MOORE
MARTHA E. MARTIR
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

## <u>EXHIBIT A</u>

**Proposed Confirmation Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------  x
                                                   :
In re:                                             :    Chapter 11
                                                   :
PEGGY NESTOR,                                      :    Case No. 23-10627 (MEW)
                                                   :
                          Debtor.                  :
------------------------------------------------------------------  x
```

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
### (I) APPRROVING DISCLOSURE STATEMENT ON A FINAL BASIS
### AND (II) CONFIRMING AMENDED CHAPTER 11 TRUSTEE'S PLAN

**WHEREAS**, Albert Togut, not individually but solely in his capacity as
trustee (the "Trustee") of the Chapter 11 estate (the "Estate") of Peggy Nestor
(the "Debtor"), the debtor in the above-captioned Chapter 11 case (the "Chapter 11
Case") and as "proponent of the plan" within the meaning of section 1129 of title 11 of
the United States Code (the "Bankruptcy Code"), has filed the solicitation versions of
the *Amended Chapter 11 Trustee's Plan,* dated February 4, 2026 [Docket No. 870]
(the "Solicitation Plan") and the related *Disclosure Statement for the Amended Chapter 11
Trustee's Plan*, dated February 4, 2026 [Docket No. 872] (the "Disclosure Statement");
and

**WHEREAS**, on February 4, 2026, the United States Bankruptcy Court for
the Southern District of New York (the "Court") entered the *Order (I) Approving Certain
Key Dates Relating to Confirmation of the Trustee's Plan, Including Scheduling a Combined
Hearing to Consider Approval of the Trustee's Disclosure Statement and Plan;  (II) Approving
the Form and Manner of Combined Hearing Notice;  (III) Approving the Trustee's Disclosure
Statement on a Provisional Basis;  (IV) Approving (A) Procedures for Solicitation, (B) Forms of
Ballots, (C) Procedures for Tabulation of Votes, and (D) Procedures for Objections* [Docket
No. 875] (the "Solicitation Order"), which among other things, (a) approved the

Disclosure Statement on a conditional basis;  (b) scheduled a hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Solicitation Plan (the "Confirmation Hearing") for March 11, 2026 at 2:00 p.m. (prevailing Eastern Time);  (c) approved certain procedures for solicitation and tabulation of votes to accept or reject the Solicitation Plan (the "Solicitation Procedures");  and (d) approved the ballots and other materials in connection with confirmation of the Solicitation Plan (collectively, the "Solicitation Materials");  and

WHEREAS, on February 4, 2026, pursuant to the Solicitation Order, the Trustee filed and served the *Notice of (I) Combined Hearing to Consider Approval of Disclosure Statement on Final Basis and Plan Confirmation;  (II) and Deadline for Objecting to Disclosure Statement and Plan;  and (III) Voting Status* [Docket No. 877] (the "Confirmation Hearing Notice");  and

WHEREAS, pursuant to the Solicitation Order, the Trustee caused copies of the Solicitation Materials, including the Confirmation Hearing Notice, to be served, as applicable, to holders of Claims and Equity Interests in accordance with the Solicitation Order, as described in (a) the *Affidavit of Service*, dated February 6, 2026 [Docket No. 881] (the "Solicitation Affidavit") and (b) the *Certification of Christian Ribeiro Regarding Voting and Tabulation of Ballots Cast on Amended Chapter 11 Trustee's Plan*, dated March 6, 2026 [Docket No. 950] (the "Solicitation Declaration");  and

WHEREAS, on (a) February 25, 2026, the Trustee filed the *Notice of Filing of Plan Supplement to Amended Chapter 11 Trustee's Plan* [Docket No. 917] (the "First Plan Supplement") and (b) March [__], 2026, the Trustee filed the *Notice of Filing of Amended Plan Supplement to Amended Chapter 11 Trustee's Plan* [Docket No. [__]] (the "Second Plan

2

Supplement" and, together, with the First Plan Supplement, and, as may be further amended or supplemented from time to time, the "Plan Supplement"); and

WHEREAS, the Solicitation Declaration sets forth the attestation to, and certification of, the method and results of the tabulation of Claims and Equity Interests entitled to vote to accept or reject the Solicitation Plan; and

WHEREAS, on March 9, 2026, the Trustee filed the *Amended Chapter 11 Trustee's Plan* [Docket No. 954] (as may be amended, modified, and/or supplemented from time to time, the "Plan"),[1] which contained certain modifications to the Solicitation Plan (the "Modifications") that is annexed hereto as **Exhibit A**; and

WHEREAS, on February 26, 2026, the Court entered the *Order Approving Sale of Property* [Docket No. 920] (the "Sale Order"), which authorized the sale (the "Sale Transaction") of the real property located at 15 East 63rd Street, New York, New York 10065 (the "Townhouse"), pursuant to sections 105, and 363(h) and (f) of the Bankruptcy Code, to the Purchaser (as defined herein); and

WHEREAS, on March 9, 2026, the Trustee filed the *Chapter 11 Trustee's Memorandum of Law In Support of Confirmation of the Amended Chapter 11 Trustee's Plan* [Docket No. 963] (the "Confirmation Brief"), which incorporated by reference the *Declaration of Brian Moore in Support of Confirmation of Amended Chapter 11 Trustee's Plan* (the "Declaration"), annexed to the Confirmation Brief at Exhibit A, filed in support of confirmation of the Plan and in response to certain objections to the Plan filed by certain

---

[1]    Capitalized terms used in this order (the "Order") but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

creditors and stakeholders [Docket Nos. 885, 914, 926, 938, 951] (together, the "Objections").

NOW, THEREFORE, based on the Confirmation Brief, the Declaration, the Solicitation Declaration, the record of the Confirmation Hearing, including all exhibits and testimony submitted in connection therewith, the arguments of counsel and all other persons made at the Confirmation Hearing, and the entire record of the Chapter 11 Case; and after due deliberation thereon and sufficient cause appearing therefor, **IT IS HEREBY FOUND AND DETERMINED THAT:**

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. **Findings of Fact and Conclusions of Law.** The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). All findings of fact and conclusions of law set forth in the Sale Order, including approval of the Sale Transaction, are incorporated by reference herein. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. **Exclusive Jurisdiction; Venue; Core Proceeding.** The Court has exclusive jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has exclusive jurisdiction to determine the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

**C.**    **Eligibility**.  The Debtor is an eligible debtor under section 109 of the Bankruptcy Code.

**D.**    **Burden of Proof**.  The Trustee, as the proponent of the Plan, has satisfied his burden of proving by a preponderance of the evidence that the Plan satisfies the requirements of section 1129 of the Bankruptcy Code.

**E.**    **Judicial Notice**.  This Court takes judicial notice of the docket in the Chapter 11 Case maintained by the Clerk of this Court and/or its duly appointed agent, including, without limitation, all pleadings, notices, letters, emails and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before this Court during the Chapter 11 Case, including, without limitation, the Confirmation Hearing.

## Disclosure Statement

**F.**    **Adequacy of Disclosure Statement**.  The Disclosure Statement contains adequate and extensive material information regarding the Debtor and the Plan (and the transactions, including the Sale Transaction, contemplated thereby) so that the parties entitled to vote on the Plan could make informed decisions regarding the Plan. The Plan contains "adequate information" as that term is defined in section 1125(a) of the Bankruptcy Code, and complies with any applicable additional requirements of the Bankruptcy Code and Bankruptcy Rules.

## Plan

**G.**    **Plan Proponent**.  The Trustee is a proper plan proponent under section 1121(a) of the Bankruptcy Code.

**H.**    **Bankruptcy Rule 3016**.  In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Trustee as proponent of the Plan.  The Trustee appropriately filed the Disclosure Statement and the Plan with this Court, thereby

satisfying Bankruptcy Rule 3016(b).  The injunction provision of the Plan is set forth in bold and with specific and conspicuous language, thereby complying with Bankruptcy Rule 3016(c).

I.      **Notice and Transmittal of Solicitation Materials;  Adequacy of Solicitation Notices**.  The Plan, the Disclosure Statement, the Confirmation Hearing Notice, the Solicitation Order, and the Solicitation Materials (including the ballots) were transmitted and served in good faith and in an appropriate manner in compliance with the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), and any other applicable rules, laws, and regulations.  Such transmittal and service were due, timely, adequate, and sufficient based upon the circumstances of the Chapter 11 Case, all parties in interest had the opportunity to appear and be heard at the Confirmation Hearing, and no other or further notice is or shall be required.  All persons who solicited votes on the Plan solicited such votes in good faith, in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions in Section 9.4 of the Plan.  The solicitation of votes on the Plan, and the Solicitation Materials, complied with the solicitation procedures in the Solicitation Order, were appropriate and satisfactory based upon the circumstances of the Chapter 11 Case, and were in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

J.      **Tabulation**.  Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code,

the Bankruptcy Rules, the Solicitation Order, and all other applicable non-bankruptcy rules, laws, and regulations.

K.     **Cram Down Requirements**.  With respect to those classes that are deemed to reject or voted to reject the Plan, the requirements of section 1129(b) of the Bankruptcy Code have been satisfied and the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code.

L.     **No Unfair Discrimination; Fair and Equitable**.  The Plan does not "discriminate unfairly" and is "fair and equitable" with respect to the Classes that are Impaired and/or are deemed to reject the Plan because no Class of equal rank to such Classes is receiving greater value under the Plan, no Class senior to such Classes is being paid more than in full, and the Plan does not provide a recovery on account of any Claim or Equity Interest that is junior to such Classes unless and until such Classes are paid in full.

M.     **Good Faith**.  The Plan has been proposed in good faith and not by any means forbidden by law.  In so finding, the Court has considered the totality of the circumstances of the Chapter 11 Case and found that all constituencies acted in good faith.  The Plan, including the Sale Transaction embodied therein, is the result of extensive, good faith, arm's length negotiations among the Trustee and the principal stakeholders.

N.     **Best Interest of Creditors**.  The "best interests" test is satisfied as to all Impaired Classes under the Plan, as each Holder of a Claim or Equity Interest in such Impaired Classes will receive or retain property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code, as described in the Liquidation Analysis, attached as Exhibit 2 to the Disclosure Statement.

O.      **Trustee and Estate Release**.  As has been established based upon the record before the Court in this Chapter 11 Case, including evidence presented at the Confirmation Hearing, good and valid justifications have been demonstrated in support of the releases by the Trustee and the Estate contained in Section 9.3 of the Plan (the "Estate Release").  The Estate Release:  (a) is an essential means of implementing the Plan;  (b) is an integral and non-severable element of the Plan and the transactions incorporated therein;  (c) confer substantial benefits on the Estate;  (d) is in exchange for good, substantial and valuable consideration provided by the Released Parties;  (e) is a good faith settlement and compromise of the Claims and Causes of Action released by Section 9.3 of the Plan, including, but not limited to, resolution of the Trustee's right to seek a surcharge against Lynx and its collateral pursuant to section 506(c) of the Bankruptcy Code;  (f) is in the best interests of the Debtor, the Estate, and all Holders of Claims and Equity Interests;  (g) is fair, equitable, and reasonable;  and (h) is given and made after due notice and opportunity for hearing.

P.      **Exculpation**.  The exculpation provided by Section 9.4 of the Plan was proposed in good faith and is essential to the Plan.  The record in the Chapter 11 Case and at the Confirmation Hearing fully supports the exculpation provisions, and such provisions are appropriately tailored to protect the Exculpated Parties from inappropriate litigation while excluding actions determined by Final Order to have constituted actual fraud, gross negligence or willful misconduct.

Q.      **Injunction**.  The injunction set forth in Section 9.2 of the Plan is appropriate in that such injunction is necessary to implement, preserve, and enforce the releases and exculpations set forth in Article IX of the Plan, and such injunction is narrowly tailored to achieve such purpose.

**R.    Settlement and Compromise.**  The settlements and comprises set forth in the Plan, including the settlements included in the Plan Supplement pursuant to Section 5.12 of the Plan, constitute good faith compromises and settlements.

**S.    Plan Supplement**.  The filing and notice of the Plan Supplement, and any modifications or supplements thereto, was proper and in accordance with the Plan, the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order, and no other or further notice is or shall be required.

**T.    Modifications to the Plan**.  Disclosure of the Modifications [Docket Nos. 903, 959], and on the record at the Confirmation Hearing constitutes due and sufficient notice of any and all Modifications.  The Modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the resolicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that the Holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  The Modifications do not materially and adversely affect or change the treatment of any Claims or Equity Interests without the consent of the affected holders of such Claims or Equity Interests, and no parties in interest or party that previously voted on the Plan raised an objection or concern with respect to any Modifications.

**U.    Implementation**.  All documents necessary to implement the Plan, including those contained in the Plan Supplement, and all other relevant and necessary documents have been negotiated in good faith and at arm's length and shall, upon completion of the documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

**V.    Satisfaction of Confirmation Requirements**.  The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

**Sale Transaction**

**W.**    **Approval of Sale Transaction**.  Pursuant to the Sale Order, the Sale Transaction and all of the conditions and transactions contemplated by the Purchase Agreement were authorized and approved pursuant to sections 105(a) and 363 of the Bankruptcy Code.

**X.**    **Certain Definitions**.  The term "Purchaser" as used in this Order, shall mean the Stalking Horse Bidder or the Back-Up Bidder, as applicable, with which the Sale Transaction is ultimately consummated.  The term "Sale Transaction Documents" as used in this Order shall mean the Stalking Horse Agreement or the Back-Up Agreement, including any and all related agreements and schedules in connection therewith, pursuant to which the Trustee ultimately consummates the Sale Transaction with the Purchaser, and shall include the Plan.

**Y.**    **Back-Up Bid**.  Pursuant to Section 5.13(e) of the Plan and Paragraph Q of the Sale Order, if the parties are unable to consummate the Sale Transaction pursuant to the Stalking Horse Agreement following the entry of the Sale Order, the Trustee may file a notice with the Court designating the Back-Up Bid as the "Successful Bid" (the "Back-Up Bid Implementation Notice") on the docket of the Chapter 11 Case and seek, subject to entry of this Order, to consummate the Sale Transaction pursuant to the Back-Up Agreement.[2]  Following the filing of the Back-Up Bid Implementation Notice, the Back-Up Agreement and the Back-Up Bidder shall be treated as the "Purchase Agreement" and the "Purchaser", respectively, for all purposes under this Order.

---

[2]    For the avoidance of doubt, nothing in this Order shall be construed to approve or authorize the bidding protections provided in Section 19.04 of the Back-Up Agreement.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      **Adequacy of the Disclosure Statement**.  The Disclosure Statement is approved on a final basis as having adequate information as contemplated by section 1125(a)(1) of the Bankruptcy Code and sufficient information of a kind necessary to satisfy the disclosure requirements of any applicable non-bankruptcy laws, rules, and regulations.

2.      **Confirmation of Plan;  Approval of Sale Transaction**.  The Plan and each of its provisions and exhibits, and the transactions contemplated therein, including the Sale Transaction, is confirmed pursuant to section 1129 of the Bankruptcy Code in all respects.  The documents contained the Plan Supplement and the exhibits thereto are incorporated by reference and are an integral part of this Order.

3.      **Objections Overruled**.  Any objections, including the Objections, that have not been consensually resolved or withdrawn are hereby denied and overruled on the merits, with prejudice.

4.      **Implementation of Plan and Sale Transaction**.

a.      The Debtor, the Trustee, and the Plan Administrator, as applicable, are authorized to take all reasonable actions required under the Plan and Plan Supplement, including the Sale Transaction Documents, that are necessary or appropriate to effectuate the Plan and the transactions contemplated therein, including the Sale Transaction.  The Debtor, Marianne Nestor (a/k/a Marianne Nestor Cassini, "M. Nestor"), the Trustee, and the Plan Administrator and each of their respective Related Parties are hereby directed to cooperate in good faith to implement and consummate the Plan, including the Sale Transaction.  All actions contemplated by the Plan, including actions taken in anticipation of the Closing and the Effective Date, are

hereby authorized and approved in all respects (subject to the provisions of the Plan, the Sale Order, and this Order).

b.     In connection with actions taken pursuant to this Paragraph 4 and all other actions required by the Plan, the Sale Order, and this Order to effectuate, implement, or consummate the Plan and the transactions contemplated therein (including the Sale Transaction), the Debtor and M. Nestor are hereby authorized and directed to take or not take any and all actions as instructed by the Trustee or Plan Administrator, as applicable, and shall not take any actions inconsistent with the Plan, the Sale Order, or this Order without the prior written consent of the Trustee or Plan Administrator or further order of the Court.

c.     The Plan Administrator shall have authority and right to carry out and implement all provisions of the Plan, as provided in Section 5.5 of the Plan.  The Trustee and the Plan Administrator, as applicable, shall be authorized and empowered to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and take such actions as are necessary to consummate the Plan.  The Trustee or the Plan Administrator, as applicable, are hereby authorized to make Distributions and other payments in accordance with the Plan.

d.     Each federal, state, commonwealth, local, foreign, or other governmental agency is directed and authorized to accept for filing and/or recording any and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan, the Sale Transaction, and this Order.

5.     **Plan Supplement;  Effectiveness**. The terms of the Plan and the Plan Supplement, including the Sale Transaction Documents, and all exhibits thereto, and all other relevant and necessary documents executed or to be executed in connection with

the transactions contemplated by the Plan and the Sale Transaction Documents shall be effective and binding as of the Effective Date.  Subject to the terms of the Plan, the Trustee may alter, amend, update, or modify the Plan Supplement before the Effective Date.  The failure to specifically include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document in this Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

6.    **Modifications**.  The amendments and Modifications to the Solicitation Plan since the filing and solicitation thereof and incorporated into the Plan are approved in accordance with section 1127(a) of the Bankruptcy Code and Rule 3019(a) of the Bankruptcy Rules.

7.    **Release;  Exculpation;  Injunction; Discharge; Settlement and Compromise**.

a.    The Bankruptcy Court has jurisdiction under 28 U.S.C. § 1334, and authority under 28 U.S.C. § 157, to approve the injunctions, exculpations, releases, , discharges, settlements, and compromises set forth in the Plan (including Sections 9.1, 9.2, 9.3,  9.4, 5.12).  Sections 105(a), 1123(b)(3), and 1123(b)(6) of the Bankruptcy Code and Bankruptcy Rule 9019 permit issuance of the injunctions and approval of the exculpations, releases, discharges, settlements, and compromises set forth in the Plan.

b.    The Released Parties and Exculpated Parties have performed a meaningful role in, and significantly and tangibly contributed to, the Chapter 11 Case and its resolution, have participated in the Chapter 11 Case in good faith, and have acted in compliance with all provisions of the Bankruptcy Code, including in connection with the negotiation, preparation, and pursuit of confirmation of the Plan and compromises implemented therein, and the pursuit of the Sale Transaction.

13

Specifically, each of the Exculpated Parties that owed fiduciary duties to the Estate fulfilled such fiduciary duties at all times.

c.      The Trustee and his professionals, attorneys, advisors, and other Related Parties have worked diligently in connection with the liquidation efforts, including negotiating, formulating, and seeking, and obtaining Court approval, as applicable, of the Sale Transaction, the Disclosure Statement, and the Plan. Throughout the Chapter 11 Case, the Trustee and his Related Parties have fulfilled any fiduciary duties or obligations owed to the Estate and protected the interests of all the Debtor's constituents with an even hand. The Trustee and his Related Parties have acted, and will enter into the documents to which they are contemplated to become parties to effectuate the Plan (including the Plan Supplement and Sale Transaction Documents), in good faith and are hereby deemed to continue to act in good faith if they (i) proceed to consummate the Plan and the Sale Transaction in accordance with the terms thereof and (ii) take the actions authorized or directed by this Order and the Sale that are consistent with the Plan. The Trustee and his Related Parties fairly and reasonably negotiated the transactions (including the Sale Transaction) contemplated by the Plan in good faith and at arm's length, and the resulting terms are in the best interests of the Debtor and the Estate.

d.      The Released Parties and non-Trustee Exculpated Parties each have made substantial contributions to the Chapter 11 Case and assisted the Trustee with negotiating and developing the Plan and the transactions (including the Sale Transaction) and settlements contemplated thereby, or have agreed to forgo certain rights, make certain concessions, or incur certain obligations to permit recoveries for the

14

Estate's creditors and other stakeholders set forth in the Plan which might not otherwise have been achievable.

   e. Accordingly, and based on the record before the Bankruptcy Court, each of the injunction, exculpation, release, discharge, settlement, and compromise provisions set forth in the Plan (Sections 9.1, 9.2, 9.3, 9.4, 5.12) (i) is the product of extensive good-faith and arm's length negotiations, (ii) is fair, equitable, reasonable, and appropriate under the circumstances, (iii) confers a material benefit on, and is in the best interests of, the Debtor, the Estate, and her creditors, (iv) is an essential, integral, and non-severable component of the Plan, consummation of the Plan, consummation of the Sale Transaction,, and resolution of the Chapter 11 Case, (v) is appropriately and narrowly tailored, (vi) is supported by good and valuable consideration (including the Released Parties' contributions to facilitate the resolution of the Chapter 11 Case and implementation of the Plan), (vii) is granted after due notice and opportunity for hearing, (viii) is consistent with the Bankruptcy Code and applicable law, (ix) is intended to promote finality and prevent parties from circumventing or attempting to circumvent the Plan, (x) constitute a good-faith compromise and settlement of the matters covered thereby, (xi) is, with respect to the Estate Release in Section 9.3 of the Plan, consensual, (xii) is, with respect to the injunction provisions, necessary to preserve and enforce the Plan's discharge, release, and exculpation provisions, and (xiii) is the result of a fair and valid exercise of the Trustee's sound business judgment.

   f. The settlements and compromises set forth in the Plan, including the settlements included in the Plan Supplement pursuant to Section 5.12 of the Plan, are approved and will be effective immediately and binding on all parties in interest on

the Effective Date without further order or action by the Court, any of the affected

parties, or any other Persons or Entities.

8.    **Direction to Release Liens**. As of the Effective Date and subject to the

occurrence of the Closing, except as otherwise set forth in the Plan or the Sale

Transaction Documents, each of the Debtor's creditors and any holder of a Lien, is

authorized and directed to execute such documents and take all other actions as may be

necessary to release its or their Lien on or against the Assets (including the Townhouse),

if any, as such Lien may have been recorded or may otherwise exist.  If any Person or

Entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or

other documents or agreements evidencing Liens on or against the Townhouse has not

delivered to the Trustee prior to the Effective Date in proper form for filing and

executed by the appropriate parties, termination statements, instruments of satisfaction,

or, as appropriate, releases of all such Liens (collectively, the "Release Documents"),

each of the Purchaser, the Trustee, and the Plan Administrator, as applicable, (i) is

hereby authorized to execute and file the Release Documents on behalf of such Person

or Entity;  (ii) file, register or otherwise record a certified copy of this Order, which, once

filed, registered or otherwise recorded, shall constitute conclusive evidence of the

release of such Liens;  and (iii) may seek in this Court or any other court to compel

appropriate persons to execute the appropriate Release Documents; *provided, that*,

notwithstanding anything in this Order or the Sale Transaction Documents to the

contrary, the provisions of this Order shall be self-executing, and none of the Trustee,

the Plan Administrator, or the Purchaser shall be required to execute or file any Release

Documents in order to effectuate, consummate, and implement the provisions of this

Order, although if necessary, they may do so.  This Order is deemed to be in recordable

form sufficient to be placed in the filing or recording system of each and every federal,

state, county, or local government agency, court, department or office.

9.      **Direction to Government Agencies**.  This Order is and shall be binding

upon and govern the acts of all persons, including all filing agents, filing officers, title

agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

registrar of patents, trademarks, or other intellectual property, administrative agencies,

governmental departments, secretaries of state, federal, state, county and local officials,

and all other persons who may be required by operation of law, the duties of their

office, or contract, to accept, file, register, or otherwise record or release any documents

or instruments, or who may be required to report or insure any title or state of title in or

to the Townhouse (all such entities being referred to as "Recording Officers").  Each

Recording Officer is authorized, from and after the Effective Date, to strike all recorded

Liens on or against the Townhouse from their records, official or otherwise, without

further order of the Court or act of any Person or Entity, in accordance with the Plan,

the Sale Transaction Documents, the Sale Order, and this Order.  Each Recording

Officer is authorized and directed to file, record and/or register any and all documents

and instruments presented to consummate or memorialize the Sale Transaction.

10.     **Vesting of Assets.**  On the Effective Date, pursuant to Section 5.6 of the

Plan and sections 1141(b) and (c) of the Bankruptcy Code, all property of the Debtor's

Estate and not sold pursuant to the Sale Transaction, including all Retained Causes of

Action, shall vest in the Plan Administrator free and clear of all claims, Liens,

encumbrances, charges, and other interests, except as may be provided pursuant to the

Plan or this Order.  On and after the Effective Date, except as otherwise provided in the

Plan or herein, the Plan Administrator may use, acquire, or dispose of property and

maintain, prosecute, abandon, compromise or settle any Claims, Equity Interests, or

Causes of Action without supervision or approval by the Bankruptcy Court and free of

any restrictions of the Bankruptcy Code or Bankruptcy Rules, subject only to those

restrictions expressly imposed by the Plan or this Order, as well as the documents and

instruments executed and delivered in connection therewith, including the documents,

exhibits, instruments, and other materials comprising the Plan Supplement.

11.    **Exemption from Transfer Taxes.**  To the maximum extent permitted by

section 1146(a) of the Bankruptcy Code, the Sale Transaction and Asset transfers

consummated by the Trustee and approved by this Court, on or after the Confirmation

Date through and including the Effective Date, shall constitute "transfer under a plan"

within the purview of section 1146 of the Bankruptcy Code, and shall not be subject to

any document recording tax, stamp tax, conveyance fee or other similar tax, mortgage

tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or

recording fee, regulatory filing or recording fee, sales tax, use tax, or other similar tax or

governmental assessment.

12.    **Executory Contracts and Unexpired Leases.**  In accordance with Section

8.1 of the Plan, on the Effective Date, except as otherwise provided in the Plan, each

Executory Contract and Unexpired Lease shall be deemed automatically rejected on the

Effective Date pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such

Executory Contract or Unexpired Lease (a) has previously been assumed, or assumed

and assigned by, order of the Bankruptcy Court prior to the Confirmation Date (which

order may be this Order);  (b) is the subject of a motion to assume filed on or before the

Confirmation Date;  or (c) is identified on the schedule of assumed Executory Contracts

or Unexpired Leases in the Plan Supplement.

13.    **Payment of Professionals After the Effective Date**.  The Plan

Administrator is authorized to pay compensation for services rendered or

reimbursement of expenses incurred after the Effective Date in the ordinary course without the need for Court approval.  Allowed Professional Fee Claims shall be paid in Cash by the Plan Administrator to Case Professionals from the funds held in the Post-Confirmation Fund when such Professional Fee Claims are Allowed by an order of the Bankruptcy Court; *provided, that*, Allowed Professional Fee Claims will be paid to the extent possible whereby each Holder of a Professional Fee Claim shall receive its *pro rata* share of the remaining funds in the Post-Confirmation Fund as determined by the Trustee or as otherwise agreed; *provided, further, that*, that when the receives additional proceeds from the liquidation of Assets after the Effective Date, Case Professionals shall receive additional payments on account of such Case Professionals pre-Effective Date fees and expenses until such fees can be fully satisfied.

14.    **Confirmation Notice**.  The Trustee shall cause to be served a notice of the entry of this Order, the occurrence of the Effective Date, the Administrative Claims Bar Date, and the deadline to file Claims for damages, if any, resulting from the Trustee's rejection of an Executory Contract or Unexpired Lease as provided in the Plan, upon all parties in interest no later than three (3) business days after the Effective Date, or as soon as reasonably practicable thereafter.  Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of entry of this Order pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c).

15.    **Conditions to Effective Date**.  The Plan shall not become effective unless and until all conditions set forth in Section 10.2 of the Plan have been satisfied or waived pursuant to Section 10.3 of the Plan.

16.    **Retention of Jurisdiction.**  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the Chapter 11 Case, the Plan, the Sale Transaction,

the Sale Order, and the implementation of this Order, including, without limitation, those matters set forth in Article XII of the Plan and all Retained Causes of Action.

17.    **Substantial Consummation.**  On the Effective Date, the Plan shall be deemed to be substantially consummated pursuant to sections 1101 and 1127(b) of the Bankruptcy Code.

18.    **Severability.**  This Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may be amended in accordance with Section 13.1 of the Plan, is (a) valid and enforceable pursuant to its terms;  (b) integral to the Plan and may not be deleted or amended other than in accordance with Section 13.1 of the Plan;  and (c) non-severable and mutually dependent.

19.    **Immediate Binding Effect.**  Pursuant to section 1141, as applicable, and the other applicable provisions of the Bankruptcy Code, on or after entry of this Order and subject to the occurrence of the Effective Date, the terms of the Plan (including all documents and agreements executed pursuant thereto or in connection therewith), the Plan Supplement, and this Order shall be immediately effective and enforceable and shall bind the Trustee, the Debtor, M. Nestor, the Exculpated Parties, Released Parties, all Holders of Claims and Equity Interests (irrespective of whether such Claims or Equity Interests are Impaired under the Plan or whether the Holders of such Claims or Equity Interests accepted or are deemed to have accepted the Plan or rejected or are deemed to have rejected the Plan), any other person giving, acquiring, or receiving property under the Plan, any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor, and other party in interest in the Chapter 11 Case, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.  On the Effective Date, waivers, discharges, exculpations, and

injunctions set forth in the Plan shall be effective and binding on Persons or Entity who may have had standing to assert any settled, compromised, waived, discharged, exculpated, or enjoined Causes of Action after the Effective Date.

20.    **Inconsistency**.  In the event of a conflict between this Order, on the one hand, and the Plan, the Plan Supplement, the Sale Transaction Documents, or any other instrument or document created or executed pursuant to the Plan or any order (other than this Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), on the other hand, this Order shall govern and control in all respects; *provided*, *however*, that the Sale Order shall control and take precedence in the event of any inconsistency between the Sale Order, the Order, any provision of the Plan, and any of the foregoing documents.

21.    **Reversal/Stay/Modification/Vacatur of Order**.  Except as otherwise provided in this Order, if any or all of the provisions of this Order are hereafter reversed, modified, vacated, or stayed by a subsequent order of this Court, or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or Lien incurred or undertaken by the Debtor, the Trustee, the Plan Administrator, as applicable, prior to the effective date of such reversal, stay, modification, or vacatur.  Notwithstanding any such reversal, stay, modification, or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Order, the Plan, the Plan Supplement, and any amendments or modifications to the foregoing.

22.    **Payment of Statutory Fees**.  On the Effective Date, the Trustee shall pay all accrued and outstanding U.S. Trustee Fees, if any.  All U.S. Trustee Fees payable

after the Effective Date, if any, shall be paid by the Plan Administrator until the earlier of the conversion, dismissal, or closure of the Chapter 11 Case.

23.    **Post-Confirmation Reporting**.  The Plan Administrator shall file post-confirmation reports until the Chapter 11 Case is converted, dismissed, or closed by entry of a final decree.

DATED: _____, 2026
           New York, New York      _____
                                    HONORABLE MICHAEL E. WILES
                                    UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Plan**