UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                              :
                                                    :     Chapter 11
PEGGY NESTOR,                                       :
                                                    :     Case No. 23-10627 (MEW)
                        Debtor.                     :
------------------------------------------------------------------x

### DECISION CONFIRMING THE DENIAL OF MARIANNE NESTOR CASSINI'S REPEATED EFFORTS TO ASSERT THE RIGHTS OF A CO-OWNER OF REAL PROPERTY AFTER HAVING PREVIOUSLY DENIED THAT SHE HAD ANY SUCH INTEREST

On March 11, 2026, I held a hearing to consider confirmation of a proposed amended plan of reorganization filed by the Chapter 11 Trustee in this case. The Plan contemplates the sale of the building located at 15 East 63d Street, New York, NY (the "**Townhouse**"). I approved the sale by Order dated February 26, 2026 (ECF No. 920), though by the terms of that Order the sale remained contingent on the confirmation of a plan of reorganization. Certain objections to the proposed plan were discussed today and were denied for the reasons set forth on the record, and they require no further explanation here.

Peggy Nestor (the "**Debtor**") and her sister, Marianne Nestor Cassini, did not appear at the confirmation hearing and did not participate in it remotely, though they had previously been notified of their right to do so. However, Ms. Nestor Cassini did appear at the Courthouse to file yet another request that I confirm her alleged right, as an alleged co-owner, to buy the Townhouse at the price that has been offered by the court-approved bidder. *See* Letters docketed at ECF Nos. 972, 973, 974. We have made many prior rulings and issued many prior orders making clear that Ms. Nestor Cassini is estopped from claiming any such rights, though she has repeatedly filed papers that have mischaracterized my rulings on those issues. I adhere to those prior rulings and I once again deny Ms. Nestor Cassini's requests. I have compiled the relevant

history in this Decision for the benefit of any appellate court that may have to consider these points.

### Prior Representations by the Debtor and Ms. Nestor Cassini Regarding Ownership of the Townhouse

Peggy Nestor (the "**Debtor**") commenced this case by filing a voluntary chapter 11 petition on April 25, 2023. She represented in her papers that the Townhouse was her primary asset. *See* Declaration of Debtor Pursuant to Local Bankruptcy Rule 1007-2, ECF No. 2, at ¶ 3.[1] The Debtor represented that the recorded deed showed that her sister, Marianne Nestor Cassini, was a co-owner of the Townhouse. *Id.* However, the Debtor further represented that her sister had transferred her interest to the Debtor in 2016 and that the Debtor was the sole owner of the Townhouse. *Id.* The Debtor also represented under oath that her sister "never resided in the Townhouse" and had not paid the mortgage or related expenses. *Id.*

Marianne Nestor Cassini is the former wife of Oleg Cassini. She has been involved in an often heated and long-running estate battle with other heirs of Mr. Cassini that continue to be the subject of proceedings in the Surrogate's Court in Nassau County. *See* ECF No. 58. In 2014, the Surrogate's Court removed Marianne Nestor Cassini as executor of Mr. Cassini's estate and appointed the Nassau County Public Administrator as her successor. *Id.* at ¶ 16. The Public Administrator and a court-appointed Receiver contend that they have enforceable security interests in the Townhouse by virtue of an attachment order issued by the Surrogate's Court in 2020 (affirmed in 2021) that covers up to $2,594,813.42 in value of the Debtor's interests and up

---

[1] Citations to "ECF" are to the docket in the main bankruptcy case (23-10627). Citations to the dockets in various adversary proceedings are identified, in each case, by references to those separate adversary proceeding numbers.

to $57.4 million of any interests that Marianne Nestor Cassini holds in the Townhouse. *Id.* at ¶¶ 25, 29.

Two financial institutions also hold mortgage liens. Emigrant Bank (as successor to Emigrant Savings Bank-Manhattan) has asserted a claim in the amount of $3,559,407.76 that is secured by a mortgage lien on the Townhouse. *See* Claims Register, Item 5-1. Lynx Asset Services, LLC also holds a mortgage lien that was granted by the Debtor and Ms. Nestor Cassini in support of their personal guarantees of a loan that was made to an entity named Gemeaux Ltd. *See* ECF No. 47. The New York State Court entered a foreclosure judgment in favor of Lynx and against the Debtor and Ms. Nestor Cassini on October 12, 2022. ECF 48-8, Exhibit H. An imminent foreclosure sale, pursuant to that judgment, prompted the Debtor's bankruptcy filing in April 2023. ECF No. 2, ¶¶ 8, 12.

Throughout the early months of this case the Debtor and her counsel represented that the Debtor was the sole owner of the Townhouse. In her Schedules of Assets and Liabilities filed on May 12, 2023, for example, the Debtor represented, under oath, that the Townhouse was "Jointly Held – subject to transfer in 2016" and that "Interest of co-owner signed over in or about 2016; Deed unrecorded." *See* Schedule A/B, ECF No. 21, Part 1, § 1.1. Similar representations were made in other pleadings. *See, e.g.,* ECF No. 23, ¶ 6; ECF No. 24, Application ¶ 6; ECF No. 37, ¶ 7. The Debtor also filed a tentative plan of reorganization that contemplated a refinancing or sale of the Townhouse and that provided that all interests of Marianne Nestor Cassini in the Townhouse (if there were any) would be extinguished. ECF No. 62, Articles V, X. The draft Disclosure Statement that the Debtor filed stated:

> The Debtor's case is complicated by the fact that the Debtor's sister,
> Marianne, holds a *[sic]* interest in the Home, at east *[sic]* on "paper."
> Marianne is titled on the deed to the premises as a joint tenant in common
> even though she never resided there or contributed to the expenses associated

3

> with it. The Debtor maintains that Marianne's interest was transferred to her
> and that, regardless, her interest in the Townhouse is far greater than 50% in
> that she paid expenses relating to the Townhouse for decades.

*See* ECF No. 63, at 5.

On July 14, 2023, Lynx moved for relief from the automatic stay to proceed with its foreclosure action. *See* ECF Nos. 47, 48. The Public Administrator and the Receiver filed a statement in support of the Lynx motion on July 31, 2023. *See* ECF No. 56. They referred to their own attachment order and argued that if the foreclosure sale were to proceed then they would be entitled to a portion of the proceeds pursuant to a settlement agreement that they had entered into with Lynx. *Id.* The Debtor opposed the motion and argued that Lynx's interest was adequately protected because the value of the Townhouse greatly exceeded the outstanding mortgage debts. *See* ECF No. 50. At a hearing on August 2, 2023, I stated that I would need to have an evidentiary hearing as to the value of the Townhouse if the parties could not agree as to whether the Lynx mortgage claim was adequately protected. I also urged the parties to agree promptly on a path towards either a refinancing or sale of the Townhouse. I then adjourned the hearing until September 13.

The Debtor had initially indicated a desire to refinance the Lynx mortgage debt, and possibly other mortgage debts, but she never was able to do so. The Debtor's counsel represented at one point that the existence of the attachment lien was an obstacle to such a refinancing. ECF No. 37, ¶ 8. Just prior to the September 13 conference, on September 12, 2024, the Debtor filed an application seeking permission to retain Sotheby's as a broker in order to pursue a sale of the Townhouse. *See* ECF No. 66. At the September 13 conference, the parties stated that they would work together on the outlines of a sale process and would report back to the Court on October 4, 2024. The parties had not yet reached agreement by October 4,

4

and I informed them at that time that I would impose a sale process if they could not otherwise agree.

At a further hearing on October 17, 2024, the parties noted that there were still some open issues to be resolved regarding the sale process. They also noted that efforts to sell the Townhouse could be adversely affected if there were uncertainties as to who owned the property and as to whether Marianne Nestor Cassini agreed that the property could be sold. There would have been no such uncertainties if Lynx had instead been permitted to proceed with its state court foreclosure sale, since the underlying foreclosure judgment had been entered against both the Debtor and Marianne Nestor Cassini. I stated at that time that I did not want to approve a sale process in lieu of foreclosure, only to find out later that Ms. Nestor Cassini had a different view regarding the ownership of the property and/or the propriety of selling it. I added that Ms. Nestor Cassini should be advised to consult with counsel, and I asked that she inform the Court as to her position.

In an effort to address the ownership and sale issues more directly, however, the Debtor commenced an adversary proceeding on November 1, 2024 against Marianne Nestor Cassini, the Public Administrator and the Receiver, seeking a declaration that the Townhouse belongs only to Peggy Nestor and that Marianne Nestor Cassini has no ownership interest in it. *Nestor v. Nestor, et. al.*, Adv. Proc. No. 23-01195 (MEW). In the alternative, the Debtor asked for an Order declaring that the Townhouse should be sold pursuant to Section 363(h) of the Bankruptcy Code, which permits the sale of property that is jointly owned by a debtor and another person so long as certain conditions are satisfied. *See* 11 U.S.C. § 363(h). The Complaint alleged that "Marianne has never resided in the Townhouse," *see* Adv. Pro. No. 23-01195, ECF No. 1, ¶ 20; that Peggy Nestor had borne most of the expenses associated with the Townhouse (*id.* ¶¶ 21-26); and that

5

"in or about 2017, Marianne, in recognition of Peggy's contributions, executed a deed conveying her interest in the Townhouse to Peggy as sole owner," though the deed had not been recorded. *Id*. ¶¶ 27-28. It further alleged that "in or about 2018, Marianne acknowledged in sworn testimony in open Court, that Peggy owns the entire Townhouse." *Id*. ¶ 29.

The parties agreed in late 2023 on the procedures that would govern the sale of the Townhouse, and I approved those procedures on December 15, 2023. ECF No. 78. I also approved the retention of Sotheby's as a broker. ECF No. 77. Marianne Nestor Cassini signed the engagement letter with Sotheby's for the sale of the Townhouse, but she added a handwritten note stating "all rights reserved nothing herein is an admission of any ownership interest. Peggy Nestor is the owner of 15 E. 63rd Street." ECF No. 80. On January 24, 2024, in light of the agreed sale process, Lynx filed a formal withdrawal of its motion for stay relief, without prejudice to a future renewal of that motion. *See* ECF No. 86.

The Public Administrator and the Receiver filed answers in the adversary proceeding that the Debtor had filed, reserving their rights to claim that the Townhouse belongs, in whole or in part, to Marianne Nestor Cassini. Adv. Pro. No. 23-01195, ECF Nos. 7 & 8. However, Marianne Nestor Cassini did not oppose the relief sought in the Complaint and did not dispute its allegations regarding ownership of the Townhouse. Instead, on January 31, 2024, she filed an admission of service of the Summons and Complaint, and confirmed in that filing that "I have no ownership interest in the premises at 15 East 63th [*sic*] Street, New York. NY. 10065. Peggy Nestor is the Sole Owner of 15 East 63rd Street." *See* Adv. Pro. No. 23-01195, ECF No. 10, at ¶ 8.

Thereafter, Peggy Nestor asked for the entry of judgment against Marianne Nestor Cassini in the pending adversary proceeding. Adv. Pro. No. 23-01195, ECF No. 11. Ms. Nestor

Cassini did not oppose the entry of judgment. The Receiver and the Public Administrator agreed that judgment should be entered directing a sale of the Townhouse pursuant to section 363(h) of the Bankruptcy Code, with the understanding that the creditors' issues as to whether Marianne Nestor Cassini owns an interest in the Townhouse would be resolved in connection with the allocation of the proceeds of a sale. Adv. Pro. No. 23-01195, ECF Nos. 13, 14. I therefore entered an Order granting a partial judgment against Ms. Nestor Cassini on March 13, 2024, confirming that the Townhouse would be sold pursuant to the sale procedures previously approved by the Court. Adv. Pro. No. 23-01195, ECF No. 18. No appeal from that Order was filed.

In early 2024, Lynx identified various instances in which the Debtor had apparently received and disposed of large sums of money without court approval. Lynx also was unhappy with the speed and the manner in which the sale process was proceeding. Lynx filed a motion seeking the appointment of a chapter 11 trustee, and the Court held a hearing on that motion on March 5, 2024. Marianne Nestor Cassini appeared at the hearing, and she also filed papers shortly before the hearing stating her belief that a trustee should not be appointed. In her filing, Ms. Nestor Cassini stated that "Oleg Cassini, my husband since 1971, has had no Ownership Interest in the town house at 15 East 63rd Street NYC 10065. It is the residence and sole property of Peggy Nestor." ECF No. 104, at ¶ 38. Ms. Nestor Cassini also stated that "15 East 63rd Street, has been Peggy's Home and Primary Residence for 40 years. I have never resided there. The building is 100% owned by Peggy since 2018, by Deed." *Id*. at ¶ 64.

### The Appointment of a Trustee and Ms. Nestor Cassini's Efforts to Change Her Position

I determined that the appointment of a Trustee was warranted for the reasons stated in a Decision dated March 13, 2024. ECF No. 106. One reason was that certain assets of the estate

7

had apparently been diverted. Another reason was that the sale of the Townhouse had not been proceeding in accordance with the agreed schedule. *Id.* Albert Togut Esq. was appointed as the Chapter 11 trustee on March 22, 2024. ECF Nos. 111, 112.

The Trustee, following his appointment, was entitled to take control of property of the Debtor's estate. However, the Debtor did not cooperate in making the Townhouse available to the Trustee. The Trustee filed an adversary proceeding on April 10, 2024, stating that his access to the property had been denied. *See* Adv. Pro. No. 24-01342. He also stated that he had been advised that the Debtor resided in Connecticut and not at the Townhouse, and that he had also been advised that Marianne Nestor Cassini never resided at the Townhouse. Compl., Adv. Pro. No. 24-01342, ECF No. 1, ¶¶ 11, 28. The Trustee asked for the entry of an Order compelling the surrender of the Townhouse, and he attached as an exhibit a copy of a signed and notarized deed, dated January 25, 2018, by which Marianne Nestor Cassini had purported to transfer all of her interest in the Townhouse to Peggy Nestor. *See* Adv. Pro. No. 24-01342, ECF No. 2, Ex. E.

I issued an Order to Show Cause on April 10, 2024 that directed Peggy Nestor and Marianne Nestor Cassini to show cause at a hearing on April 23, 2024, as to why an Order should not be entered directing them to surrender and turn over possession of the Townhouse to the Trustee. *Id.,* ECF No. 3. The Debtor and Ms. Nestor Cassini did not file responsive papers and did not appear at the April 23, 2024 hearing. The Debtor's counsel of record appeared by telephone at the hearing and reported that she had attempted to communicate with the Debtor but had been unable to get a response from the Debtor despite concerted efforts. *See* Tr., April 23, 2024, Adv. Pro. No. 24-01342, ECF No. 10, at 8:10-17. The Debtor's counsel also reported that she had spoken with Marianne Nestor Cassini, and that Ms. Nestor Cassini had not stated that she opposed the Trustee's request for relief. *Id*. at 8:18-9:2.

8

I entered a further Order on April 23, 2024 that compelled the Debtor and Ms. Nestor Cassini to turn over keys to the Townhouse and to provide the Trustee with complete access to the Townhouse within forty-eight (48) hours after entry of the Order. *Id.*, ECF No. 8. I also authorized the Chapter 11 Trustee to employ a locksmith to change the locks, and to change the alarm codes for the Townhouse. *Id.* Finally, my April 23, 2024 Order stated that the Townhouse was to be in the sole custody and control of the Chapter 11 Trustee and that the Trustee, if it turned out to be necessary, was authorized to use the assistance of the U.S. Marshals' Service to facilitate the Trustee's entry into the Townhouse "and to remove any occupants found there." *Id.*

The Trustee filed proofs of service of the Order upon the Debtor and Ms. Nestor Cassini. *Id.*, ECF No. 9. The Debtor and her sister did not turn over keys to the Trustee and did not do the other things I had directed them to do. The Trustee attempted to get access to the Townhouse on April 26, 2024, but access was refused by the persons who were then in the house. On April 29, 2024, the Debtor's counsel filed a motion to withdraw as the Debtor's attorney, and represented that the Debtor "is no longer directly responding to counsel's communications and is not cooperating with the Trustee." ECF No. 129 at ¶ 6.

Ms. Nestor Cassini sent emails to Chambers and left voice mail messages on Friday, April 26 and Monday, April 29, but she was told that *ex parte* communications were not permitted and that any requests for relief had to be filed with the Clerk with notice to other parties. On April 29, the Clerk's Office received letters from Peggy Nestor, Marianne Nestor Cassini and Gemeaux Ltd. that were dated April 27, 2024 and that asked for a stay of proceedings so that new counsel could be obtained. *Id.*, ECF Nos. 130-132. These documents were not entered on the docket until April 30, 2024. In the meantime, the Trustee had returned to the Townhouse with members of the U.S. Marshals Service, who forced their way into the

9

building and evicted Peggy Nestor, Marianne Nestor Cassini and their niece from the premises. ECF No. 135.

I held a conference on May 1, 2024 to address the letters that Peggy Nestor and Marianne Nestor Cassini had filed and to address their requests for a stay while they obtained new counsel. At the conference, the Trustee described the events that led to the eviction. *See* Tr., May 1, 2024, ECF No. 166, at 6:17-10:5. Ms. Nestor Cassini then contended, for the first time, that she actually continues to be a one-half owner of the Townhouse, that she was using the Townhouse as a residence and that the Trustee should not be permitted to take possession of her property. *Id.* at 40:1-44:6. As described above, the Debtor and Ms. Nestor Cassini had previously made explicit representations to the contrary, which were important elements in my prior denials of stay relief to Lynx and my approval of a sale process in lieu of a state court foreclosure sale. The prior representations also were important elements in my decision to limit relief when the Public Administrator and the Receiver asked for relief from the automatic stay to enforce their own asserted interests in the Townhouse. At the May 1, 2024 hearing, I held that Ms. Nestor Cassini was estopped from taking a different position in light of the explicit prior representations she had filed with the Court and in light of the parties' and the Court's reliance on those representations, *id.* at 45:10-46:15, 78:16-79:3, and I confirmed that ruling in a written decision that I entered following another conference held on May 8, 2024. ECF No. 153.

Ms. Nestor Cassini also argued at the May 1 hearing that she had not been aware of the various orders that I had entered or of the adversary proceeding that the Trustee had filed. Tr., May 1, 2024, ECF No. 166 at 48:24-52:17. I noted that over the prior weekend Ms. Nestor Cassini had left messages on the voice-mail system for chambers complaining about my orders and about the Trustee's efforts to get access to the property, so that she obviously had knowledge

10

of what was happening. The Trustee also verified that service had been completed and that proofs of service had been filed. *Id.* at 68:21-69:7.

Ms. Nestor Cassini filed multiple requests for reconsideration of my order appointing a Trustee. I denied each of those repetitive motions. *See* ECF Nos. 156, 160, 162, 185. Ms. Nestor Cassini filed an appeal on May 28, 2024 that remains pending in the District Court under case number 24-cv-04063.

At virtually every subsequent hearing Ms. Nestor Cassini has attempted to argue that she is a co-owner of the Townhouse, that the Trustee should return possession of the Townhouse to her and that a sale should not be permitted. I have repeated my prior rulings on each such occasion.

## **Subsequent Events and Rulings**

The sale process continued, though finding a buyer took considerable time. On January 10, 2026, the Trustee filed a motion seeking (among other things) the tentative approval of a sale of the Townhouse to 63rd St. Townhouse LLC (the "**Buyer**"). *See* ECF No. 823. The motion disclosed that the Trustee had reached an agreement to sell the Townhouse to the Buyer at a price of $34.5 million. I issued an Order on January 12, 2026 (ECF No. 826) that scheduled the Trustee's motion for hearing on January 22, 2026. After that hearing, I entered an Order on January 27, 2026 (ECF No. 851) that approved the designation of the Buyer as the so-called "Stalking Horse Bidder." The Order provided that an additional period would be allowed for the submission of competing bids, that an auction would be held if further bids were submitted, and that a hearing to consider the proposed sale would be held on February 25, 2026. *Id.*

On February 3, 2026, this Court held a hearing on the Trustee's separate motion to set a schedule to consider the approval of a Disclosure Statement and the confirmation of a proposed

11

plan of reorganization. I noted at the hearing that the Plan provided that Marianne Nestor Cassini would continue to be estopped from claiming ownership interests in the Townhouse, and I noted that I had already ruled on that issue a number of times. *See* Tr., February 3, 2026, ECF No. 892, at 13:9-13. I entered an Order on February 4, 2026 (ECF No. 875) that set a schedule for the service of the Disclosure Statement, the conduct of a confirmation hearing, and related matters.

The Debtor and Ms. Nestor Cassini appeared at the sale hearing on February 25, 2026. No higher bids had been submitted, and the Court heard testimony by Mr. Hassoumi (the real estate broker), Mr. Togut (the chapter 11 trustee), Ms. Nestor Cassini and the Debtor. During the hearing, the Debtor and Ms. Nestor Cassini asserted that they wished to refinance and/or to purchase the Townhouse, though they had made no formal offer to do so. Ms. Nestor Cassini also asserted that she purportedly had a co-owner's right, under section 363(i) of the Bankruptcy Code, to buy the Townhouse at a price equal to the price offered by the highest bidder. I reminded her that I had previously ruled many times that she is estopped from claiming that she is a co-owner of the Townhouse and that as a result she does not have rights under section 363(i). *See* Tr., February 25, 2026, ECF No. 942, at 12:7-17, 92:14-18. After the conclusion of the hearing the Court issued an Order that approved the sale of the Townhouse to the Buyer, conditioned upon the confirmation of a plan of reorganization. ECF No. 920.

A few days after the sale hearing, on the evening of February 28, 2026, Ms. Nestor Cassini and the Debtor appeared uninvited at the home of a back-up bidder in an effort to discourage him from participating in the sale process. During their visit (captured on video tapes) they misrepresented the finality of what I had previously ordered and asserted that the property was not for sale. *See* Adv. Pro. No. 24-01342, ECF Nos. 59, 64. The Trustee sought

12

the entry of an order prohibiting the Nestors from contacting potential purchasers or otherwise interfering with the sale, and the Court held hearings on March 3, 2026 and March 5, 2026. The Nestors appeared at the March 5 hearing, and Ms. Nestor Cassini contended once again that she should be allowed to buy the property. I repeated multiple times that I had previously ruled that Ms. Nestor Cassini is estopped from claiming that she is a co-owner of the Townhouse and that she is estopped from claiming rights under section 363(i) of the Bankruptcy Code. I also stated that even if she had rights under section 363(i) she would be required to pay the full amount that the Buyer had agreed to pay and would be required to do so on or before the scheduled closing with the Buyer, but that she had never offered to do so and had never shown that she had the financial ability (through her own resources or with committed financing) to do so. I stated that she had no rights to buy the Townhouse, but that if she thought she had the financial wherewithal to do so she should speak to the Trustee or his representatives in the first instance so that the Trustee and the secured creditors could decide if they wished to consider that option and how they wished to proceed.

During the hearing on March 5, 2026, Ms. Nestor Cassini repeatedly attempted to characterize my comments as a ruling that she had the right to buy the Townhouse. I corrected her a number of times, and emphasized several times that she is estopped from claiming such rights. *See* Tr., March 5, 2026, ECF No. 977, at 11:7-12:2, 15:22-16:2, 24:7-18, 34:20-35:21 and 37:9-23.

Subsequently, Ms. Nestor Cassini has made numerous requests that I confirm her alleged "right" to buy the Townhouse. We have denied each of those requests and have further repeated the rulings that we previously made on these points. *See* ECF Nos. 927, 957, and 961.

13

In the papers she filed on March 11, Ms. Nestor Cassini has once again mischaracterized my prior comments and has asserted that I have previously ruled that she has the right to buy the Townhouse.[2] That is inaccurate, as described above. She is estopped from claiming rights under section 363(i) of the Bankruptcy Code. The Trustee has otherwise indicated that he is not interested in selling the Townhouse to Ms. Nestor Cassini at a price equal to the price that is to be paid by the Buyer. *See* ECF No. 965. The deadline for the submission of competing bids expired long ago, and the Court-approved sale to the Buyer should be consummated.

## Conclusion

For the foregoing reasons, Ms. Nestor Cassini's most recent requests for the issuance of orders permitting her to purchase the Townhouse are DENIED.

Dated: New York, New York
       March 12, 2025

                                         /s/ **Michael E. Wiles**
                                         HONORABLE MICHAEL E. WILES
                                         UNITED STATES BANKRUPTCY JUDGE

---

[2] I note that even if Ms. Nestor Cassini had rights under section 363(i) she would need to complete a purchase on or before the scheduled closing with the Buyer and that she has neither offered to do so nor provided evidence of a financial ability to do so. She has instead just asked that she be allowed additional time to try to put together such financing and evidence of the same.

14