UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                    :
                                                          :     Chapter 11
PEGGY NESTOR,                                             :
                                                          :     Case No. 23-10627 (MEW)
                          Debtor.                         :
------------------------------------------------------------------------x

### DENIAL OF MARIANNE NESTOR CASSINI'S REQUESTS THAT THE TRUSTEE BE BARRED FROM REMOVING PERSONAL PROPERTY FROM REAL PROPERTY THAT IS BEING SOLD

On March 11, 2026, Marianne Nestor Cassini filed a letter complaining that the Chapter 11 Trustee in this case had arranged the removal of personal property from the building located at 15 East 63d Street, New York, NY (the "**Townhouse**") and asking that the Court issue an order directing the Trustee to cease that removal and to give possession of the Townhouse to Ms. Nestor Cassini. *See* ECF No. 973. This issue has been the subject of many prior rulings, Orders and admonitions, all of which Ms. Nestor Cassini has simply ignored. I adhere to the prior rulings we have made on this subject, and I have compiled the relevant history for the benefit of any appellate court that may have to consider these points.

### Prior Rulings and Orders Regarding Personal Property

Peggy Nestor (the "**Debtor**") commenced this case by filing a voluntary chapter 11 petition on April 25, 2023. Marianne Nestor Cassini is the Debtor's sister. As I have summarized in other decisions and orders, including another Decision being issued this same day, the Debtor and her sister repeatedly represented to this Court, during the first year in which this case was pending, that the Debtor was the sole owner of the Townhouse and that Ms. Nestor Cassini had transferred any interest she once had to the Debtor. Ms. Nestor Cassini filed pleadings and letters with this Court in which she acknowledged the same, including in her response to the Complaint in an adversary proceeding. On the basis of those prior

representations the Court approved a sale process in lieu of granting stay relief to a secured creditor that had obtained a foreclosure judgment prior to the filing of the Debtor's bankruptcy case. That foreclosure judgment had been issued against both the Debtor and Ms. Nestor Cassini. The Court has also held many times that Ms. Nestor Cassini is estopped from claiming that she is a co-owner of the Townhouse.

I appointed a Chapter 11 Trustee in April 2024 after learning that the Debtor had diverted significant assets to other purposes and after complaints by other parties made clear that the Debtor was not pursuing the agreed sale process in a proper manner. The many difficulties that the Trustee encountered in obtaining access to, and possession of, the Townhouse are described in the separate Decision I have issued today, and need not be repeated here.

The sale of the Townhouse has been the primary task to be completed in this bankruptcy case. However, the Townhouse is filled with many items of personal property, ranging from antique furniture to clothing items to scores of cardboard boxes. At one time, the Trustee sought to obtain a judgment declaring that the Debtor owned all of the personal property. *See* Adv. Pro. No. 25-01037, ECF No. 1. On April 7, 2025, however, the Trustee instead filed a motion seeking permission to abandon any interest that the estate might have in virtually all of the personal property located in the Townhouse. *See* ECF No. 560.[1] The motion asked me to approve procedures by which the Trustee would give notice to Ms. Nestor Cassini and the Debtor of the items that could be removed and of a deadline in which to complete the removal, and asked me to rule that any personal property that was not removed during the specified

---

[1] Citations to the docket in the main bankruptcy case are to "ECF No. __." Citations to the dockets in relevant adversary proceedings include the adversary proceeding number.

removal period would be deemed to have been abandoned to the estate and subject to any disposition by the Trustee that he deemed appropriate. *Id*.

No objections to the Trustee's motion were filed. The court held a hearing on the motion on May 8, 2024, and then entered an Order on May 13, 2024 that granted the motion and set forth the procedures that would be followed. *See* ECF No. 613. The Order authorized the Trustee to serve notice of the property in which he was abandoning any interest of the estate and to notify the person(s) who wished to retrieve such property of their opportunity to do so. The Trustee was authorized to designate a "Removal Period" during which such removal would be permitted, and the Order provided that any property not removed during the Removal Period "shall be deemed abandoned to the Estate, subject to any disposition by the Trustee, to be determined in his business judgment." *Id*. at ¶ 3(e). It further provided that if such property were to be sold then the Trustee would seek entry of an order approving the sale, but that otherwise the Trustee was authorized to dispose of the unsold property "in a manner that he determines to be in the best interests of the Estate." *Id*. No appeal was filed from the May 13, 2024 Order.

On July 14, 2025, the Trustee issued the first notice of abandonment of personal property. *See* ECF No. 691. Ms. Nestor Cassini asked that I modify the amount of time that would be permitted for the property removal, and I held a hearing to consider that application on July 25, 2025. *See* Tr., July 25, 2025, ECF No. 741. The Trustee had originally scheduled a removal deadline of July 28, 2025, but Ms. Nestor Cassini asked that it be extended to a date in August. *Id*. at 12:14-13:6. I ruled that the amount of time provided in the Trustee's notice was too short given the volume of the items to be removed, and I extended the deadline to August 18, 2025. *Id*. at 17:17-18:3. I reminded Ms. Nestor Cassini and the Debtor that "If you don't move it,

3

you've abandoned your interest." *Id*. at 18:1-3.  I entered an Order that confirmed these rulings on July 29, 2025.  *See* Adv. Pro. No. 25-01037, ECF No. 58.

On July 31, 2025, the Trustee served a second notice of abandonment.  (ECF No. 725.) That notice set forth the same August 18, 2025 removal deadline to which the first notice was subject.  *Id*.

Ms. Nestor Cassini contended that some items of personal property had been damaged by a water leak that occurred in early August, and she asked that those items be allowed to remain at the Townhouse until they could be examined by insurance adjusters.  I entered an Order on August 19, 2025 that permitted those items to remain in the Townhouse so that such an inspection could be completed, but that also confirmed the August 18, 2025 removal deadline for all other items.  *See* Adv. Pro. No. 25-01037, ECF No. 70.  I asked for an update during a subsequent hearing on August 26, 2025, at which time the Trustee reported that some items had been removed from the Townhouse but many other items remained.  *See* Tr., August 26, 2025, ECF No. 762, at 6:19-8:22.  I noted that the deadline for removal had passed and that under the approved procedures the Debtor and her sister had abandoned any interest in the property that had been left behind, but I also noted that the Townhouse had not yet been sold, and I asked the Trustee to give the sisters a further chance to remove the items before they were thrown away. *Id*. at 9:17-25, 11:5-22, 12:4-10.

On October 14, 2025, the Trustee served a third notice of abandonment.  *See* ECF No. 792.  Periodically, during the many hearings that have been held in this case, I reminded the Debtor and Ms. Nestor Cassini of the need to remove their items from the Townhouse and of the prior orders that had been entered.

4

On January 22, 2026, this Court held a hearing to consider the Trustee's request for approval of a schedule to consider a proposed plan of liquidation. *See* Tr., January 22, 2026, ECF No. 878. The Trustee had previously identified a proposed buyer for the Townhouse, and the proposed plan contemplated the completion of that sale in mid-March of 2026. During the hearing, I noted that the Trustee had stated his intention to remove any remaining personal property from the Townhouse prior to the sale date, and I asked what items remained and what the Trustee planned to do with them. *Id*. at 13:22-25. The Trustee's counsel stated that the Trustee intended to file a notice abandoning any items of personal property that remained and to discard anything that was not picked up. *Id*. at 14:12-19. Ms. Nestor Cassini was present at the hearing and asked questions about personal property that allegedly had been subject to water damage. *Id*. at 15:11-22. Ms. Nestor Cassini complained about the volume of the items to be removed, but I noted that "with the exception of some staging furniture, the personal property has been there for removal for what, seven months now? You've had – you know, not only did we give you opportunities, not only did we give you deadlines, essentially, I didn't enforce the deadlines to the extent that it's not going to interfere with anything else. If there's something there that you want, you better make arrangements very quickly to get it, because I'm not going to make them hang on to it forever." *Id* at 16:21-17:4.

On February 6, 2026, the Trustee filed a motion to amend my prior Order that had exempted certain water-damaged property from the abandonment process. *See* ECF No. 879. I held a hearing on that motion on February 19, 2026, and Ms. Nestor Cassini participated in that hearing. *See* Tr., February 19, 2026, ECF No. 919. I asked again what the Trustee planned to do with any items that were not retrieved, and the Trustee's counsel responded that the Trustee intended to discard them. *Id.* at 5:25. Counsel explained further that the Trustee had arranged

5

"with a servicer to come and take all the items, remove them, and leave the house in a broom - like condition." *Id.* at 5:25-6:2. I noted that the relevant water leak had occurred more than six months earlier and that there had been plenty of time to assess any damage to personal property, so that there should be no further need to exempt those items from the abandonment process. *Id*. at 6:5-9. Ms. Nestor Cassini asked for the opportunity to have her expert examine the property, and I directed the Trustee to cooperate with that effort. I also asked whether Ms. Nestor Cassini had made the necessary arrangements to move other items out of the Townhouse (*id*. at 10:3-16), though she declined to give a straightforward answer and instead just argued that she should not have to move anything. At the conclusion of the hearing, I explained that Ms. Nestor Cassini's experts would be allowed to examine the allegedly damaged property but that doing so "will not delay the time when all this stuff needs to be moved out of the house. You need to make arrangements with moving companies to get it out of there. Or as I said, many, many months ago, it will be deemed abandoned. I'm not going to just continue to let you postpone what needs to happen with this property." *Id*. at 14:13-18.

I issued an Order on February 19, 2026 that modified my prior order and that eliminated the exemption of the water-damaged items from the abandonment process. *See* ECF No. 894. The Trustee filed a further notice of abandonment that same day and specified a retrieval date of March 2, 2026. *See* ECF No. 895. The notice stated clearly that "THIS WILL BE THE DEFENDANTS' FINAL OPPORTUNITY TO RETRIEVE THE ABANDONED PERSONAL PROPERTY." *Id.*

Notwithstanding the many warnings and admonitions, the Debtor and Ms. Nestor Cassini did not remove their remaining personal property. The sale of the Townhouse requires a delivery of the property in broom-clean condition and requires that these items be removed. The Debtor

6

and Ms. Nestor Cassini have had ample warnings and have been given ample time in which to remove their property, and they have simply failed to do so.

For the foregoing reasons, Ms. Nestor Cassini's request for issuance of an Order directing the Trustee to cease the removal of personal property from the Townhouse is DENIED.

Dated: New York, New York
March 12, 2025

/s/ **Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE