Friday, March 13, 2026

FILED
U.S. BANKRUPTCY COURT
2026 MAR 13 P 3: 22
S.D.N.Y.

Hon Michael E Wiles
United States Bankruptcy Court
One Bowling Green
New York New York
10004

Your Honor,

Both decisions of 980 & 982 are answered by OSC being entered on Friday 13, 2026 - My understanding is a decision is not an order. *I entered a correct bid.*

It would be appreciated if you would review, and respond. Thank you.

Respectfully Submitted

Marianne Nestor
Building Manager
Co- Owner
15 East 63rd Street
New York New York
10065

Cc. Jacqueline De Pierola

On Mar 12, 2026, at 5:31 PM, Jacqueline De Pierola <Jacqueline_DePierola@nysb.uscourts.gov> wrote:

Good afternoon:
Above are copies of two decisions entered today as documents 980 and 982.

Thank you

Jacqueline De Pierola
Courtroom Deputy to the Honorable Michael E. Wiles
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
Tel. 212-284-4042
Jacqueilne_DePierola@nysb.uscourts.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                           :
                                                                 :  **Chapter 11**
**PEGGY NESTOR,**                                                :
                                                                 :  **Case No. 23-10627 (MEW)**
                              Debtor.                            :
-----------------------------------------------------------------x

## DENIAL OF MARIANNE NESTOR CASSINI'S REQUESTS THAT THE TRUSTEE BE BARRED FROM REMOVING PERSONAL PROPERTY FROM REAL PROPERTY THAT IS BEING SOLD

On March 11, 2026, Marianne Nestor Cassini filed a letter complaining that the Chapter 11 Trustee in this case had arranged the removal of personal property from the building located at 15 East 63d Street, New York, NY (the "**Townhouse**") and asking that the Court issue an order directing the Trustee to cease that removal and to give possession of the Townhouse to Ms. Nestor Cassini. *See* ECF No. 973. This issue has been the subject of many prior rulings, Orders and admonitions, all of which Ms. Nestor Cassini has simply ignored. I adhere to the prior rulings we have made on this subject, and I have compiled the relevant history for the benefit of any appellate court that may have to consider these points.

### Prior Rulings and Orders Regarding Personal Property

Peggy Nestor (the "**Debtor**") commenced this case by filing a voluntary chapter 11 petition on April 25, 2023. Marianne Nestor Cassini is the Debtor's sister. As I have summarized in other decisions and orders, including another Decision being issued this same day, the Debtor and her sister repeatedly represented to this Court, during the first year in which this case was pending, that the Debtor was the sole owner of the Townhouse and that Ms. Nestor Cassini had transferred any interest she once had to the Debtor. Ms. Nestor Cassini filed pleadings and letters with this Court in which she acknowledged the same, including in her response to the Complaint in an adversary proceeding. On the basis of those prior

representations the Court approved a sale process in lieu of granting stay relief to a secured creditor that had obtained a foreclosure judgment prior to the filing of the Debtor's bankruptcy case. That foreclosure judgment had been issued against both the Debtor and Ms. Nestor Cassini. The Court has also held many times that Ms. Nestor Cassini is estopped from claiming that she is a co-owner of the Townhouse.

I appointed a Chapter 11 Trustee in April 2024 after learning that the Debtor had diverted significant assets to other purposes and after complaints by other parties made clear that the Debtor was not pursuing the agreed sale process in a proper manner. The many difficulties that the Trustee encountered in obtaining access to, and possession of, the Townhouse are described in the separate Decision I have issued today, and need not be repeated here.

The sale of the Townhouse has been the primary task to be completed in this bankruptcy case. However, the Townhouse is filled with many items of personal property, ranging from antique furniture to clothing items to scores of cardboard boxes. At one time, the Trustee sought to obtain a judgment declaring that the Debtor owned all of the personal property. *See* Adv. Pro. No. 25-01037, ECF No. 1. On April 7, 2025, however, the Trustee instead filed a motion seeking permission to abandon any interest that the estate might have in virtually all of the personal property located in the Townhouse. *See* ECF No. 560.[1] The motion asked me to approve procedures by which the Trustee would give notice to Ms. Nestor Cassini and the Debtor of the items that could be removed and of a deadline in which to complete the removal, and asked me to rule that any personal property that was not removed during the specified

---

[1] Citations to the docket in the main bankruptcy case are to "ECF No. __." Citations to the dockets in relevant adversary proceedings include the adversary proceeding number.

2

removal period would be deemed to have been abandoned to the estate and subject to any disposition by the Trustee that he deemed appropriate. *Id.*

No objections to the Trustee's motion were filed. The court held a hearing on the motion on May 8, 2024, and then entered an Order on May 13, 2024 that granted the motion and set forth the procedures that would be followed. *See* ECF No. 613. The Order authorized the Trustee to serve notice of the property in which he was abandoning any interest of the estate and to notify the person(s) who wished to retrieve such property of their opportunity to do so. The Trustee was authorized to designate a "Removal Period" during which such removal would be permitted, and the Order provided that any property not removed during the Removal Period "shall be deemed abandoned to the Estate, subject to any disposition by the Trustee, to be determined in his business judgment." *Id.* at ¶ 3(e). It further provided that if such property were to be sold then the Trustee would seek entry of an order approving the sale, but that otherwise the Trustee was authorized to dispose of the unsold property "in a manner that he determines to be in the best interests of the Estate." *Id.* No appeal was filed from the May 13, 2024 Order.

On July 14, 2025, the Trustee issued the first notice of abandonment of personal property. *See* ECF No. 691. Ms. Nestor Cassini asked that I modify the amount of time that would be permitted for the property removal, and I held a hearing to consider that application on July 25, 2025. *See* Tr., July 25, 2025, ECF No. 741. The Trustee had originally scheduled a removal deadline of July 28, 2025, but Ms. Nestor Cassini asked that it be extended to a date in August. *Id.* at 12:14-13:6. I ruled that the amount of time provided in the Trustee's notice was too short given the volume of the items to be removed, and I extended the deadline to August 18, 2025. *Id.* at 17:17-18:3. I reminded Ms. Nestor Cassini and the Debtor that "If you don't move it,

3

you've abandoned your interest." *Id.* at 18:1-3. I entered an Order that confirmed these rulings on July 29, 2025. *See* Adv. Pro. No. 25-01037, ECF No. 58.

On July 31, 2025, the Trustee served a second notice of abandonment. (ECF No. 725.) That notice set forth the same August 18, 2025 removal deadline to which the first notice was subject. *Id.*

Ms. Nestor Cassini contended that some items of personal property had been damaged by a water leak that occurred in early August, and she asked that those items be allowed to remain at the Townhouse until they could be examined by insurance adjusters. I entered an Order on August 19, 2025 that permitted those items to remain in the Townhouse so that such an inspection could be completed, but that also confirmed the August 18, 2025 removal deadline for all other items. *See* Adv. Pro. No. 25-01037, ECF No. 70. I asked for an update during a subsequent hearing on August 26, 2025, at which time the Trustee reported that some items had been removed from the Townhouse but many other items remained. *See* Tr., August 26, 2025, ECF No. 762, at 6:19-8:22. I noted that the deadline for removal had passed and that under the approved procedures the Debtor and her sister had abandoned any interest in the property that had been left behind, but I also noted that the Townhouse had not yet been sold, and I asked the Trustee to give the sisters a further chance to remove the items before they were thrown away. *Id.* at 9:17-25, 11:5-22, 12:4-10.

On October 14, 2025, the Trustee served a third notice of abandonment. *See* ECF No. 792. Periodically, during the many hearings that have been held in this case, I reminded the Debtor and Ms. Nestor Cassini of the need to remove their items from the Townhouse and of the prior orders that had been entered.

4

On January 22, 2026, this Court held a hearing to consider the Trustee's request for approval of a schedule to consider a proposed plan of liquidation. *See* Tr., January 22, 2026, ECF No. 878. The Trustee had previously identified a proposed buyer for the Townhouse, and the proposed plan contemplated the completion of that sale in mid-March of 2026. During the hearing, I noted that the Trustee had stated his intention to remove any remaining personal property from the Townhouse prior to the sale date, and I asked what items remained and what the Trustee planned to do with them. *Id.* at 13:22-25. The Trustee's counsel stated that the Trustee intended to file a notice abandoning any items of personal property that remained and to discard anything that was not picked up. *Id.* at 14:12-19. Ms. Nestor Cassini was present at the hearing and asked questions about personal property that allegedly had been subject to water damage. *Id.* at 15:11-22. Ms. Nestor Cassini complained about the volume of the items to be removed, but I noted that "with the exception of some staging furniture, the personal property has been there for removal for what, seven months now? You've had – you know, not only did we give you opportunities, not only did we give you deadlines, essentially, I didn't enforce the deadlines to the extent that it's not going to interfere with anything else. If there's something there that you want, you better make arrangements very quickly to get it, because I'm not going to make them hang on to it forever." *Id* at 16:21-17:4.

On February 6, 2026, the Trustee filed a motion to amend my prior Order that had exempted certain water-damaged property from the abandonment process. *See* ECF No. 879. I held a hearing on that motion on February 19, 2026, and Ms. Nestor Cassini participated in that hearing. *See* Tr., February 19, 2026, ECF No. 919. I asked again what the Trustee planned to do with any items that were not retrieved, and the Trustee's counsel responded that the Trustee intended to discard them. *Id.* at 5:25. Counsel explained further that the Trustee had arranged

5

"with a servicer to come and take all the items, remove them, and leave the house in a broom-like condition." *Id.* at 5:25-6:2. I noted that the relevant water leak had occurred more than six months earlier and that there had been plenty of time to assess any damage to personal property, so that there should be no further need to exempt those items from the abandonment process. *Id.* at 6:5-9. Ms. Nestor Cassini asked for the opportunity to have her expert examine the property, and I directed the Trustee to cooperate with that effort. I also asked whether Ms. Nestor Cassini had made the necessary arrangements to move other items out of the Townhouse (*id.* at 10:3-16), though she declined to give a straightforward answer and instead just argued that she should not have to move anything. At the conclusion of the hearing, I explained that Ms. Nestor Cassini's experts would be allowed to examine the allegedly damaged property but that doing so "will not delay the time when all this stuff needs to be moved out of the house. You need to make arrangements with moving companies to get it out of there. Or as I said, many, many months ago, it will be deemed abandoned. I'm not going to just continue to let you postpone what needs to happen with this property." *Id.* at 14:13-18.

I issued an Order on February 19, 2026 that modified my prior order and that eliminated the exemption of the water-damaged items from the abandonment process. *See* ECF No. 894. The Trustee filed a further notice of abandonment that same day and specified a retrieval date of March 2, 2026. *See* ECF No. 895. The notice stated clearly that "THIS WILL BE THE DEFENDANTS' FINAL OPPORTUNITY TO RETRIEVE THE ABANDONED PERSONAL PROPERTY." *Id.*

Notwithstanding the many warnings and admonitions, the Debtor and Ms. Nestor Cassini did not remove their remaining personal property. The sale of the Townhouse requires a delivery of the property in broom-clean condition and requires that these items be removed. The Debtor

and Ms. Nestor Cassini have had ample warnings and have been given ample time in which to remove their property, and they have simply failed to do so.

For the foregoing reasons, Ms. Nestor Cassini's request for issuance of an Order directing the Trustee to cease the removal of personal property from the Townhouse is DENIED.

Dated: New York, New York
       March 12, 2025

                                              /s/ **Michael E. Wiles**
                                              HONORABLE MICHAEL E. WILES
                                              UNITED STATES BANKRUPTCY JUDGE

plan of reorganization. I noted at the hearing that the Plan provided that Marianne Nestor Cassini would continue to be estopped from claiming ownership interests in the Townhouse, and I noted that I had already ruled on that issue a number of times. See Tr., February 3, 2026, ECF No. 892, at 13:9-13. I entered an Order on February 4, 2026 (ECF No. 875) that set a schedule for the service of the Disclosure Statement, the conduct of a confirmation hearing, and related matters.

The Debtor and Ms. Nestor Cassini appeared at the sale hearing on February 25, 2026. No higher bids had been submitted, and the Court heard testimony by Mr. Hassoumi (the real estate broker), Mr. Togut (the chapter 11 trustee), Ms. Nestor Cassini and the Debtor. During the hearing, the Debtor and Ms. Nestor Cassini asserted that they wished to refinance and/or to purchase the Townhouse, though they had made no formal offer to do so. Ms. Nestor Cassini also asserted that she purportedly had a co-owner's right, under section 363(i) of the Bankruptcy Code, to buy the Townhouse at a price equal to the price offered by the highest bidder. I reminded her that I had previously ruled many times that she is estopped from claiming that she is a co-owner of the Townhouse and that as a result she does not have rights under section 363(i). See Tr., February 25, 2026, ECF No. 942, at 12:7-17, 92:14-18. After the conclusion of the hearing the Court issued an Order that approved the sale of the Townhouse to the Buyer, conditioned upon the confirmation of a plan of reorganization. ECF No. 920.

A few days after the sale hearing, on the evening of February 28, 2026, Ms. Nestor Cassini and the Debtor appeared uninvited at the home of a back-up bidder in an effort to discourage him from participating in the sale process. During their visit (captured on video tapes) they misrepresented the finality of what I had previously ordered and asserted that the property was not for sale. See Adv. Pro. No. 24-01342, ECF Nos. 59, 64. The Trustee sought

the entry of an order prohibiting the Nestors from contacting potential purchasers or otherwise interfering with the sale, and the Court held hearings on March 3, 2026 and March 5, 2026. The Nestors appeared at the March 5 hearing, and Ms. Nestor Cassini contended once again that she should be allowed to buy the property. I repeated multiple times that I had previously ruled that Ms. Nestor Cassini is estopped from claiming that she is a co-owner of the Townhouse and that she is estopped from claiming rights under section 363(i) of the Bankruptcy Code. I also stated that even if she had rights under section 363(i) she would be required to pay the full amount that the Buyer had agreed to pay and would be required to do so on or before the scheduled closing with the Buyer, but that she had never offered to do so and had never shown that she had the financial ability (through her own resources or with committed financing) to do so. I stated that she had no rights to buy the Townhouse, but that if she thought she had the financial wherewithal to do so she should speak to the Trustee or his representatives in the first instance so that the Trustee and the secured creditors could decide if they wished to consider that option and how they wished to proceed.

During the hearing on March 5, 2026, Ms. Nestor Cassini repeatedly attempted to characterize my comments as a ruling that she had the right to buy the Townhouse. I corrected her a number of times, and emphasized several times that she is estopped from claiming such rights. *See* Tr., March 5, 2026, ECF No. 977, at 11:7-12:2, 15:22-16:2, 24:7-18, 34:20-35:21 and 37:9-23.

Subsequently, Ms. Nestor Cassini has made numerous requests that I confirm her alleged "right" to buy the Townhouse. We have denied each of those requests and have further repeated the rulings that we previously made on these points. *See* ECF Nos. 927, 957, and 961.

13

In the papers she filed on March 11, Ms. Nestor Cassini has once again mischaracterized my prior comments and has asserted that I have previously ruled that she has the right to buy the Townhouse.[2] That is inaccurate, as described above. She is estopped from claiming rights under section 363(i) of the Bankruptcy Code. The Trustee has otherwise indicated that he is not interested in selling the Townhouse to Ms. Nestor Cassini at a price equal to the price that is to be paid by the Buyer. *See* ECF No. 965. The deadline for the submission of competing bids expired long ago, and the Court-approved sale to the Buyer should be consummated.

### Conclusion

For the foregoing reasons, Ms. Nestor Cassini's most recent requests for the issuance of orders permitting her to purchase the Townhouse are DENIED.

Dated: New York, New York
March 12, 2025

/s/ **Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

---

[2] I note that even if Ms. Nestor Cassini had rights under section 363(i) she would need to complete a purchase on or before the scheduled closing with the Buyer and that she has neither offered to do so nor provided evidence of a financial ability to do so. She has instead just asked that she be allowed additional time to try to put together such financing and evidence of the same.

14