Marianne Nestor
building manager
co-owner
15 East 63rd Street
New York New York
10065

X - - - - - - - - - - - - - - - - - - - - -X

United States Bankruptcy Court
Southern District New York

X - - - - - - - - - - - - - - - - - - - - - X

In re :

Peggy Nestor             Case no.
                         23 10627

X- - - - - - - - - - - - - - - - - - - - - X

**Memorandum Endorsement**

This filing is another effort by Marianne Nestor Cassini to misrepresent what the Court has previously held and to relitigate issues that the Court has already resolved many times.  It is hereby Ordered that her requests for relief are again denied.  Reference is made to the decisions entered on March 12, 2026, to the many other orders and decisions referenced therein, and to the other orders entered in this bankruptcy case and related adversary proceedings. The repetitive re-filings of the same requests for relief should stop. Any relief that Ms. Nestor Cassini seeks regarding the Court's orders authorizing a sale of the real property at 15 East 63rd Street, and the removal of personal property therefrom, may only be pursued by properly and timely filed appeals.     MEW 3/13/2026

                         ("mew")

EMERGENCY ORDER TO SHOW CAUSE          RE     SETTLEMENT

_____

1. Please take notice that the Honorable Michael E. Wiles allowed Marianne Nestor to bid and purchase her property, block 1378 lot 12 aka 15 East 63rd Street ("the property " "the building")  co-owned with sister, Peggy Nestor, since 2/23/1984. Personalty was purchased October 20, 1983, mantels, paneling etc listed in the closing binder of 15 East 63rd Street, for $530k in today's dollars approximately $20.million .

2 . The event regarding my purchase of the property happened at the Court meeting of 3/05/2026. Proof of funds and ability to pay were being submitted at the March 11, 2026 meeting.

3. Your Honor also inquired if I had moved my property from 15 East 63rd Street, I replied that I was planning to move back into the property, as I was purchasing the property.  The amount of purchase was orchestrated by the Togut Firm, to be $34.5 million dollars for the property. There was no number previously given regarding the repurchase of the rent stabilized property. We had rent stabilized leases, as that was also a way to maintain apartments for the individuals in our family, for the maintenance of the property.

4. On March 11, 2026, in driving past the property, prior to attending a Court meeting, to begin at 2:00 pm, the timing was subsequently changed by court attorney Jacqueline De Pierola to 1:30pm - in person.

5. It was noted that a large truck with a sign Blue Diamond was parked outside, the double front doors of the building, and the doors were wide open; the bronze railing and gate to the 15Bis  entry had been removed and there were a number of workers moving things around

6. The workers were directed by a young man who said he was new at the Togut Firm and was told not to give his name. He was directing the workers.

**7.** The workers seemed to be the same team as last week, who stated in Spanish that they were delivering to Roland NY in Glen Cove. Martha Martir was screaming on the phone - "we own the building, and there is a Court meeting at 1:30pm ".

**8.** As a favor to the Togut team, and at their request for staging, I had allowed certain items to remain in the property, on various floors . Nothing was abandoned.

**9.** An example of some of the items that were mine and purchased by me are attached .
**Exhibit One**

Pair of Vestier paintings $80k purchased in 1990, important chairs, cabinets etc. additionally a Jacob suite made for the Duc de Nord (son of Catherine the Great of Russia purchased in 1988 from Sotheby's ). These are in the photos taken by Sotheby's, along with other items. All my art, was removed from the ivy walls, along with furniture. At the very least $25. - $30. Million dollars. All lighting fixtures including chandeliers were removed including sconces from the lower levels.
Exhibit One

**10.** Much damage was done to the property under the stewardship of the Togut Firm, two major deluges of water August 2, 2025, and February 5, 2026 . The insurance company is not paying because the building is vacant.  The property was kept in an uncared dirty condition, that Your Honor saw on June 5, 2025.

**11.** The art appraisal was to be done of what needed to be restored, due to the two deluges of water that occurred August 2, 2025 & February 5, 2026.  As all are aware there was a blizzard and a number of weather problems that delayed the review.

**12.** Nothing was abandoned, and Martha Martir was certainly aware, as she had handpicked the items, for staging. The broken frame containing the painting of Count Arthur Cassini along with the painting were removed, as well.

**13.** The workers were putting items into the truck for removal to Roland NY in Glen Cove on School Street.  I had called Danielle of Roland the previous week ,she refused to give any information. Previously, I had purchased 2 pieces of art belonging to Peggy from Roland  - paid receipt attached. Danielle  certainly knew who I am .
**Exhibit Two**

**14.**  I called the NYPD 911 who said they would call upon their arrival, and did not have the timing.

**15.** I went to the Bowling Green Court to the intake room of 614, filing papers and having them date stamped.  The clerk said that there was nothing on for the day.

**16.** I checked the court room several times which was empty,and the information sheet hanging on the board outside the door, had  nothing listed re Peggy .

**17.** I went to the 5th floor & delivered documents to a person there, she said that Mr. Rudewicz had other cases that he is getting ready to handle.  I called several times to Jacqueline Pierola, and Lorraine Echiverra, and left messages.  No one seemed to be there.  I was there for the 1:30 pm meeting, but the court room was empty. No sign of life. I was prepared to attend and did so.

**18.** As both the former counsel of Peggy Nestor, namely Anne Penachio ("Anne"), who was  introduced by Title attorney, Robert DiSciullo, stated "only a filed deed is valid", otherwise it would be a fraudulent transfer.

**19.** The concept of sole ownership was that of Anne.  Peggy also testified that she owned 50% and I owned 50% a number of times in Your Honor's Court .

**20.** Additionally, the title report , along with the appraisal submitted to the Court and the filed and certified deed show my ownership, otherwise there would be  no reason for my name be on the Lynx or Prime Plus documents.
**Exhibit Four**
Certified Deed
Dated 3/11/2026

**21.** I was advised that the purchase was to pay Albert Togut $7million dollars in fees; real estate agent Brown Harris Stevens ("BHS")  $1.2 million,  who I have no obligation to pay; Lynx $22million - this includes the loan to the  Togut Firm of $3.4 million, (this lein will be removed from the property); Emigrant (first Mortgage) $3.559,407.76 . There is nothing due to Ms. Baiamonte - please see letter to Jeffrey de Luca.  Nothing was listed for PrimePlus, which would be about $2.5 million.
**Exhibit Five**
Letter to Jeffrey DeLuca
re incorrect attachment

**22.** The claims listing will be redone, as there are a number of errors, and the bottom line, is that Peggy owes nothing to anyone. She was never insolvent.

**23.** The claims were overblown, and much time was wasted, and each claim will be gone over, and taken care of, separate and apart  from the Togut Firm . There is nothing due from me to anyone.

**24.** a.)  The claim by Michael Katz Esq. is incorrect no. 1.57 & 1.58 and judgement were satisfied by Robert DiSciullo Esq. if ever valid, and payment of over $400.k paid. Payment was not due . A case was brought, as well by Mr. Katz was vacated in NY Supreme and handled by Robert McKay Esq. it was dismissed.

b) Another case was brought by Mr. Katz In Nassau County, with Judge Rademaker, NY Supreme that was dismissed, and was handled by attorney Robert McKay.

c.) The basis of the claim created by the Farrell Fritz Firm was, that the balance of the Trust for $500k that I made for Daria Cassini, whose death was deemed a homicide by Dr Michael Baden, former chief medical examiner of NYC by Christina was returned to my company Oleg Cassini Inc. ("OCI" ) some $387k . by me, as advised by Counsel .

d.) A copy of check returning funds is in the Court records . This is an erroneous claim.  Apparently, this is where Anne Penachio Esq. got the incorrect Connecticut address, and incorrectly filed with the Bowling Green Court. Anne was introduced to Peggy Sunday April 23, 2023, by the title attorney, Robert DiSciullo. Apparently Ms. Penachio made many mistakes including an incorrect filing of voluntary bankruptcy.

I would like to make this Order to Show Cause -("OSC")  returnable Wednesday of next week, March 18, 2026, as the 17th is St Patrick's Day, the day I lost my husband of decades, March 17, 2006.

Wherefore as Your Honor is aware, I am an  interested party only, and co owner, since 1984, except for the 690 days incorrectly placed by Robert DiSciullo.

1. On the unsecured claims, there are none due, except for the aforementioned three or anything else may be handled separate and apart from Your Honor's Court.

2. Property removed from 15 East 63rd will be returned to my possession, with a listing of what was removed under the auspices of the Togut firm. Nothing is to be sold .

3. The property will be returned in good condition.

4. The Togut Firm will cease the denigrating, defamatory, and disparaging releases to the press.

5. This is a "drop hands" arrangement, over and out.

6. Peggy exits this incorrectly filed case.

7. Allow me to purchase my property at the agreed upon price of $34.5million .


Respectfully submitted,

Marianne Nestor
Building Manager
co-owner
15 East 63rd Street
New York New York
10065

United States Bankruptcy Court

Southern District of New York

In re:                                                                    Case No. 23-10627-mew

Peggy Nestor                                                              Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0208-1                          User: admin                          Page 1 of 4

Date Rcvd: Mar 16, 2026                       Form ID: pdf001                       Total Noticed: 9

The following symbols are used throughout this certificate:

**Symbol       Definition**

+              Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 18, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Peggy Nestor, 15 East 63rd St, New York, NY 10065-7209 |
| unk | + | Marianne Nestor, 15 East 63rd St, New York, NY 10065-7209 |
| unk | + | Marianne Nestor Cassini, 135 E. 19th Street, New York, NY 10003-2403 |
| unk | | Marianne Nestor Cassini, PO Box 2278, Radio City Station, NY 10019 |
| unk | + | Marianne Nestor Cassini, 15 E. 63rd Street, New York, NY 10065-7209 |
| 8014642 | + | GEMAUX LTD, 15 EAST 63RD ST, NEW YORK, NY 10065-7209 |
| 8014646 | | MARIANNE NESTOR, PO BOX 2278, RADIO CITY STATION, NEW YORK, NY 10019 |
| 8014648 | + | MARIANNE NESTOR, 135 E. 19TH STREET, NEW YORK, NY 10003-2403 |
| 8014647 | | MARIANNE NESTOR, PO BOX 2278, RADIO CITY STA, NEW YORK, NY 10019 |

TOTAL: 9

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 18, 2026                   Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 13, 2026 at the address(es) listed below:**

**Name**                    **Email Address**

Alec P. Ostrow

    on behalf of Unknown 63rd St Townhouse LLC aostrow@beckerglynn.com
    mchurch@beckerglynn.com;dtorres@beckerglynn.com

Anne J. Penachio

    on behalf of Attorney Penachio Malara  LLP apenachio@pmlawllp.com,
    penachio.anne@gmail.com;fmalara@pmlawllp.com;pmbestcase@gmail.com;jraggo@pmlawllp.com;r55766@notify.bestcase.co

District/off: 0208-1

User: admin

Page 2 of 4

Date Rcvd: Mar 16, 2026

Form ID: pdf001

Total Noticed: 9

m

Anne J. Penachio

on behalf of Interested Party Anne Penachio apenachio@pmlawllp.com
penachio.anne@gmail.com;fmalara@pmlawllp.com;pmbestcase@gmail.com;jraggo@pmlawllp.com;r55766@notify.bestcase.co
m

Brian F Shaughnessy

on behalf of Plaintiff Albert Togut  Not Individually but Solely in His Capacity as Chapter 11 Trustee
brian.shaughnessy@hsfkramer.com,
dperson@teamtogut.com;eblander@teamtogut.com;mmartir@teamtogut.com;gquist@teamtogut.com;jgallego@teamtogut.com;jm
cclain@teamtogut.com

Brian F. Moore

on behalf of Plaintiff Albert Togut  Not Individually But Solely in His Capacity as Chapter 11 Trustee bmoore@teamtogut.com,
eblander@teamtogut.com;mnester@teamtogut.com;dperson@teamtogut.com;jcohen@teamtogut.com;bkreutter@teamtogut.com;h
fajardo@teamtogut.com;pfishkind@teamtogut.com;arivera@teamtogut.com

Brian F. Moore

on behalf of Plaintiff Albert Togut  Not Individually but Solely in His Capacity as Chapter 11 Trustee bmoore@teamtogut.com,
eblander@teamtogut.com;mnester@teamtogut.com;dperson@teamtogut.com;jcohen@teamtogut.com;bkreutter@teamtogut.com;h
fajardo@teamtogut.com;pfishkind@teamtogut.com;arivera@teamtogut.com

Brian F. Moore

on behalf of Trustee Albert Togut bmoore@teamtogut.com
eblander@teamtogut.com;mnester@teamtogut.com;dperson@teamtogut.com;jcohen@teamtogut.com;bkreutter@teamtogut.com;h
fajardo@teamtogut.com;pfishkind@teamtogut.com;arivera@teamtogut.com

Brian F. Moore

on behalf of Defendant Lee Nestor bmoore@teamtogut.com
eblander@teamtogut.com;mnester@teamtogut.com;dperson@teamtogut.com;jcohen@teamtogut.com;bkreutter@teamtogut.com;h
fajardo@teamtogut.com;pfishkind@teamtogut.com;arivera@teamtogut.com

Cara M. Goldstein

on behalf of Creditor Emigrant Bank  as successor by merger with Emigrant Savings Bank-Manhattan cgoldstein@tcpclaw.com,
wcavanagh@tcpclaw.com

Christian Ribeiro

on behalf of Trustee Albert Togut cribeiro@teamtogut.com

Daniel Rudewicz

on behalf of U.S. Trustee United States Trustee daniel.rudewicz@usdoj.gov

Daniel Schilling

on behalf of Defendant Hub International Limited dschilling@kbrlaw.com

Ernest A. Yazzetti, Jr.

on behalf of Creditor Prime Plus  LLC ernest.yazzetti@mccalla.com, mccallaecf@ecf.courtdrive.com

Frank A. Oswald

on behalf of Trustee Albert Togut frankoswald@teamtogut.com
dperson@teamtogut.com;jcohen@teamtogut.com;jgallego@teamtogut.com

Gabriel Del Virginia, Esq.

on behalf of Defendant Colleen Johnson gabriel.delvirginia@verizon.net

Heather Daly Callaghan

on behalf of Interested Party Nassau County Office of the Public Administrator hcallaghan@mmkolaw.com

Heather Daly Callaghan

on behalf of Defendant The Public Administrator of Nassau County hcallaghan@mmkolaw.com

Howard S. Bonfield

on behalf of Creditor Wenig Saltiel LLP hbonfield@ltattorneys.com

Howard S. Bonfield

on behalf of Plaintiff Wenig Saltiel LLP hbonfield@ltattorneys.com

Ilana Volkov

on behalf of Creditor Lynx Asset Services  LLC ivolkov@mcgrailbensinger.com, ivolkov@mcgrailbensinger.com

J. Ted Donovan

on behalf of Defendant Brenda Nestor TDonovan@GWFGlaw.com

J. Ted Donovan

on behalf of Defendant Butterfly Beach House  LLC TDonovan@GWFGlaw.com

Jeffrey A. Miller

on behalf of Other Prof. Rosalia Baiamonte  Esq., as court-appointed receiver for Oleg Cassini, Inc. and Cassini Parfums, Ltd.
jmiller@westermanllp.com, drubino@westermanllp.com

Jeffrey A. Miller

on behalf of Interested Party John J. Barnosky  Esq. and Alexandre Cassini Belmont, as Executors of the Estate of Christine

| District/off: 0208-1 | User: admin | Page 3 of 4 |
|---|---|---|
| Date Rcvd: Mar 16, 2026 | Form ID: pdf001 | Total Noticed: 9 |

Cassini and Successor Administrators of the Estate of Daria Cassini jmiller@westermanllp.com, drubino@westermanllp.com

Jeffrey A. Miller

on behalf of Plaintiff Rosalia Baiamonte  Esq. jmiller@westermanllp.com, drubino@westermanllp.com

Jeffrey A. Miller

on behalf of Defendant Rosalia Baiamonte jmiller@westermanllp.com  drubino@westermanllp.com

Jeffrey A. Miller

on behalf of Interested Party Rosalia Baiamonte  Esq., as the court-appointed receiver for Oleg Cassini, Inc. and Cassini Parfums, Ltd. jmiller@westermanllp.com, drubino@westermanllp.com

Jeffrey L. Saltiel

on behalf of Creditor Wenig Saltiel LLP jsaltiel@ltattorneys.com

John McClain

on behalf of Plaintiff Albert Togut  Not Individually But Solely in His Capacity as Chapter 11 Trustee jmcclain@teamtogut.com, cgrady@teamtogut.com;hfajardo@teamtogut.com;jcohen@teamtogut.com;bkreutter@teamtogut.com

Jonathan James Kelson

on behalf of Witness Joel M. Kaye jkelson@dmoc.com

Kenneth P Mahon

on behalf of Plaintiff Rosalia Baiamonte  Esq. kmahon@mmkolaw.com

Kevin J. Nash

on behalf of Defendant Butterfly Beach House  LLC knash@gwfglaw.com, kjnash@gwfglaw.com

Kevin J. Nash

on behalf of Defendant Brenda Nestor knash@gwfglaw.com  kjnash@gwfglaw.com

Martha Martir

on behalf of Plaintiff Albert Togut  Not Individually But Solely in His Capacity as Chapter 11 Trustee mmartir@teamtogut.com, jgallego@teamtogut.com;pfishkind@teamtogut.com;hfajardo@teamtogut.com;jcohen@teamtogut.com

Martha Martir

on behalf of Trustee Albert Togut mmartir@teamtogut.com jgallego@teamtogut.com;pfishkind@teamtogut.com;hfajardo@teamtogut.com;jcohen@teamtogut.com

Michael Lee Gulotta

on behalf of Defendant Hub International Limited mgulotta@kbrlaw.com

Minyao Wang

on behalf of Defendant Brownstone Agency  Inc. Minyao.Wang@lewisbrisbois.com

Minyao Wang

on behalf of Defendant Argonaut Insurance Company Minyao.Wang@lewisbrisbois.com

Neil Matthew Berger

on behalf of Trustee Albert Togut  not individually but solely in his capacity as Chapter 11 Trustee of the estate of Peggy Nestor neilberger@teamtogut.com, mnester@teamtogut.com;eblander@teamtogut.com;jcohen@teamtogut.com;mmartir@teamtogut.com;jsamper@teamtogut.com;agreene@teamtogut.com;bkreutter@teamtogut.com;cribeiro@teamtogut.com;arivera@teamtogut.com

Neil Matthew Berger

on behalf of Plaintiff Albert Togut  Not Individually but Solely in His Capacity as Chapter 11 Trustee neilberger@teamtogut.com, mnester@teamtogut.com;eblander@teamtogut.com;jcohen@teamtogut.com;mmartir@teamtogut.com;jsamper@teamtogut.com;agreene@teamtogut.com;bkreutter@teamtogut.com;cribeiro@teamtogut.com;arivera@teamtogut.com

Neil Matthew Berger

on behalf of Defendant Peggy Nestor neilberger@teamtogut.com mnester@teamtogut.com;eblander@teamtogut.com;jcohen@teamtogut.com;mmartir@teamtogut.com;jsamper@teamtogut.com;agreene@teamtogut.com;bkreutter@teamtogut.com;cribeiro@teamtogut.com;arivera@teamtogut.com

Neil Matthew Berger

on behalf of Trustee Albert Togut neilberger@teamtogut.com mnester@teamtogut.com;eblander@teamtogut.com;jcohen@teamtogut.com;mmartir@teamtogut.com;jsamper@teamtogut.com;agreene@teamtogut.com;bkreutter@teamtogut.com;cribeiro@teamtogut.com;arivera@teamtogut.com

Neil Matthew Berger

on behalf of Plaintiff Albert Togut  Not Individually but Solely in His Capacity as Chapter 11 Trustee of the Estate of Peggy Nestor neilberger@teamtogut.com, mnester@teamtogut.com;eblander@teamtogut.com;jcohen@teamtogut.com;mmartir@teamtogut.com;jsamper@teamtogut.com;agreene@teamtogut.com;bkreutter@teamtogut.com;cribeiro@teamtogut.com;arivera@teamtogut.com

Neil Matthew Berger

on behalf of Plaintiff Albert Togut  Not Individually But Solely in His Capacity as Chapter 11 Trustee neilberger@teamtogut.com, mnester@teamtogut.com;eblander@teamtogut.com;jcohen@teamtogut.com;mmartir@teamtogut.com;jsamper@teamtogut.com;agreene@teamtogut.com;bkreutter@teamtogut.com;cribeiro@teamtogut.com;arivera@teamtogut.com

Neil Matthew Berger

on behalf of Trustee Albert Togut  Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor neilberger@teamtogut.com,

District/off: 0208-1                                         User: admin                                          Page 4 of 4

Date Rcvd: Mar 16, 2026                              Form ID: pdf001                              Total Noticed: 9

mnester@teamtogut.com;eblander@teamtogut.com;jcohen@teamtogut.com;mmartir@teamtogut.com;jsamper@teamtogut.com;agreene@teamtogut.com;bkreutter@teamtogut.com;cribeiro@teamtogut.com;arivera@teamtogut.com

Neil Matthew Berger

on behalf of Defendant Togut Segal & Segal LLP neilberger@teamtogut.com,
mnester@teamtogut.com;eblander@teamtogut.com;jcohen@teamtogut.com;mmartir@teamtogut.com;jsamper@teamtogut.com;agreene@teamtogut.com;bkreutter@teamtogut.com;cribeiro@teamtogut.com;arivera@teamtogut.com

Neil Matthew Berger

on behalf of Defendant Neil Berger neilberger@teamtogut.com
mnester@teamtogut.com;eblander@teamtogut.com;jcohen@teamtogut.com;mmartir@teamtogut.com;jsamper@teamtogut.com;agreene@teamtogut.com;bkreutter@teamtogut.com;cribeiro@teamtogut.com;arivera@teamtogut.com

Patrick Collins

on behalf of Interested Party John J. Barnosky Esq. and Alexandre Cassini, as Executors of the Estate of Christina Cassini and as Successor Administrators of the Estate of Daria Cassini pcollins@farrellfritz.com

Patrick Collins

on behalf of Defendant Alexandre Cassini pcollins@farrellfritz.com

Patrick Collins

on behalf of Defendant John J. Barnosky pcollins@farrellfritz.com

Robert Plosky

on behalf of Plaintiff THE GREENSPAN COMPANY/ADJUSTERS INTERNATIONAL rplosky@meltzerlippe.com
MWhiteman@meltzerlippe.com;sbrown@meltzerlippe.com

Ronald M. Terenzi

on behalf of Creditor Emigrant Bank as successor by merger with Emigrant Savings Bank-Manhattan rterenzi@tcpclaw.com,
cgoldstein@tcpclaw.com

Scott A. Steinberg

on behalf of Plaintiff THE GREENSPAN COMPANY/ADJUSTERS INTERNATIONAL ssteinberg@meltzerlippe.com
steinberg.scottr101650@notify.bestcase.com;sbrown@meltzerlippe.com;mwhiteman@meltzerlippe.com

Scott A. Steinberg

on behalf of Creditor The Greenspan Company/Adjusters International ssteinberg@meltzerlippe.com
steinberg.scottr101650@notify.bestcase.com;sbrown@meltzerlippe.com;mwhiteman@meltzerlippe.com

Scott S. Markowitz

on behalf of Creditor Michael Katz smarkowitz@tarterkrinsky.com
snobles@tarterkrinsky.com;jseitllari@tarterkrinsky.com;mtorres@tarterkrinsky.com

Steven Richman

on behalf of Interested Party Lee Nestor srichman@clarkhill.com mfaas@clarkhill.com

Steven Richman

on behalf of Defendant Flying Dog Productions Inc. srichman@clarkhill.com, mfaas@clarkhill.com

Steven Richman

on behalf of Interested Party Flying Dog Productions Inc. srichman@clarkhill.com, mfaas@clarkhill.com

Steven Richman

on behalf of Defendant Lee Nestor srichman@clarkhill.com mfaas@clarkhill.com

United States Trustee

USTPRegion02.NYECF@USDOJ.GOV

Veronique Urban

on behalf of Creditor Lynx Asset Services LLC vurban@mcgrailbensinger.com

William Heuer

on behalf of Defendant Rosalia Baiamonte wheuer@westermanllp.com

William Heuer

on behalf of Other Prof. Rosalia Baiamonte Esq., as court-appointed receiver for Oleg Cassini, Inc. and Cassini Parfums, Ltd. wheuer@westermanllp.com

TOTAL: 63