UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                                                                     :
In re:                                                               :    Chapter 11
                                                                     :
PEGGY NESTOR,                                                        :    Case No. 23-10627 (MEW)
                                                                     :
                                    Debtor.                          :
                                                                     :
------------------------------------------------------------------- x

**DECISION REGARDING AUGUST 6, 2026 EMERGENCY
REQUEST FOR A STAY PENDING APPEAL (ECF NO. 1173)**

On August 6, 2026, Marianne Nestor has filed a document that has been docketed as a

"Copy of Emergency Request of a Stay."  (ECF No. 1173).  The document did not specify any

particular actions that Ms. Nestor wishes to stay.  It is also not clear whether Ms. Nestor seeks

relief from this Court or if this document was just a copy of a pleading intended for another

Court.  Nor is it clear whether Ms. Nestor seeks relief on her own behalf or purportedly on behalf

of her sister, or which pending appeal is the subject of the stay motion.  Based on the Court's

familiarity with the full record in this matter, however, it is plain that no stay is warranted.  To

the extent that relief is sought from this Court, therefore, the request is denied.

As background: Ms. Nestor has filed a number of appeals from prior rulings of this

Court, but all of the appeals that she filed prior to June 2026 have been dismissed or denied by

the United States District Court.  She has filed two further appeals to the United States Court of

Appeals.  One (Case No. 26-921) is an appeal from the District Court's affirmance of an Order

that I entered in adversary proceeding no. 24-01342 on June 12, 2024, in which I denied Ms.

Nestor's fifth motion for reconsideration of a prior Order (entered April 23, 2024) directing that

certain property be turned over to the appointed chapter 11 trustee.  *See* Adv. Pro. No. 25-01342,

ECF Nos. 8, 17, 19, 23, 25, 33.  The second (Case No. 26-934) is an appeal from the District

Court's affirmance of a decision and judgment that I entered after a trial in Adversary Proceeding No. 25-01037, in which I ruled that certain items were "fixtures" that were part of the real property that the chapter 11 trustee had been authorized to sell. *See* Adv. Pro. No. 25-01037, ECF Nos. 64, 65. I denied a motion to stay that judgment pending appeal (*id.,* ECF No. 76).

No stays have been issued in connection with either of the two appeals that are now pending in the Court of Appeals. It appears from the Court of Appeals docket that Ms. Nestor has filed requests for a stay in the "fixtures" appeal, but that the Court has stricken her requests on procedural grounds.

In June and July 2026 Ms. Nestor filed a number of additional appeals to the United States District Court. One is an appeal from my June 15, 2026 Order denying Ms. Nestor's request that I recuse myself. That appeal was filed on July 24, 2026 and was not timely. The second and third notices each appear to relate to my June 12, 2026 Order allowing fees and expenses sought by the Debtor's former counsel. The second appeal was filed on July 24, 2026 and the third was filed on July 31, 2026. Neither of those appeals was timely. Finally, Ms Nestor filed an appeal on July 31, 2026 from my Order dated July 15, 2026, in which I denied the Debtor's request (as equity owner) for a special distribution of a portion of the proceeds from the sale of the Townhouse. I denied that request because, among other things, the request was flatly contrary to the confirmed plan of reorganization, from which no appeal was ever filed and the terms of which are now final.

The Emergency Request asserts that the bankruptcy case was filed without authorization and should have been dismissed, that Peggy Nestor allegedly owed no debt to Lynx Asset Services, LLC, and that the parties allegedly were ready and able to provide a payoff of a mortgage loan that Lynx had made to a company known as Gemeaux. These arguments have

2

nothing to do with any of the appeals that are now pending and they are not grounds for a stay of any kind.  In fact, I have repeatedly ruled against Ms. Nestor and her sister on these same issues; the many rulings are summarized in an Order that I issued on June 25, 2025 (ECF No. 663).  No appeals are pending from those decisions and orders, and those prior rulings are already final.

Ms. Nestor also asserts that she owns one-half of the relevant property.  My many prior rulings on this issue are summarized in a Decision I entered on March 12, 2026 (ECF No. 980).  As I noted therein, Ms. Nestor herself made repeated representations that Peggy Nestor was the sole owner of the relevant Townhouse and that Ms. Nestor had no ownership interest in it.  Furthermore, the Bankruptcy Code permits the sale of jointly owned property, and I entered a judgment (with Ms. Nestor's consent) that authorized such a sale.  *See* Adv. Pro. No. 23-01195, ECF No. 18.  No appeal from that judgment was ever filed.  In addition, I have more recently entered an Order approving the sale of the Townhouse that is at issue (ECF No. 920) and I confirmed a plan of reorganization pursuant to which that sale was completed and the proceeds were allocated to secured creditors.  (ECF No. 978).  No timely appeals were filed from the sale order or from the confirmation order.  Ms. Nestor's continued complaints about ownership of the property warrant no stay at this stage of the proceedings.

Ms. Nestor seems to be under the mistaken impression that each repetitious motion that she files, and each appeal that she files, somehow keeps alive each and every grievance she has previously raised.  That is not the case.  To the extent the Emergency Motion for a Stay is directed to this Court, it is denied.

DATED:   New York, New York
         August 7, 2026

/s/ **Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

3