**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **PEGGY NESTOR,** | : | **Case No. 23-10627 (MEW)** |
| **Debtor.** | : | |

**DECISION APPROVING THIRD AMENDED**
**STIPULATION AND ORDER (ECF NO. 1220)**

Albert Togut, in his capacity as the Plan Administrator under the confirmed plan of reorganization in these cases, has proposed to enter into a settlement with the Public Administrator of Nassau County, Rosalia Baiamonte, Esq. (as the court-appointed receiver for Oleg Cassini, Inc. and Cassini Parfums, LTD) and John J. Barnosky, Esq. and Alexandre Cassini, as Executors of the Estate of Christina Cassini and as Successor Administrators of the Estate of Daria Cassini. The first version of a proposed settlement (ECF No. 1008) was the subject of a hearing before this Court on April 16, 2026, at which time I expressed concerns about certain terms of the proposed settlement and stated that I would not approve it in its then-present form. *See* Transcript, April 16, 2026 (ECF No. 1096). An amended settlement stipulation was filed on May 20, 2026 (ECF No. 1107) and was the subject of a hearing on June 11, 2026, at which time I continued to express concerns and stated that I would not approve the stipulation as proposed. *See* Transcript, June 11, 2026 (ECF No. 1150). A further amended settlement stipulation was filed on August 24, 2026 (ECF No. 1192) and was the subject of a hearing on September 22, 2026, at which time I expressed some remaining concerns about the proposed terms but said that I would approve it if certain release provisions were modified in the manner described at the hearing. *See* Transcript, September 22, 2026 (ECF No. 1234).

The Plan Administrator and the other parties made further amendments to their proposed settlement, and on October 6, 2026 they filed their request for approval of their Third Amended Stipulation and Order (ECF No. 1220). The proposed revisions make clear that Debtor Peggy Nestor will, upon approval of the settlement, be the beneficiary of releases of all claims that have been asserted or that could be asserted against her by (i) the Public Administrator, (ii) the Receiver for Oleg Cassini, Inc. and Cassini Parfums, LTD, and (iii) the Executors of the Estate of Christina Cassini and the Successor Administrators of the Estate of Daria Cassini, with the limited exception of currently-unknown claims in the event that it is discovered that the Debtor's sister, Marianne Nestor, made transfers to the Debtor for the purpose of frustrating the collection of a judgment against Marianne Nestor. The Third Amended Stipulation and Order contains the revisions that I said that I would approve when the matter was discussed at the September 22, 2026 hearing.

The Debtor has filed an objection (ECF No. 1237). Her sister, Marianne Nestor Cassini, has filed other papers relating to claims that Peggy Nestor has asserted in connection with the administration of the estate of Oleg Cassini (ECF No. 1226). Marianne Nestor Cassini has also filed objections to the proposed stipulation and to a host of other prior decisions that this Court has issued. (ECF Nos. 1223, 1225, 1227, 1228, 1235, 1236, 1240). I have reviewed all of these materials. The Debtor's objection appears fundamentally to misunderstand the effect of the stipulation as now worded. She complains that the parties to the Cassini estate should not be pursuing her, but the effect of the changes that have been made to the settlement agreement is that Peggy Nestor will be released from virtually all claims that the Public Administrator, the Receiver and the other parties have asserted or could assert against her, with the very limited exception of fraudulent transfer claims in the event it is discovered that Marianne Nestor Cassini

has made currently-unknown fraudulent transfers to Peggy Nestor for the purpose of evading a judgment.

The settlement also includes a release of the claims that Peggy Nestor has asserted against the Cassini estate. As I have previously observed, the claims asserted by Peggy Nestor are property of her bankruptcy estate and may be compromised by the Plan Administrator. The Plan Administrator has explained that the claims are subject to significant statute of limitations and other defenses, and he reasonably has concluded that there would be no realistic chance of an affirmative recovery. The release of claims against Peggy Nestor renders moot any concerns about her possible desire to argue that debts allegedly owed to her should be treated as "offsets" to any claims asserted by the estate parties against her.

Marianne Nestor continues to complain about a portion of the settlement which provides that some of the consideration that the Cassini estate would have received pursuant to a prior judgment lien on property at 15 East 63rd Street in Manhattan will instead be turned over to the Plan Administrator in settlement of claims that might otherwise be asserted under sections 363(j) and/or 506(c) of the Bankruptcy Code. Marianne Nestor contends that the judgment lien was invalid and also that the Cassini estate should not be giving any of "her" money to the Plan Administrator. As I explained on September 22, 2026, however, the legitimacy of the Cassini estate's judgment lien, and its right to a distribution, was determined as part of the confirmation of the plan of reorganization in this case, which is now final and from which no appeal ever was filed. Even if the Cassini estate had no judgment claim, the proceeds that otherwise would have been payable to it would have gone to a different secured creditor and not to the Debtor or any other party. Furthermore, my role is to determine whether a settlement is in the interests of the bankruptcy estate; if Marianne Nestor does not like decisions that the representatives of the

Cassini estate are making, her complaints should be directed elsewhere. In addition, I have noted before (and the parties have confirmed) that the Surrogate Court has entered an order in the Cassini estate proceedings that bars Marianne Nestor from receiving any distributions in that case, which simply underscores her lack of standing to complain about the proposed stipulation.

The many other complaints that Marianne Nestor has raised all relate to matters that I have previously decided and that Ms. Nestor insists on repeating in virtually every filing that she makes. They are not relevant to the stipulation that is now before me and are not properly subject to reargument, and I will not comment on them further.

The terms of the settlement, as revised, are reasonable for the reasons stated above and for the reasons I stated on the record on September 22. The proposed stipulation will be "So Ordered" and entered on the record this same day.

DATED: New York, New York
October 9, 2026.

/s/ **Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE